IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIZABETH SULLIVAN and

MAURICE JONES, as Personal Representative and on behalf of the Estate of Kailyn Jones,

Individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

    Defendant.

CASE NO.: 6:17-cv-891-Orl-40KRS

<u>CLASS ACTION</u>

## **<u>CLASS ACTION COMPLAINT FOR DAMAGES</u>**

The Plaintiffs, ELIZABETH SULLIVAN along with MAURICE JONES, as Personal Representatives and on behalf of the Estate of Kailyn Jones, on behalf of themselves and all others similarly situated, files this Class Action Complaint against GOVERNMENT EMPLOYEES INSURANCE COMPANY (Defendant "Geico"), and in support thereof states the following:

### **<u>NATURE OF THE ACTION</u>**

1. This is a class action lawsuit by the Plaintiffs; Ms. Sullivan and Ms. Jones -- whose estate is represented by Maurice Jones -- were insureds under a "Geico" automobile policy issued for private passenger auto physical damage, which required payment of "Actual Cash Value" or "ACV." The ACV of a vehicle includes mandatory title and licensing fees.

2. Defendant Geico's standardized policy language, present in all Florida policies issued by Defendant and any various subsidiaries doing business under Defendant's name, shows that title and licensing fees -- mandatory local and state fees -- are included in a total loss vehicle coverage, as are state and local regulatory fees.

3. This lawsuit is brought by and on behalf of ELIZABETH SULLIVAN, and by MAURICE JONES in his capacity as Personal Representative of the Estate of Kailyn Jones on behalf of the Estate of Kailyn Jones, and on behalf of similarly situated insureds who have suffered damages due to Defendant's policy and practice of refusing to pay the full ACV state and local title and licensing fees on insured vehicles in cases of total loss, notwithstanding that, as set forth above, the Defendant's standardized policy language provides coverage for said fees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (a) the Plaintiff is a member of the putative classes which consist of at least 100 members and he and the Defendants are citizens of different states; (b) the amount-in-controversy exceeds $5 million dollars exclusive of interest and costs; and (c) none of the exceptions under 1332 apply to this claim.

5. Venue is proper in this Court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and the Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

6. At all times material hereto, the Plaintiff, Elizabeth Sullivan, was and is a person domiciled in Volusia County, Florida; Kailyn Jones, whose Estate is represented by MAURICE JONES, was a person domiciled in Orange County, Florida.  Mr. Jones is the duly-appointed Personal Representative of the Estate of Kailyn Jones, having been appointed Personal Representative by the Probate Division of the Circuit Court in and for Orange County on May 1, 2017.

7. At all times material hereto, the Defendant Geico is and was a foreign corporation authorized to transact insurance in the State of Florida, and one of the largest, if the not largest, motor vehicle insurer in Florida.  Defendant Geico also owns other, subsidiary companies operating under the "Geico" name, and is responsible for the standardized automobile insurance policies issued to Plaintiff and all of the putative class members.

8. Upon information and belief, Defendant is a Maryland corporation whose principal place of business is Chevy Chase, Maryland.

## FACTUAL ALLEGATIONS

9. At all times material hereto, Ms. Sullivan, along with her husband, Robert Sullivan insured a vehicle -- a 2013 Hyundai Accent SE, under an insurance policy issued by the Defendant (attached hereto as Exhibit A).

10. On or about October 26, 2016, Mr. Sullivan was involved in an accident while operating the 2013 Hyundai Accent SE, whereby his vehicle was slammed into by a negligent driver. Tragically, Mr. Sullivan died as a result of the accident.

11. As a result of said accident, Mr. Sullivan's estate filed a claim for property damage with Defendant, claim number 0376726870101058-01.

12. Following the filing of said claim, Defendant determined that the 2013 Hyundai Accent SE was a total loss with an ACV of $6,664.00 and included $424.84 in sales tax, a number derived, importantly, from the $6,664.00 amount. According to Defendant, then, the replacement value was $7,088.84. Defendant then paid Plaintiff said amount, minus a deductible of $500.00, for a total of $6,588.84.

13. In paying the aforementioned amount, Defendant indicated that indicated that the amount listed above -- $6,588.84 -- may not reflect the settlement amount because "other factors (e.g. license and fees) may need to be taken into account." (See below):

### VALUATION SUMMARY

| | |
|---|---|
| **Base Vehicle Value** | $ 6,664.00 |
| **Adjusted Vehicle Value** | $ 6,664.00 |
| Vehicular Tax (6.3752%) | + $ 424.84 |
| Tax reflects applicable state, county and municipal taxes. | |
| **Value before Deductible** | $ 7,088.84 |
| Deductible | - $ 500.00 |
| **Total** | **$ 6,588.84** |

The total may not represent the total of the settlement as other factors (e.g. license and fees) may need to be taken into account.

14. Notwithstanding the caveat, however, the amount listed -- $6,588.84 -- was the exact amount provided by Defendant; thus, Defendant never accounted for such license and title fees.

