# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ELIZABETH SULLIVAN, MAURICE JONES, ANTHONY C. COOK and WILSON SANTOS,

        Plaintiffs,

v.                                                                                          Case No: 6:17-cv-891-Orl-40KRS

GOVERNMENT EMPLOYEES INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY,

        Defendants.
_____/

ANTHONY LORENTI,

        Plaintiff,

v.                                                                                          Case No: 6:17-cv-1755-Orl-40KRS

GEICO INDEMNITY COMPANY,

        Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument on the following:

1. Defendants GEICO General Insurance Company and Government Employees Insurance Company's Motion to Dismiss (Sullivan) Plaintiffs' Second Amended Class Action Complaint (Doc. 40), and Plaintiffs' Response (Doc. 58);

2. Defendant GEICO Indemnity Company's Motion to Dismiss (Lorenti) Plaintiffs' First Amended Class Action Complaint (Doc. 53), and Plaintiffs' Response (Doc. 60);

3. Defendants Government Employees Insurance Company's, GEICO General Insurance Company's and Geico Indemnity Company's Consolidated Motion to Strike or in the Alternative Dismiss (Doc. 59), and Plaintiffs' Response (Doc. 65);

4. Plaintiffs Sullivan's and Lorenti's Motion for Leave to File the Sullivan Second Amended Complaint (Doc. 66), and Defendants' Response (Doc. 67);

5. Magistrate Judge Karla R. Spaulding's April 6, 2018, Report and Recommendation (Doc. 69), Defendants' Objections (Doc. 72), and Plaintiffs' Response in Opposition to Defendants' Objections (Doc. 75).

With briefing complete, the matter is ripe.

## I. BACKGROUND

On May 17, 2017, the Estate of Robert Sullivan filed a putative class action suit against Defendants Government Employees Company and GEICO General Insurance Company ("**GEICO Defendants**") alleging one breach of contract count. The operative Sullivan complaint (Doc. 10 ("**Sullivan SAC**")) avers that GEICO has a practice of paying less than full replacement cost for insured vehicles in cases of total loss, in violation of "Defendants' standardized policy language[, which] provides coverage for" full replacement cost. (Doc. 10, ¶ 3, 12–14, 27–29). The Sullivan SAC asserts claims on behalf of a class of Florida policyholders as well as a nationwide class. (*Id.* ¶¶ 46–47).

On October 10, 2017, Anthony Lorenti and Ashley Barrett filed a similar class action suit against GEICO Indemnity Company. (*Lorenti v. Geico Indemn. Co.*, 6:17-cv-1755-Orl-40KRS, Doc. 1 (M.D. Fla. 2017)). On December 5, 2017, the Court consolidated the Sullivan and Lorenti actions, designating the Sullivan action as the lead case. (Doc. 36).

Pending before the Court are several motions for which Magistrate Judge Spaulding has submitted recommended dispositions. (Doc. 69 ("**R&R**")). After the R&R was submitted, Plaintiffs Anthony Lorenti and Ashley Barrett filed a Second Amended Class Action Complaint (Doc. 71 ("**Lorenti SAC**")) with the Court's leave. (Doc. 70). The filing of the Lorenti SAC mooted both Defendants' Motion to Dismiss the Lorenti First Amended Complaint (Doc. 53) and the portions of Defendants' Motion to Strike, or in the alternative Dismiss (Doc. 59) pertaining to the Lorenti First Amended Complaint, which are therefore due to be denied.

Defendants filed objections to the R&R (Doc. 72), which the Court addresses herein.

## II.    STANDARD OF REVIEW

### A.    Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

### B.  Objections to Report and Recommendation

When a magistrate judge has been designated to decide a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying proposed findings of fact and the recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to seek the district judge's review by filing objections to those specific portions of the decision with which the party disagrees. Fed. R. Civ. P. 72(b)(2). The district judge must then make a *de novo* determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). The district judge may then accept, reject, or modify the

magistrate judge's recommendation, receive additional evidence or briefing from the parties, or return the matter to the magistrate judge for further review. Fed. R. Civ. P. 72(b)(3).

### III.   DISCUSSION

The Court will address the pending, non-mooted motions in a logical order.

#### A.   Motion for Leave to File Sullivan SAC (Doc. 66)

The Sullivan Plaintiffs retroactively seek the Court's leave to file the Second Amended Complaint (Doc. 10), which was filed without the Court's leave in violation of Federal Rule of Civil Procedure 15. (Doc. 69, pp. 9–10). Pursuant to Rule 15's liberal permissive standard for obtaining leave to amend, the R&R recommends the Court grant the Sullivan Plaintiffs' motion for leave. (*Id.* at p. 10). Defendants did not object to this portion of the R&R (Doc. 72), so the Court reviews for clear error. *See Garvey v. Vaugh*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016). Having found none, the Court finds that the Sullivan Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 66) is due to be granted.

