**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ELIZABETH SULLIVAN, MAURICE JONES and ANTHONY C. COOK,**

    **Plaintiffs,**

**v.**       Case No: 6:17-cv-891-Orl-40KRS

**GOVERNMENT EMPLOYEES INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY,**

    **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO SEAL DOCUMENTS AND FILE IN PAPER FORMAT (Doc. No. 97)**
>
> **FILED:** November 1, 2018
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendants previously filed a motion for leave to have various categories of documents filed under seal based on general assertions that the documents contain proprietary and confidential information and personally identifying information about individuals who are not currently parties in the case. Doc. No. 95. I denied that motion, finding that Defendants failed to support it with evidence that the information they wish to have sealed is a trade secret or other confidential information entitled to protection under governing law, and because personally identifying information has to be redacted under the rules of this Court. I also noted that the filing of the motion

only days before Plaintiffs' motion for class certification was due weighed against the claim that the information Plaintiffs wish to file in support of that motion should be filed under seal because there was ample time to litigate this issue well before the class certification motion was due. Doc. No. 96.

Defendants now renew the motion, except as to personally identifying information, this time supported by a Declaration of Kymberly Kochis, an attorney of record for Defendants, and a Declaration of Michael Potvak, an Auto Damage Manager at GEICO. Doc. Nos. 97-1 and 97-2. After review of these sworn statements, I find that they do not present evidence sufficient to establish that any particular information within the categories of documents Defendants wish to have filed under seal are trade secrets or otherwise entitled to sealing under governing law.

Information entitled to sealing encompasses trade secrets or other confidential research, development, or other commercial information that has economic value from not being generally known, that has been the subject of reasonable efforts aimed at secrecy, and the disclosure of which is likely to result in a clearly defined and very serious injury to the designating party. The third element of the test is drawn from case law that consistently holds that trade secrets and other confidential business information are not entitled to protection unless disclosure would result in a specified harm. *See, e.g., Blanchard & Co. v. Barrick Gold Corp.,* No. 02-3721, 2004 WL 737485, at *4-5 (E.D. La. April 5, 2004); *Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g and Constr. Co.,* 153 F.R.D. 686, 688 (M.D. Fla. 1994); *Duracell, Inc. v. SW Consultants, Inc.,* 126 F.R.D. 576, 578 (N.D. Ga. 1989); *Empire of Carolina, Inc. v. Mackle,* 108 F.R.D. 323, 326 (S.D. Fla. 1985). Further, the requirement of a showing of harm is designed to prevent the parties from designating information that is too stale to be of current commercial value, or information about which the designating party can only articulate a speculative belief that the information might, someday and

somehow, be damaging if it were revealed. *See, e.g., Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers,* No. 04 C 1650, 2004 WL 1718654, at *3 (N.D. Ill. July 29, 2004); *Parsons v. General Motors Corp.,* 85 F.R.D. 724, 726 (N.D. Ga. 1980).

Turning first to Attorney Kochis's declaration, she avers that counsel for the parties negotiated a private confidentiality order regarding the procedure for filing documents designated as confidential under seal. Doc. No. 97-1 ¶ 7. As I stated in my earlier order, "[a]n agreement between the parties that court documents be sealed 'has no bearing on the public's right of access.' *Verma v. Mem'l Healthcare Grp., Inc.*, No. 3:16-cv-427-J-25JRK, 2017 WL 2727813, at *1 (M.D. Fla. Jan. 24, 2017) (citing *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992))." Doc. No. 96, at 3-4. Moreover, the proposed agreed Protective Order that the parties asked the Court to approve provides in pertinent part as follows: "If the Court denies the [Local Rule] 1.9 motion, the party may file the information and/or documents publicly." Doc. No. 93-1, at 7. Therefore, Attorney Kochis's declaration does not support the request to file documents under seal.

Turning next to Mr. Povtak's declaration, he makes general averments that information about GEICO's claims handling policies and procedures are "inherently valuable" and "highly proprietary." Doc. No. 97-2 ¶¶ 7, 9. He attests that the documents are only distributed to GEICO employees and that there are "procedures in place to protect the confidentiality of these processes, training materials, and data collection protocols," but he does not describe those procedures. *Id.* ¶¶ 7, 15. He further avers that GEICO would suffer irreparable damage if the materials were publicly disclosed because "competitors could use this information to implement similar systems to process their claims and undermine GEICO's competitive advantage . . . [and] [t]he information would provide a roadmap to individuals who want to steal confidential business information" from GEICO. *Id.* ¶¶ 16, 17. However, other than stating that he is "an Auto Damage Manager at GEICO," *id.* ¶

2, he does not provide the basis of his personal knowledge regarding the specific efforts GEICO has taken to protect all of the information contained in the documents Defendants wish to have filed under seal or his personal knowledge about the allegedly irreparable harm GEICO would suffer if any of the information it wishes to have filed under seal were publicly disclosed. Therefore, Mr. Potvak's declaration is, in my view, too conclusory to make the showing required to establish that all of the information in the various categories of documents Defendants wish to have filed under seal is entitled to that protection.

Further, Defendants do not address the cases arising in various contexts in which courts have required insurance companies to disclose internal documents. For example, in *Auto Owners Insurance Co. v. Totaltape, Inc.*, 135 F.R.D 199, 203 (M.D. Fla. 1990), the Court found that the Florida trade secret privilege did not protect claims manuals from discovery. In *Gonzalez v. GEICO General Insurance Co.*, No. 8:15-cv-240-T-30TBM, 2016 WL 7157551, at *2 (M.D. Fla. Dec. 8, 2016), the Court refused to preclude Plaintiff from using GEICO's claim handling manual and training materials at trial altogether, stating that specific objections to the relevance of the materials could be made at trial. These cases undermine the assertion that all of the information Defendants wish to have filed under seal is entitled to protection.

For all of these reasons, I find that GEICO's motion, which unnecessarily seeks emergency relief from the Court, is not sufficiently supported by law or evidence.

**DONE** and **ORDERED** in Orlando, Florida on November 1, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE