## IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ELIZABETH SULLIVAN, ANTHONY COOK,
and MAURICE JONES,
individually and on behalf of all others similarly
situated,

      Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO
GENERAL INSURANCE COMPANY,

  Defendants.

_____

CASE NO.: 6:17-cv-891-ORL-40KRS

ANTHONY LORENTI and ASHELY BARRETT,
individually and on behalf of all others similarly
situated,

  Plaintiffs,

v.

GEICO INDEMNITY COMPANY,

  Defendant.

_____

CASE NO. 6:17-cv-1755-PGB-40DCI

## OPPOSED MOTION TO SUBSTITUTE MICAH BELLAMY AS NAMED PLAINTFF IN PLACE OF ELIZABETH SULLIVAN AND SUPPORTING MEMORANDUM OF LAW

COME NOW PLAINTIFFS and hereby respectfully move to substitute Micah Bellamy for Elizabeth Sullivan as named Plaintiff in this action, pursuant to Fed. R. Civ. P. 15, and, if necessary and proper, to amend the Court's Scheduling Order to permit this substitution pursuant to Fed. R. Civ. P. 16.  Plaintiffs attach, as Exhibit A, a proposed Third Amended Complaint that substitutes Mr. Bellamy for Ms. Sullivan.[1]  Mr. Bellamy filed a Motion to Intervene in this action (Doc. 100.) on November 2, 2018.

## I.    INTRODUCTION

There is good cause to permit the substitution of Mr. Bellamy for Ms. Sullivan as a representative Plaintiff.

Ms. Sullivan wishes to be substituted as a Named Plaintiff and Class Representative (but remain a member of the putative class) because "the accident causing the total loss of my insured vehicle resulted in the death of my husband. I did not expect that serving as class representative in this action would have such negative effects in reminding me of that incident to the extent it has." (Exh. B, Sullivan Decl. at ¶¶ 2, 4.) However, Ms. Sullivan wishes to inform this Court that, "[i]n so doing, I do **not** wish to have this Action dismissed or adversely affect the rights of any putative class member or other Named Plaintiffs. Counsel has informed me that Micah Bellamy is ready and willing to serve as class representative, and I am requesting that the court **substitute** Mr. Bellamy in my place as Named Plaintiff. **I understand that until the Court renders its decision, I am still the Named Plaintiff and am protecting the interests of the class members**

---

[1] Plaintiffs attach a redline showing the revisions to the Second Amended Complaint proposed by the proposed Third Amended Complaint.  The proposed Third Amended Complaint makes no changes other than substituting Mr. Bellamy for Ms. Sullivan and taking out former plaintiff Mr. Santos (previously withdrawn (Doc.82)).  Please note that Policy forms A30FL and A70FL are identical with regard to the issues in this case.  Because Mr. Bellamy was insured under A30FL, while Ms. Sullivan was insured by A70FL, the referenced exhibits A and exhibits B with the forms are reversed in the Third Amended Complaint.

in the meantime, **_including in moving for class certification_**." (*Id*. at ¶ 3 (emphasis added).) Ms. Sullivan does not wish to be deposed.  Plaintiffs have previously, and repeatedly, offered Mr. Bellamy for deposition on virtually any date of Defendants' choosing, and provided complete discovery responses (to the identical discovery requests served on each plaintiff) to Defendants on Mr. Bellamy's behalf to avoid any prejudice or delay.

There is good cause to substitute an adequate alternative putative representative, Mr. Bellamy, who is materially identical to Ms. Sullivan – e.g., same claims, same class definition, and same defendant (i.e., Government Employees Insurance Co. ("Government Employees")). *See* Doc. 100 (Motion to Intervene filed by Mr. Bellamy). This substitution serves the Court's interest in efficiency, and is in the interests of Ms. Sullivan, Mr. Bellamy (a member of the putative class), and the putative class itself.

Allowing this substitution causes no prejudice to Government Employees. First, Government Employees has served the same identical set of written discovery on all named plaintiffs and Mr. Bellamy, with the assistance of counsel, has answered this discovery and already provided it to Government Employees to avoid any delays. Second, prior to the depositions of any other Named Plaintiff, Mr. Bellamy made himself available for dates on which Defendants sought to depose the name plaintiffs, and has continued to make himself available for deposition. Exh. C (B. Pratt email to A. Fuchs on Oct. 5, 2018) (offering Bellamy deposition at same time as other named plaintiffs). Consequently, Mr. Bellamy is identically situated to all other named plaintiffs in this action, and Government Employees cannot credibly claim they lack – or ever lacked – the ability to take any discovery of Mr. Bellamy. And, again, Mr. Bellamy brings the same claims, regarding the same putative class, against the same defendant, as Ms. Sullivan. *See* (Exh. A (Proposed Third Amended Complaint substituting

Bellamy allegations for Sullivan)). There is no change in the case nor any unfair surprise.
Finally, Government Employees' Response to Plaintiffs' Motion for Class Certification is not
due until December 3, 2018 – 27 days from today, and weeks after Mr. Bellamy is available for
deposition. There is no prejudice to Government Employees (or any defendant) in allowing this
substitution.

Plaintiffs' counsel communicated to Defendants on October 5, 2018, that a substitution
may be necessary.  Plaintiffs informed Defense counsel that Mr. Bellamy was available for
deposition and provided his responses to discovery requests. (Exh. C). At that time, Defense
counsel stated its opposition to any motion that would have the effect of adding another named
plaintiff against Government Employees, or substituting a named plaintiff for Ms.
Sullivan.  Defendant took this position even though no depositions of *any* named Plaintiff with
claims against *any* GEICO Defendant had occurred at that time.

Denying the substitution, as Government Employees would request, runs counter to the
interests of judicial economy and efficiency. It makes imminently more sense to permit a prompt
substitution that has no material effect on the instant action, than for Ms. Sullivan to dismiss her
claims and Mr. Bellamy to file a separate, new putative class action against Government
Employees only to re-do all of the discovery and re-litigate all of the motions practice already
undertaken in the instant case (perhaps before this same Court under the related case rule). *See*
Fed. R. Civ. P. 1 (The Federal Rules "should be construed, administered, and employed by the
court and the parties to secure the just, speedy, and inexpensive determination of every action
and proceeding.").

Mr. Bellamy has already moved to intervene in this matter. (Doc. 100). Without
regurgitating the facts and law outlined therein, Ms. Sullivan briefly includes the key elements in

order to signal her agreement that Mr. Bellamy should be the Named Plaintiff in this action. In other words, to the extent this Courts finds that the proper mechanism is substitution, Ms. Sullivan requests such relief herein. If this Court finds that the proper mechanism is intervention, Ms. Sullivan also submits that this Court should grant the previously-filed Motion to Intervene. *See Coffey v. Braddy*, 2009 U.S. Dist. LEXIS 22034, at \*9 fn. 7 (M.D. Fla. Mar. 6, 2009) ("Although some of the cases reviewed use the terms "intervention" and "substitution," it appears many courts use both those terms (sometimes interchangeably within the same sentence) to describe the replacement of class representatives, not necessarily meaning to ascribe to the terms their technical meaning under the Federal Rules of Civil Procedure.") (citations omitted).

## II.      ARGUMENT AND CITATION OF AUTHORITIES

### A.  Concise Statement of the Precise Relief Requested.

This motion requests that (1) Micah Bellamy be permitted to substitute for Ms. Sullivan because Mr. Bellamy, like Ms. Sullivan, is insured by Government Employees, has the same claims as Ms. Sullivan, and is willing and able to represent the putative class of Government Employees policyholders; (2) that the class period for the class of Government Employees' insureds remain determined by the original filing date of this lawsuit; (3) the parties' be permitted to file a Third Amended Complaint (attached hereto as Exhibit A) substituting Bellamy for Sullivan and that the case caption of this matter be amended to reflect the substituted named Plaintiff's name; and (4) that Ms. Sullivan be permitted to remain a non-named member of the class.

### B.  A Statement of the Basis for Relief.

Named Plaintiff Elizabeth Sullivan has requested, for personal reasons set out above and in her declaration attached hereto as Exhibit B, to be substituted as a named Plaintiff in the

lawsuit. *See* Sullivan Decl. Micah Bellamy, like Ms. Sullivan, is a customer of Government Employees, is similarly situated with Ms. Sullivan and the putative class, has no conflicts with the putative class, and is willing to represent the interests of Government Employees putative class members in this lawsuit. *See, generally,* Doc. 100 (Motion to Intervene). Plaintiffs believe that the putative class will suffer no prejudice from Mr. Bellamy's substitution because he is ready and willing to represent the putative class of Government Employees policyholders in this matter. Id.

The issue presented is nearly identical to the issue presented in *McKinney v. Bayer Corp*., 2011 U.S. Dist. LEXIS 69105 (N.D. Ohio June 28, 2011). In *McKinney*, the plaintiff McKinney moved under Fed. R. Civ. P. 15 "for leave to amend his complaint to substitute a putative class representative," Godec, and "to dismiss himself from this action." *Id*. at *1. Plaintiff McKinney stated he no longer wished to proceed as a putative representative, but contended that Godec would be a proper replacement because he sought to advance the same claim on behalf of the same class against the same defendant. *Id*.

The timing of Plaintiff McKinney's request for substitution was no less advanced than the timing presented here – McKinney had already filed his motion for class certification. According to the court, that the motion had already been filed was of no consequence. *Id*. The court also rejected Bayer's argument that the amendment would cause delay, or that it would be prejudiced. *Id*. at *1-2. To the contrary, the court concluded that "such amendment will promote judicial economy." *Id*. at *2 (noting, among other things, that the substitution "avoids litigating Godec's claims as a separate putative class action should McKinney seek to dismiss his claims without substitution")[2]; *see also, e.g., Aguilar v. Boulder Brands, Inc.*, 2014 U.S. Dist. LEXIS

---

[2] The *McKinney* court also noted that, to the extent granting leave to amend required modification of the scheduling order, such modification was found to be appropriate under Fed. R. Civ. P. 16. *Id*. at *2. The Court also ordered

122822 (S.D. Ca. Sep. 2, 2014) ("In summary, the Court concludes that the weight of authority allows for a sole named plaintiff and proposed class representative to be substituted prior to class certification when the current plaintiff has not settled her claims or had her claims dismissed and intends to become part of the class, such that her claims persist and the case or controversy remains active, and when plaintiff's counsel is able to produce a proposed substitute immediately."); *Mauldin v. Wal-Mart Stores, Inc.*, 2006 U.S. Dist. LEXIS 23091 (N.D. Ga. Mar. 21, 2006) (granting plaintiff's counsel time to find substitute plaintiff after original proposed class representative expressed intention to withdraw, and asserting that after counsel learned of the intention to withdraw, "[i]nstead of asking for guidance, [counsel] should have filed a motion to substitute a class representative."

### C. There is Good Cause to Permit Mr. Bellamy to Substitute for Ms. Sullivan as a Party Plaintiff.

#### 1.    The Nature of the Case.

The above-styled named plaintiffs have filed a consolidated action against the insurance company Defendants (GEICO affiliates) wherein they allege that Defendants breached insurance contracts by failing to include payment of title and tag transfer fees in making actual cash value ("ACV") payments resulting from total loss to insured vehicles. The Plaintiffs purport to represent putative classes, respectively, against each of the individual Defendant entities. Ms. Sullivan is insured by Government Employees, her insured vehicle was declared a total loss by Government Employees, Government Employees failed to pay her title and tag transfer fees required by the ACV clause of her insurance contract, and therefore she sought to represent a

---

additional briefing as to the adequacy of Godec as a class representative. *Id*. at *3. Such additional briefing would be unnecessary here, as Plaintiffs addressed both Ms. Sullivan's and Mr. Bellamy's status in their motion for class certification, thus allowing Defendants to respond on the existing briefing schedule. (Doc. 99 at 13-15).

putative class of Government Employees policyholders who suffered the same breach of contract. (Doc. 10 ¶¶ 9-14, 46).

Mr. Bellamy is a member of the putative class. He is also insured by Government Employees under an insurance contract with identical controlling terms as Ms. Sullivan. (Exh. D (Bellamy Policy and Declaration Page)). He also suffered a total loss to his insured vehicle. (Exh. E (Total Loss Settlement Letter)). Like Ms. Sullivan, Mr. Bellamy also was not paid title and tag transfer fees required by the ACV clause of his insurance contract. *Id.* Thus, Mr. Bellamy stands in materially the same position as Ms. Sullivan. *See* Doc. 100.  The proposed Third Amended Complaint is attached in redline. The redline shows the changes relating to the substitution of Mr. Bellamy for Ms. Sullivan.  A review of the redline shows that the claims in the lawsuit are the same, and the adequacy of representation is the same, and the class interests that are protected are the same. Exh. A.

> **2.     There is Good Cause to Permit the Substitution, and the Substitution is in the Interests of Justice.**

The Rule 16 "good cause" standard to amend the Case Management Order is met where the schedule could not have been met "despite the diligence" of the moving party. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). The Case Management Order imposed a deadline to amend the pleadings of March 26, 2018. Doc. 48 at 1. Mr. Bellamy did not realize he was a member of the putative a class or even that a lawsuit existed until approximately 6 months after the court-imposed deadline. Exh. F (Phillips Decl.). The Plaintiffs were not aware of Mr. Bellamy's suitability or standing to serve as class representative until approximately 6 months after the court-imposed deadline. Id. Ms. Sullivan did not express any concern about the discovery process and litigation causing constant reminders of her husband's death until almost 6 months after the court-imposed deadline (and, indeed, Defendants did not even serve discovery

requests until months after the court-imposed deadline). Id. Thus, Plaintiffs could not have met the court-imposed deadlines under any circumstances or with any amount of "due diligence." Even before researching the proper mechanism for intervention and/or substation – acknowledged by 11th Circuit courts to be an unclear issue as discussed *supra* – Plaintiffs, well before class certification briefing, provided discovery responses from Mr. Bellamy and offered his availability for deposition specifically to avoid any accusation of undue delay or prejudice to Defendants. Id. Plaintiffs thus exercised due diligence but could not possible have met the Scheduling Order. Because the Scheduling Order could not have possibly been met even with the party's "due diligence," the good cause standard is met. *Sosa*, 133 F.3d at 1419; *Tampa Bay Storm v. Arena Football League*, 1998 U.S. Dist. LEXIS 5211, at *5 (M.D. Fla. Mar. 19, 1998) (The good cause standard requires the party seeking extension to show that the "schedule cannot 'be met despite the diligence of the party seeking the extension.'"). Additionally, because the information giving rise to the need to amend by substituting Mr. Bellamy did not exist prior to the court-imposed deadline and because Plaintiffs did not delay after acquiring the information, Plaintiffs clearly satisfy the factors outlined by the Middle District relevant to good cause. *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (three factors considered in assessing diligence: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the plaintiff, and (3) whether, even after acquiring the information, the plaintiff delayed in requesting leave to amend).

Because the Rule 16 "good cause" standard is met, Rule 15 then allows and provides that a party may amend its pleading with the Court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also*, *Arianas v. LVNV Funding LLC*,

307 F.R.D. 615, 617 ("If the movant demonstrates "good cause," the Rule 15(a) standard is applied.") (citations omitted).[3] Plaintiffs respectfully submit that justice requires permitting an amendment to substitute Mr. Bellamy's materially identical claims for Ms. Sullivan's under the circumstances. There would be no material "changes" to any substantive aspect of the Second Amended Complaint.[4] Instead, the pleadings would merely be changed to reflect the removal of Ms. Sullivan and the substitution of Mr. Bellamy. This type of substitution is commonplace in class actions, and routinely permitted by Courts. *See, e.g.*, *Graves v. Walton County Bd. of Education*, 686 F.2d 1135 (5th Cir. 1982) (allowing substitution under Fed. R. Civ. P. 21 and noting that it is "firmly established" that named Plaintiffs may be substituted in class actions); *Slawienski v. Nephron Pharm. Corp.*, 2010 U.S. Dist. LEXIS 130365 (N.D. Ga. Dec. 9, 2010) (allow substitution where original named plaintiff was inadequate because of arbitration agreement).

Allowing Ms. Sullivan to be substituted as a putative class representative (but remain a member of the putative class with all attendant rights) is the appropriate outcome where she no longer has the interest or will to act in that role because of her personal grief at the loss of her husband. Allowing Mr. Bellamy to be added as a substitute putative class representative is in the interest of justice because it protects the rights of the members of the putative class (including Ms. Sullivan, Mr. Bellamy, and the entire class) by permitting Mr. Bellamy to participate in a representative capacity. In fact, courts in the Eleventh Circuit have held that where the original Named Plaintiff possesses constitutional standing, but for some other reason cannot serve as a

---

[3] *See also* Fed. R. Civ. P. 21 ("On motion or its own, the court may at any time, on just terms, add or drop a party.")
[4] No claims or allegations change, other than substituting Mr. Bellamy's date of total loss, make and model of vehicle, etc. There are no jurisdictional consequences to the substitution, as Mr. Bellamy is a citizen of the State of Florida. *Nolan v. Exxon Mobil Corp.*, 2016 U.S. Dist. LEXIS 38303, at *27 (M.D. La. Mar. 22, 2016) (Granting substitution of putative class representatives because their claims arose from "the same conduct, transaction or occurrence that is already at issue in this suit[.]); *see* (Exh. A).

class representative, courts should permit substitution. *Jones v. Bank of Am. Corp.*, 2013 U.S. Dist. LEXIS 168410, at *10-12 (M.D. Ga. Nov. 27, 2013) (Permitting substitution because original named plaintiffs possessed standing for the claim) (*citing Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985) (it was error for lower court to not allow a substitute representative to be found after determination that original named plaintiff was inadequate)); *Slawienski*, 2010 U.S. Dist. LEXIS 130365.

        The substitution also promotes efficiency. Because Ms. Sullivan is currently the only named Plaintiff insured under a Government Employees policy, absent leave to substitute, Mr. Bellamy arguably would need to file a new action against Government Employees to represent the interests of those class members. Such action would likely be consolidated with the present action, just as the action against Government Employees and Geico General was previously consolidated with the action against Geico Indemnity. Doc. 37 (Order to Consolidate). Substitution would enable the parties to avoid needless delay and increased litigation costs. For these reasons, courts have allowed the substitution of a suitable class representative before class certification. *See, e.g.*, *Graves v. Walton*, 686 F. 2d 1135, 1138 – 1140 (5th Cir. 1982) (allowing substitution of plaintiff where it was evident plaintiff intended to seek class certification); *Lynch v. Baxley*, 651 F.2d 387, 388 (5th Cir. 1981) (holding that efficiency weighs in the favor of allowing a new plaintiff to litigate the interests of other plaintiffs); *Thorn v. Bob Evans Farms, LLC*, 12-cv-768, 2013 WL 2456336, at *2 (S.D. Ohio June 6, 2013) (granting leave to amend to substitute named plaintiff before class certification because "substitution and amendment will serve the ends of justice in the case, and also serve to conserve judicial resources"); *In re Stone Energy Corp. Secs. Litig.*, 2009 U.S. Dist. LEXIS 91480, at *18-19 (W.D. La. Sep. 30, 2009)

(disallowing substitution prior to certification but after parties had engaged in substantive litigation would waste judicial resources).

**B.   Allowing the Substitution Causes No Prejudice to Government Employees or the other Defendants.**

Substitution will not cause delay, nor will it require any change to any court-imposed deadline. For starters, Mr. Bellamy is situated precisely the same as all other named plaintiffs in discovery. Defendants have served identical written discovery on all named plaintiffs. Mr. Bellamy has completed responses to those same interrogatories and requests, and counsel for Plaintiffs have already provided those responses to Defendants. Moreover, Mr. Bellamy is broadly available for deposition – and communicated his availability prior to the depositions of any other named plaintiff – and is able to accommodate any reasonable date request by Defendants. (Exh. C.) In short, Defendants have the same discovery responses from Mr. Bellamy as all other named plaintiffs, are able to depose Mr. Bellamy well before the Response is due, and could have deposed Mr. Bellamy already. See, e.g., Colindres v. Quietflex Mfg., 235 F.R.D. 347, 365 n.8 (S.D. Tex. 2006) (no prejudice to defendants where Motion to Substitute was filed before briefing on class certification was completed and defendant had opportunity to depose new plaintiffs). Because Defendants' Response to Plaintiffs' Motion for Class Certification is not due until December 3, 2018 – 27 days from now – this discovery timing cannot credibly be claimed as prejudicial.

During the meet-and-confer on this motion, counsel for Defendants stated that, because the deadline for adding parties or amending pleadings was March 26, 2018, they would be prejudiced by a substitution now. It is true that the Court's Case Management and Scheduling Order identified March 26 as the deadline for adding parties, but it is not true that the interests of justice, or simple good sense, counsels in favor of rejecting this substitution, and it is not true

that the existence of such a deadline automatically imposes some prejudice on GEICO.
Respectfully, it makes little sense to operate in the manner suggested by Government
Employees, so that if a plaintiff dies, is stricken ill, etc., after the deadline for adding parties, a
meritorious case is forever barred even if a materially identical substitute plaintiff is waiting in
the wings and eager to proceed on behalf of himself and the putative class. Plaintiffs respectfully
ask this Court to amend the Schedule Order only as to the deadline for adding parties, because
there is good cause to do so based on these unique circumstances, pursuant to Fed. R. Civ. P.
16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

In addition, Plaintiffs are not moving to substitute due to some defect or inadequacy in
Ms. Sullivan as a class representative. Plaintiffs are moving to substitute due to an unexpected
change in Ms. Sullivan's ability to represent the class without emotional suffering. (Exh. B.) In
*Maudlin*, the court allowed substitution of a class representative following the withdrawal of the
original class representative at a *much later stage* in the litigation – after certification was
granted and discovery had closed – and despite the fact that the withdrawal was due to "unusual
circumstances" including payments between local counsel and the original class representative.
*Maudlin*, at *1-6. Here, class certification briefing is ongoing, discovery is open, and the
substitution is not "unusual" but is based merely on Ms. Sullivan's unexpected difficulty in
engaging in litigation reminding her of the circumstances of her husband's death. The change in
the Scheduling Order has no material impact on any deadlines or briefing schedule.

Finally, Defendants also alleged during the meet-and-confer that this is "late in the game"
for a substitution of a named plaintiff in a class action. Respectfully, that position does not
comport with the countless cases permitting substitution of named plaintiff class representatives
after class certification. Birmingham Steel Corp. v. Tennessee Valley Authority, 353 F.3d 1331,

1339-43 (11th Cir. 2003) (authorizing substitution after <u>decertification</u> (well after the posture in this case) when a class representative withdraws or becomes inadequate, finding that district court erred in not allowing class counsel an opportunity to substitute a new class representative); *Maudlin*, at *1-6 (allowing substitution after class was already certified and discovery had already closed); *In re Scientific-Atlanta, Inc.*, 2006 U.S. Dist. LEXIS 100613 (N.D. Ga. Sep. 27, 2006) (granting Motion to Substitute five years after Complaint was filed); *Powe v. Chrysler Fin. Corp., L.L.C. (In re Powe)*, 278 B.R. 539, 556 (So. Bankr. Ala. 2002) (Allowing for substitution while <u>entering judgment</u> and well after class certification and discovery). In fact, Plaintiffs are acting swiftly and at the appropriate time, and if this motion is granted, there will be no change to the case in any respect. [5]

### III.    <u>CONCLUSION</u>

WHEREFORE, Plaintiffs request that (1) Micah Bellamy be permitted to substitute for Ms. Sullivan because Mr. Bellamy, like Ms. Sullivan, is insured by Government Employees, has the same claims as Ms. Sullivan, and is willing and able to represent the putative class of Government Employees policyholders; (2) that the class period for the class of Government Employees' insureds remain determined by the original filing date of this lawsuit; (3) the parties' be permitted to file a Third Amended Complaint substituting Bellamy for Sullivan and that the case caption of this matter be amended to reflect the substituted named Plaintiff's name; and (4) that Ms. Sullivan be permitted to remain a non-named member of the class.

Dated this 6th day of November, 2018.

---

[5] Plaintiffs have not moved to withdraw Ms. Sullivan as named plaintiff because she wishes that the class interests be protected and that she be substituted so that the case on behalf of Government Employees may continue. Exh. B, Sullivan Decl. Ms. Sullivan does not wish to continue with the lawsuit as a class representative, and due to the emotional strain does not wish to appear at a deposition or take further action in the lawsuit.  If Mr. Bellamy's Motion to Intervene and this Motion are denied, Ms. Sullivan will seek to withdraw as the named Plaintiff.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 3.01 (g)</u>

The undersigned hereby certifies that counsel for Plaintiffs conferred with counsel for

Defendants regarding this motion, and Defendants' counsel advised that they oppose the relief

requested herein.

By:                            /s/ Jacob L. Phillips
                              FBN: 0120130
                              Ed Normand
                              FBN: 0865590
                              **Normand Law PLLC**
                              P.O. Box 140036
                              Orlando, FL 32814
                              Telephone: (407) 603-6031
                              Facsimile: (509) 267-6468
                              Ed@EdNormand.com
                              jacob@ednormand.com

                              /s/ Bradley W. Pratt
                              Bradley W. Pratt
                              Florida Bar No. 0094300
                              **Pratt Clay, LLC**
                              4401 Northside Parkway
                              Suite 520
                              Atlanta, GA 30327
                              Telephone: (404) 949-8118
                              Facsimile: (404) 949-8159
                              bradley@prattclay.com

Tracy L. Markham
Florida Bar No. 0040126
**Avolio & Hanlon, P.C.**
2800 N 5th Street, Suite 302
St. Augustine, Florida 32084
Phone: (904) 794 7005
Facsimile: (904) 794 7007
tlm@avoliohanlonfl.com

/s/ Christopher Hall
**Hall & Lampros, LLP**
600 Galleria Parkway
Suite 990
Atlanta, Georgia 30309
Telephone: (404) 876-8100
chall@hallandlampros.omc

Andrew Lampros
Hall & Lampros, LLP
600 Galleria Parkway
Suite 990
Atlanta, Georgia 30309
Telephone: (404) 876-8100
alampros@hallandlampros.com

Christopher J. Lynch
**Christopher J. Lynch, P.A.**
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
clynch@hunterlynchlaw.com
lmartinez@hunterlynchaw.com

**_Attorneys for Plaintiffs_**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice to electronic filing to all counsel on the Service List.

/s/ Jake Phillips
Jacob Phillips, Esq.