# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ELIZABETH SULLIVAN, MAURICE
JONES, WILSON SANTOS and
ANTHONY C. COOK,

      **Plaintiffs,**

v.                                      Case No:   **6:17-cv-891-Orl-40KRS**

GOVERNMENT EMPLOYEES
INSURANCE COMPANY and GEICO
GENERAL INSURANCE COMPANY,

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **OPPOSED MOTION TO SUBSTITUTE MICAH BELLAMY AS NAMED PLAINTIFF IN PLACE OF ELIZABETH SULLIVAN (Doc. No. 102)** |
| **FILED:** | **November 6, 2018** |

| | |
|---|---|
| **MOTION:** | **INTERVENOR MICAH BELLAMY'S MOTION TO INTERVENE (Doc. No. 100)** |
| **FILED:** | **November 2, 2018** |

## I. BACKGROUND.

On August 29, 2017, Plaintiffs Elizabeth Sullivan, Maurice Jones (on behalf of the estate of Kailyn Jones), Wilson Santos and Anthony Cook, on behalf of themselves and all others similarly situated, filed a Second Amended Class Action Complaint against Defendants Government Employees Insurance Company ("Government Employees") and GEICO General Insurance

Company ("GEICO General"). Doc. No. 10. On April 10, 2018, Consolidated Plaintiffs Anthony Lorenti and Ashley Barrett filed a Second Amended Class Action Complaint, on behalf of themselves and those similarly situated, against GEICO Indemnity Company ("GEICO Indemnity"). Doc. No. 71. Plaintiffs all allege that Defendants breached vehicle insurance contracts by failing to include title and license plate transfer fees in actual cash value payments Defendants made after the insured suffered a total loss of the insured vehicle. Doc. No. 10 ¶¶ 1–3; Doc. No. 71 ¶¶ 4–5.

Plaintiff Elizabeth Sullivan brings her claim against Government Employees based on the amount paid after her insured vehicle was declared a total loss. Doc. No. 10 ¶¶ 9–14. Both Maurice Jones and Anthony Cook bring claims against GEICO General for the total loss of insured vehicles. *Id.* ¶¶ 15–18, 22–25. Anthony Lorenti and Ashley Barrett maintain claims against GEICO Indemnity. Doc. No. 71.

On November 1, 2018, Plaintiffs collectively moved for class certification, with Ms. Sullivan and Micah Bellamy as the putative class representatives for those with claims against Government Employees. Doc. No. 99, at 10 (internal pagination). Plaintiffs subsequently filed two related motions: Intervenor Micah Bellamy's Motion to Intervene ("Motion to Intervene") (Doc. No. 100) and a Motion to Substitute Micah Bellamy as Named Plaintiff in Place of Elizabeth Sullivan ("Motion to Substitute") (Doc. No. 102).

In the Motion to Intervene, Mr. Bellamy seeks to become a named Plaintiff in this case. He alleges that he is a member of the putative class of persons with claims against Government Employees. Doc. No. 100, at 2. Counsel for Plaintiffs represent in the motion that Ms. Sullivan no longer wishes to serve as a potential class representative and they submitted a declaration from Ms. Sullivan to that effect. *Id.*; *see* Doc. No. 100-1. In the declaration, Ms. Sullivan avers that

she no longer wishes to serve as class representative because the accident resulting in the total loss of her insured vehicle resulted in the death of her husband. Doc. No. 100-1 ¶ 2. She requests that the Court substitute Mr. Bellamy in her stead. *Id.* ¶ 3. She wishes to remain a putative class member but seeks to be removed as a named Plaintiff. *Id.* ¶ 4.

Plaintiffs' counsel also submitted a declaration from Plaintiffs' counsel, Jacob Phillips Esq., who states that Ms. Sullivan notified counsel in or around September 2018 that she wished to be removed as potential class representative. Doc. No. 102-6 ¶ 9; *see also* Doc. No. 100-2 ¶ 4 (stating that Ms. Sullivan made the ultimate decision not to be a class representative on October 5, 2018). Attorney Phillips also states that Mr. Bellamy first contacted Plaintiffs' counsel in or around September 2018. Doc. No. 102-6 ¶ 3. Counsel notified Defendants on October 5, 2018 of Plaintiffs' intent to substitute Mr. Bellamy for Ms. Sullivan, stated Mr. Bellamy was available for deposition, and provided discovery responses for Mr. Bellamy. Doc. No. 100-2 ¶ 6; *see also* Doc. No. 102-3.

Finally, Plaintiffs' counsel submitted a declaration from Mr. Bellamy, in which he avers that he is "able and willing to prosecute this action individually and on behalf of the other insureds of Geico that have not been paid the tag and title fees owed to us in connection with our insured total loss vehicle payments." Doc. No. 100-3 ¶ 4. He states that he is engaged in investigating the claim, is involved in discovery, has provided responsive documents and interrogatory answers to Defendants, and will be available for deposition in the same date ranges in which Defendants were seeking to depose Ms. Sullivan. *Id.* ¶¶ 4–8.

In the Motion to Substitute, Plaintiffs request that Mr. Bellamy be substituted for Ms. Sullivan as a named Plaintiff, ask to file an amended complaint pursuant to Federal Rules of Civil Procedure 15 and 16 and ask the Court to amend the Case Management Scheduling Order

("CMSO") as necessary. Doc. No. 102.[1] *See* Doc. No. 48. Plaintiffs attach to their motion a proposed Third Amended Complaint (Doc. No. 102-1); Ms. Sullivan's Declaration (Doc. No. 102-2); an email between counsel for Plaintiffs and counsel for Defendants regarding the potential for the substitution of Mr. Bellamy for Ms. Sullivan (Doc. No. 102-3); a copy of Mr. Bellamy's insurance policy with Government Employees (Doc. No. 102-4); Mr. Bellamy's Total Loss Settlement Explanation (Doc. No. 102-5); and an additional declaration from Attorney Phillips (Doc. No. 102-6).

Defendants oppose both motions. Doc. Nos. 108, 110. In both opposition memoranda, Defendants argue that Plaintiffs' motions are untimely and that granting the relief that Plaintiffs seek will cause undue prejudice to Defendants. *E.g.*, Doc. No. 108, at 2; Doc. No. 110, at 3, 6. With both opposition memoranda, Defendants included the Declaration of Kimberly Kochis, Esq., counsel for Defendants (Doc. No. 108-1; Doc. No. 110-1), as well as email correspondence between counsel for Plaintiffs and counsel for Defendants regarding the potential substitution of Mr. Bellamy for Ms. Sullivan (Doc. No. 108-2; Doc. No. 110-2).

Defendants argue, in the alternative, that if leave to amend to add Mr. Bellamy as a party is granted, they should be permitted to take discovery from Mr. Bellamy before they are required to respond to the class certification motion. They ask that the date for responding to that motion be extended to December 17, 2018. Doc. No. 108, at 10; Doc. No. 110, at 9.

---

[1] Although counsel for Plaintiffs seek to substitute parties, they did not address Fed. R. Civ. P. 25 or show that substitution was proper under that rule. Therefore, I will treat the Motion to Substitute as a motion for leave to amend to add a party (Mr. Bellamy) and drop a party (Ms. Sullivan).

## II. LEGAL STANDARDS.

### A. *Request to Amend the Complaint to Add a Party.*

A party seeking to add a party after the deadline set forth in the CMSO must satisfy the requirements of both Federal Rules of Civil Procedure 15 and 16.

Pursuant to Rule 16(b), district courts are required to enter a scheduling order that limits the time to join other parties and to amend the pleadings. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation omitted); *see also* Fed. R. Civ. P. 16(b). Scheduling orders "control the subsequent course of the action unless modified by a subsequent order and may be modified only upon a showing of good cause." *Id.* (citations and quotation marks omitted). To demonstrate good cause, the movant must establish that despite its diligence, the deadline could not be met. *Id*. Three factors are relevant to the diligence inquiry: "(1) if the moving party neglected to determine facts before filing pleadings or within discovery, (2) if the subject matter of the motion to amend was readily available to the moving party, and (3) if the moving party delayed filing the motion to amend." *Klayman v. City Pages*, No. 5:13-cv-143-Oc-22PRL, 2014 WL 12621572, at *2 (M.D. Fla. Dec. 8, 2014) (citation omitted).

"Once good cause is shown [under Rule 16], the Court determines whether leave should be granted under Rule 15(a)." *Bent v. Smith, Dean & Assocs., Inc.*, No. 3:11-cv-66-J-TEM, 2011 WL 13295705, at *1 (M.D. Fla. Oct. 27, 2011) (citation omitted). Pursuant to Rule 15(a), after the initial period for amending as of right (which has passed in this case), a party may amend its pleading only with the opposing party's written consent or with the Court's leave. The Court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a party leave to amend a pleading, a district court may consider several factors, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

  *B. Intervention.*

There are two types of intervention under Federal Rule 24: (1) intervention as of right; and (2) permissive intervention. Fed. R. Civ. P. 24. First, a party has a right to intervene in a lawsuit when either a federal statute grants an unconditional right to intervene, or the party has an interest in the outcome of the case, and no existing party adequately represents the intervenor's interest. Fed. R. Civ. P. 24(a).

Second, in its discretion, a court may permissively allow a party to intervene in certain circumstances. Fed. R. Civ. P. 24(b). Permissive intervention is appropriate when the proponent timely moves for relief and: (1) a federal statute confers a conditional right to intervene; or (2) an applicant's claim or defense and the main action have a question of law or fact in common. *Id.* In addition, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

## III. ANALYSIS.

Both the Motion to Substitute and the Motion to Intervene in substance seek the same relief—to allow Mr. Bellamy to join the action as a named Plaintiff and putative class representative. Doc. Nos. 100, 102. An order granting either motion would require the Court to permit Plaintiffs

leave to file a third amended complaint. Accordingly, I first consider the Motion to Substitute (Doc. No. 102) in the context of what in essence is the issue raised by both motions—whether Plaintiffs should be given leave to again amend the complaint to add Mr. Bellamy as a Plaintiff.

*A.     Whether Good Cause Exists to Amend the Complaint After the CMSO Deadline.*

The deadline set forth in the CMSO to seek leave to amend pleadings was March 26, 2018. Doc. No. 48. Because that deadline has passed, Plaintiffs are first required to demonstrate good cause under Rule 16(b)(4) for leave to amend their complaint. *See Sosa*, 133 F.3d at 1419.

Attorney Phillips avers that Ms. Sullivan notified counsel that she wished to withdraw as a potential class representative in or around September 2018, well after the deadline to add parties and amend the pleadings. Doc. No. 102-6 ¶ 9. Ms. Sullivan confirms in her declaration that she does not wish to serve as a potential class representative. Doc. No. 102-2 ¶ 2. This evidence is sufficient to establish the first two elements of the good cause standard. Counsel for Plaintiffs did not neglect to determine facts about Ms. Sullivan's willingness to serve as a class representative and that information was not readily available to them because Ms. Sullivan did not express her reluctance to serve as a class representative until sometime in September 2018. These facts also establish the third element of the good cause standard – absence of undue delay in seeking leave to amend – because counsel for Plaintiffs did not know, and could not have known in the exercise of due diligence, before the CMSO deadline that Ms. Sullivan would change her mind about her willingness to serve as a potential class representative. Therefore, the Rule 16(b)(4) good cause showing has been made.

*B.     Whether Leave to Amend to Add a Party Should be Granted.*

The next issue is whether leave to amend should be granted under Rule 15. Defendants contend that counsel for Plaintiffs unduly delayed in filing the motions to substitute or intervene,

waiting nearly a month after Ms. Sullivan determined that she no longer wished to be a potential class representative and more than a month after Mr. Bellamy contacted counsel for Plaintiffs. Defendants also argue that permitting the belated substitution of a party and the concomitant amending of the class action complaint will delay the proceedings and prejudice them.

The issue of undue delay in the context of Rule 15 is different from the question of undue delay under Rule 16. Under Rule 16, the Court looks to whether counsel could, in the exercise of due diligence, have sought leave to add a party and amend a pleading before the deadline for doing so in the Court's scheduling order. Under Rule 15, the question is whether a party unduly delayed in seeking leave to add a party and amend pleadings after it knew, or should have known, that amendment was needed.

In this case, the record reflects that counsel for Plaintiffs delayed in filing the motions to substitute and to intervene after the date they knew that amendment was needed. Specifically, counsel for Plaintiffs knew on October 5, 2018 that Ms. Sullivan no longer wished to be a potential class representative and they knew sometime in September 2018 that Mr. Bellamy was available to serve as the class representative for claims against Government Employees. Instead of promptly seeking leave to add Mr. Bellamy to the case, counsel for Plaintiffs waited until November 1, 2018 to file the Motions to Substitute and Intervene.

There is, however, no showing that counsel for Plaintiffs delayed in filing the motions in bad faith or based on a dilatory motive. Rather, Plaintiffs timely filed the class certification motion and included in it arguments that Mr. Bellamy would be an appropriate class representative. Doc. No. 99. Additionally, counsel for Plaintiffs represent that they served discovery responses from Mr. Bellamy that were responsive to discovery requests directed to the named Plaintiffs. Doc. No. 102, at 3. They also notified counsel for Defendants that Mr. Bellamy was "willing to sit for deposition

on virtually any date of their choosing." Doc. No. 100-2 ¶ 6. Therefore, I find that Plaintiffs did not *unduly* delay in filing the present motions.

Turning next to the issue of prejudice, Plaintiffs' proposed amendment to the complaint would not materially change the factual allegations of the complaint; it would only add allegations related to Mr. Bellamy's vehicle and related policy. Doc. No. 102, at 10 n.4; *see also* Doc. No. 102-1.[2] Nevertheless, counsel for Defendants argue that they have been prejudiced by not having discovery from Mr. Bellamy before their response to the class certification motion must be filed. While counsel for Plaintiffs represent that Mr. Bellamy provided some discovery, counsel for Defendants state that Mr. Bellamy's discovery was incomplete and that he did not verify his responses to interrogatories. Doc. No. 108-1 ¶ 9. It is worthy of note that counsel for Defendants could have cured this alleged prejudice by taking steps to conduct discovery from Mr. Bellamy after they were informed in October 2018 that Plaintiffs intended to seek to add him as a party to the case. Instead, Defendants made the tactical decision not "to expend the time and resources to take discovery from someone who may never be involved in this action." Doc. No. 110, at 7. Based on these facts, Defendants' arguments that they will be prejudiced by permitting belated amendment of the complaint to add Mr. Bellamy as a Plaintiff are not persuasive.

Counsel for Defendants are correct, however, that they should be permitted to take discovery from Mr. Bellamy before they are required to respond to the class certification motion. *See id.* The Court can extend the deadline for filing the response to the class certification motion to permit Defendants to take discovery from Mr. Bellamy before filing that response without extending other deadlines in the CMSO.

---

[2] The amended complaint might also withdraw allegations regarding Ms. Sullivan and Mr. Santos. Mr. Santos has already withdrawn as a putative class representative. Doc. No. 83.

Finally, permitting Mr. Bellamy to be added as a Plaintiff will serve the interests of justice. If Mr. Bellamy is added as a named Plaintiff, the Court can determine, in the first instance rather than awaiting filing of another class action complaint[3], whether certification of a class with Mr. Bellamy serving as the class representative for individuals with claims against Government Employees is warranted. *See generally McKinney v. Bayer Corp.*, No. 1:10-cv-224, 2011 U.S. Dist. LEXIS 69105 (N.D. Ohio June 28, 2011) (allowing amendment to substitute proposed class representative).

Accordingly, I find that leave to amend the complaint to add a party is appropriate.

*C.     Whether Ms. Sullivan May be Dropped from the Case.*

Plaintiffs do not cite any authority supporting their request to allow Ms. Sullivan to withdraw as a named Plaintiff yet still remain a member of the putative class. *See* Doc. No. 102, at 1; Doc. No. 102-2. A party can be a named Plaintiff in a class action complaint without being required to serve as a class representative. *See, e.g.*, *Cordova v. R&A Oysters, Inc.*, No. 14-0462-WL-M, 2016 WL 5311889, at *3 & n.2 (S.D. Ala. Sept. 12, 2016) (court appointed one named Plaintiff as a class representative but not another named Plaintiff).

Counsel for Plaintiffs may voluntarily drop Ms. Sullivan as a named Plaintiff in the third amended complaint. *See, e.g.*, *Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc.*, 750 F. Supp. 487, 493 (M.D. Fla. 1990). If this occurs, the Court makes no finding regarding whether Ms. Sullivan would remain a member of any class that may be certified.

---

[3] Counsel for Defendants argues that "Mr. Bellamy is free to file a separate lawsuit representing a putative class." Doc. No. 110, at 7 n.2.

**IV. ORDERS.**

For these reasons, the Motion to Substitute (Doc. No. 102) is **GRANTED in part** and **DENIED in part**. It is **ORDERED** that Plaintiffs shall file, on or before December 5, 2018, a third amended complaint as a separate document, adding only the claims of Mr. Bellamy as a named party and withdrawing claims of Ms. Sullivan and Mr. Santos (if they choose to do so).[4] Plaintiffs must also file and serve a revised motion for class certification on or before December 5, 2018, solely to omit arguments that Ms. Sullivan would be a proper class representative.

It is **ORDERED** that the deadline for Defendants to respond to Plaintiffs' revised motion for class certification is extended up to and including December 19, 2018. If Plaintiffs are granted leave to file a reply to the response, the deadline for filing the reply, January 2, 2019, is not extended. Doc. No. 48, at 2.

It is **FURTHER ORDERED** that Plaintiffs must serve, on or before December 7, 2018, Mr. Bellamy's verified responses to Defendants' individual and nationwide interrogatories and produce all documents in his possession, custody or control responsive to Defendants' requests for production of documents directed to the named Plaintiffs. Because there is no indication that Mr. Bellamy asserted any objections when he provided some discovery to Defendants, he may not assert any objections now. Counsel for Defendants must promptly confer with counsel for Plaintiffs to identify a date, time and place for Mr. Bellamy's deposition. If the attorneys cannot agree on a date, time and place to depose Mr. Bellamy, then on or before December 11, 2018 counsel shall

---

[4] Counsel for Plaintiffs asks that the class period "remain determined by the original filing date of this lawsuit." Doc. No. 102, at 5. This is a question to be determined by the presiding District Judge in resolving the class certification motion.

contact my courtroom deputy clerk, Edward Jackson, at 407/835-5809 to schedule a telephone conference during which I schedule the deposition.

Because Plaintiffs will be permitted to amend their complaint to add Mr. Bellamy as a named Plaintiff, the alternative Motion to Intervene (Doc. No. 100) is **DENIED as moot**.[5]

**DONE** and **ORDERED** in Orlando, Florida on November 30, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[5] Defendants' request in the response to the Motion to Intervene to require Plaintiffs to bear the costs of all discovery incurred as a result of Mr. Bellamy's intervention, Doc. No. 108, at 8 n.4., is not well taken because, among other things, the Motion to Intervene has been denied.