15. Ms. Kailyn Jones insured a vehicle -- a 2008 Honda Civic -- under an insurance policy issued by Defendant (see Ex. B).

16. On June 11, 2016, Ms. Jones was hit by a vehicle being pursued by police in a high-speed chase. Tragically, Ms. Jones died as a result of the motor vehicle accident.

17. On June 24, 2016, Mr. Jones filed a claim for property damage for the total loss vehicle on her behalf, claim No. 0528871480101010-01.

18. In response, Defendant determined her total loss payment, and included a letter explaining the total loss determination (Ex. C). Said letter explicitly demonstrated that Defendant included nothing for any license and title fees or other mandatory fees.

## THE GEICO INSURANCE POLICY

19. The two insurance policies are identical in every way cited below. For the purposes of this Complaint, the citations are to the policy covering Ms. Sullivan (Exhibit A).

20. The insurance policy (Exhibit A), under the section entitled PHYSICAL DAMAGE COVERAGES (Ex. A p. 14), states the following:

"**Collision:**
We will pay for *collision loss* to the *owned auto* for the amount of each *loss* less any applicable deductible…" [emphasis in original]

21. In the same section, under a provision entitled "Limits of Liability" (Ex. A p. 15), states:

> "The limit of our liability for *loss*:
> 1. Is the *actual cash value* of the property at the time of *loss*."

22. The term "actual cash value" is defined as "the replacement cost of the auto or property less depreciation or betterment." Ex. A p. 13.

23. In order to legally drive a vehicle, Florida law requires the payment of license, title and registration fees, ranging from $46.15 to $72.40 for registration of title fees and $225.00 for license fees, among other mandatory fees. Below is a picture indicating an incomplete list of some of the above-mentioned mandatory fees, merely as an example:

## Fees for Florida Car Title Transfers

Several factors affect the title transfer fee you'll pay for an auto title transfer in Florida.

Common fees include:

- **Vehicle title transfer within FL**:
  - Electronic title issued: $75.25.
  - Paper title issued: $77.75.
  - **ADD** $2 lien fee for each lien.
- **Title transfer from out of state**:
  - Electronic title: $85.25.
  - Paper title: $87.75.
  - New to FL vehicle fee: $225.
  - **ADD** $2 lien fee for each lien on the vehicle.
- **Same-day service** (available at some locations): $10 **PLUS** applicable title transfer fee.

You'll also pay vehicle registration fees if you're registering your vehicle at the same time.

## Change Your FL Vehicle Title

If you change your name or move to a different Florida address, you need to update your FL DHSMV license and vehicle records.

### Name Change

To change the name on your title and registration, you'll need to transfer the vehicle title into your new name.

Go **in person** to your FL county tax office with:

- The Application for Certificate of Title With/Without Registration (Form HSMV HSMV 82040).
- Payment for the appropriate title transfer fee:
  - Title transfer (**electronic** title): $75.25.
  - Title transfer with a new **paper** title no lien: $77.75.

24. The cost of replacing a vehicle, then, necessarily includes title and licensing and other fees, and Defendant's own policy indicates that "actual cash value" means the cost of replacing the subject auto.

25. Certainly, Defendant's policy did not *exclude* title and licensing fees -- an industry standard for replacing a total loss vehicle -- from its definition of actual cash value. Florida law is clear that Courts cannot limit the scope of a term, if it is not defined in the policy, to a

narrow definition that benefits the insurer; in fact, if policy language is susceptible to more than one reasonable interpretation, it is construed in the light that would grant coverage, i.e. to the benefit of the insured and against the insurer. *Travelers Indem. Co. v. PCR Inc.*, 889 So. 2d 779 (Fla. 2004).

26. The following image is from a standardized Florida total loss valuation report -- prepared by the same third-party company used by Defendant in the present case -- indicating mandatory title and licenses fees, and, tellingly, corresponding closely with the mandatory title transfer fee:



**VALUATION SUMMARY**

| | |
|---|---|
| Base Vehicle Value | $ 23,037.00 |
| Condition Adjustment | - $ 106.00 |
| **Adjusted Vehicle Value** | **$ 22,931.00** |
| Vehicular Tax (6.109%) | + $ 1,400.86 |
| Tax reflects applicable state, county and municipal taxes. | |
| DMV FEE | + $ 85.60 |
| **Total** | **$ 24,417.46** |

## CLASS ALLEGATIONS

27. The Plaintiffs bring this action seeking representation of a class pursuant to Fed. R. Civ. P. 23.

28. Plaintiffs' claims are typical to those of all class member because members of the class are similarly affected by Defendant's failure to pay state and local regulatory fees upon the total

loss of insured vehicles. The material and relevant policy terms for each class member are identical to the terms of Plaintiff's policy.

29. Plaintiffs' interests are coincident with and not antagonistic to those of other class members, nor is the Plaintiff subject to any unique defenses.

30. The claim of the representative Plaintiffs raises questions of law and fact common to all members of the class, within the meaning of FRCP 23(a)(2), and they predominate over any questions affecting only individual Class Members within the meaning of Rule 23(b)(3). Said common questions include, but are not limited to, the following: (a) whether, under the Defendant's standardized policy language, Plaintiffs and the class members are owed ACV Sales Tax and state and local regulatory fees upon the total loss of an insured leased vehicle; and (b) whether the Defendant has breached its insurance contracts with the Plaintiffs and the class members by failing to pay state and local regulatory fees upon the total loss of an insured vehicle.

31. Plaintiffs' claims are typical of the claims of all other members of the class because all such claims arise from the allegedly improper failure by Defendant to pay state and local regulatory fees upon the total loss of insured vehicles.

32. Plaintiffs and their counsel will fairly and adequately protect and represent the interests of each member of the class.

33. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in prosecuting and defending class actions.

34. Class action is necessary, pursuant to Fed. R. Civ. P. 23(b)(1)(a), because the prosecution of separate actions by or against individual Class Members would create the risk of inconsistent

or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

35. Class treatment is also necessary, pursuant to Fed. R. Civ. P. 23(b)(1)(b), because the prosecution of separate actions by or against individual Class Members would create a risk of adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

36. Pursuant to Rule 23(b)(3), a class action is superior to the other available methods for a fair and efficient adjudication of the controversy because, among other reasons, it is desirable to concentrate the litigation of the Class Members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Furthermore, as the damages suffered by individual Class Members may be small, their interests in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for them to seek individual redress for the wrongs done to them. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

37. Plaintiffs bring this action as class representatives, individually and on behalf of all other persons or entities similarly situated, more specifically defined as follows:

**CLASS**

> All insureds, under a policy issued by Government Employee Insurance Company covering a vehicle in the State of Florida, who sustained a total loss to said vehicle and who, within the five year time period prior to the date on which this lawsuit was filed till the date of any certification order, received payment from Government Employee Insurance Company

      for said loss, which payment did not include state and local regulatory fees for the loss of said vehicle.

38. The issues related to Plaintiffs' claim do not vary from the issues relating to the claims of the other members of the class such that a class action provides a more efficient vehicle to resolve this claim than through a myriad of separate lawsuits.

39. Certification of the above class is also supported by the following considerations:

    a. The relatively small amount of damages that members of the classes have suffered on an individual basis would not justify the prosecution of separate lawsuits;
    b. Counsel in this class action is not aware of any previously filed litigation against the Defendants in which any of the members of the class are a party and which any question of law or fact in the subject action can be adjudicated; and
    c. No difficulties would be encountered in the management of Plaintiff's claim on a class action basis, because the class is readily definable and the prosecution of this class action would reduce the possibility of repetitious litigation.

40. Finally, although the precise number of class members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery, Plaintiffs believe that because Defendant is one of the largest, if not the largest, motor vehicle insurer in the State of Florida, the class of persons affected by Defendant's unlawful practice consists of thousands of individuals or the class of persons affected are otherwise so numerous that joinder of all class members is impractical.  The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendant pursuant to standardized insurance policy language, and results in the retention by Defendant of insurance benefits and monies properly owed to Plaintiff and the class members.

## **CLAIM FOR BREACH OF CONTRACT**

41. The allegations contained in Paragraphs 1 through 35 above are incorporated herein by reference.

42. Pursuant to the aforementioned uniform contractual provisions, upon the total loss of insured vehicles, the Plaintiffs and the class members were owed the actual cash value of the vehicle, which would include mandatory state and local regulatory fees.

43. The Defendant's failure to provide coverage for the aforementioned mandatory state and local regulatory fees constitutes a breach of said contractual provisions.  As a result of said breaches, Plaintiffs and the class members are entitled under Defendant's insurance policies to sums representing the benefits owed for mandatory state and local regulatory fees, as well as costs, prejudgment and postjudgment interest, and other relief as is appropriate.

44. In addition, Plaintiff and the class members are entitled to an award of attorney's fees pursuant to §627.428 Fla. Stat.

WHEREFORE, the Plaintiffs, individually and on behalf of the Class, seek an award of compensatory damages as outlined above, pre and post judgment interests, costs, attorney's fees and such other relief this Court deems just and proper.  In addition, Plaintiffs seek trial by jury of all issues so triable.

Respectfully submitted,

By: _____/s/ Ed Normand_____
Edmund A. Normand, Esq.
FBN: 865590
Normand, PLLC
4551 New Broad Street
Orlando, FL 32814
407-603-6031
firm@ednormand.com
ed@ednormand.com

By: _____/s/ Jake Phillips_____
Jacob L. Phillips, Esq.
FBN: 0120130
Normand, PLLC
62 W. Colonial St., Ste 209
Orlando, FL, 32801
407.603.6031
jacob@ednormand.com

By: _/s/ Christopher J. Lynch
FBN 331041
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
Clynch@hunterlynchlaw.com
Lmartinez@hunterlynchaw.com