#### B.   Defendants' Motion to Strike or in the Alternative Dismiss (Doc. 59)

Defendants move to strike the nationwide class claims pursued by the Sullivan action,[1] citing Federal Rule of Civil Procedure 23(d)(1)(D).[2] (Doc. 59). Judge Spaulding

---

[1]   Defendants also moved to strike the Lorenti nationwide class allegations. However, this request was mooted by the filing of the Lorenti SAC. (Doc. 71).

[2]   Rule 23(d)(1)(D) allows the Court to "purge class allegations from the [] pleadings." *Faktor v. Lifestyle Lift*, No. 1:09–cv–511, 2009 WL 1565954, at *1 (N.D. Ohio June 3, 2009). The relief Defendants request is "extreme," and is only available where the face

recommended the Court deny the Motion to Strike. (Doc. 69, pp. 15–19). Defendants objected to this portion of the R&R, citing "vast differences" in the state laws applicable to the nationwide classmembers' claims. (Doc. 72, pp. 2–3). Defendants' argument fails. As the R&R noted, Defendants did not establish "from the face of the complaint that it will be impossible to certify the classes alleged by" Plaintiffs. (Doc. 69, p. 16 (quoting *Lawson*, 286 F.R.D. at 695)). The Court will therefore not grant the "extreme remedy" of striking Plaintiffs' class allegations. (*Id.*).

Defendants likewise move to dismiss the nationwide class claims in the *Sullivan* action[3] for failure to state a claim. (Doc. 59). The R&R recommended this motion be denied. (Doc. 69, pp. 15–19). Defendants' perfunctory objection on this point does not disturb the R&R's reasoned analysis. (Doc. 72, pp. 3–4). The Court agrees that dismissal of the class allegations at this stage would be inappropriate. Accordingly, this motion is due to be denied.

### C. Motion to Dismiss Sullivan Plaintiffs' Complaint (Doc. 40)

Finally, Defendants move to dismiss the Sullivan SAC for failure to state a claim. (Doc. 40). Judge Spaulding recommended this motion be denied, finding that the Sullivan Plaintiffs pleaded sufficient factual allegations to state plausible breach of contract claims. (Doc. 69, pp. 11–12). Defendants object to this recommendation, asserting that Plaintiffs failed to plead specific facts establishing what fees Plaintiffs paid that Defendants failed to reimburse. (Doc. 72, p. 4).

---

of the pleadings reveal that class certification will be impossible. *See Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 689, 695 (M.D. Ga. 2012).

[3] *See supra* note 1.

The Court again agrees with Judge Spaulding. The Sullivan SAC pleads sufficient facts to state plausible breach of contract claims. It alleges: (1) Plaintiffs had valid insurance contracts with GEICO; (2) GEICO materially breached those contracts by underpaying total loss claims; and (3) Plaintiffs were thus damaged. (Doc. 10, ¶¶ 9, 24, 18–19, 21–22, 25, 53). These allegations state a plausible claim for breach of contract under Florida law. *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (per curiam) ("The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages."); *see also Clearwater Consulting Concepts, LLP v. Imperial Premium Fin., LLC*, No. 09-81042, 2010 WL 916392, at *2 (S.D. Fla. Mar. 11, 2010).

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. Magistrate Judge Karla R. Spaulding's April 6, 2018, Report and Recommendation (Doc. 69) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. GEICO Indemnity Company's, Government Employees Insurance Company's and Geico General Insurance Company's Objections to the Report and Recommendation (Doc. 72) are **OVERRULED**.

3. Defendants GEICO General Insurance Company and Government Employees Insurance Company's Motion to Dismiss (*Sullivan*) Plaintiffs' Second Amended Class Action Complaint (Doc. 40) is **DENIED**.

4. Defendant GEICO Indemnity Company's Motion to Dismiss (*Lorenti*) Plaintiffs' First Amended Class Action Complaint (Doc. 53) is **DENIED AS MOOT**.

5. Defendants Government Employees Insurance Company's, GEICO General Insurance Company's and Geico Indemnity Company's Consolidated Motion to Strike or in the Alternative Dismiss (Doc. 59), is **DENIED**.

6. Plaintiffs *Sullivan's* and *Lorenti's* Motion for Leave to File the Sullivan Second Amended Complaint (Doc. 66) is **GRANTED**.

7. Defendants shall respond to the *Sullivan* SAC and *Lorenti* SAC on or before August 14, 2018.

**DONE AND ORDERED** in Orlando, Florida on August 1, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties