IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ANTHONY COOK, MICAH BELLAMY, and MAURICE JONES, as Personal Representative and on behalf of the Estate of Kailyn Jones, each individually and on behalf of all others similarly situated, | CASE NO.: 6:17-cv-891-Orl-40KRS<br><br>CLASS ACTION |
| Plaintiffs, | |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, a foreign corporation, and GEICO GENERAL INSURANCE COMPANY, a foreign corporation | |
| Defendants. | |

**THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

The Plaintiffs, MICAH BELLAMY; MAURICE JONES, as Personal Representative and on behalf of the Estate of Kailyn Jones; and ANTHONY COOK, on behalf of themselves and all others similarly situated, files this Third Amended Class Action Complaint against GOVERNMENT EMPLOYEES INSURANCE COMPANY ("Geico") and GEICO GENERAL INSURANCE COMPANY ("Geico General"), and in support thereof state the following:

**NATURE OF THE ACTION**

1. This is a class action lawsuit by the Plaintiffs Mr. Bellamy, Mr. Jones and Mr. Cook were insureds under their respective "Geico" and "Geico General" automobile policies issued for private passenger auto physical damage, which required payment of "Actual Cash Value" or "ACV." The term "actual cash value" is defined as "the replacement cost of the auto or property less depreciation or betterment." The ACV of a vehicle is the full cost to

   replace the vehicle and such costs include any mandatory title and licensing fees required to replace the vehicle.

2. Defendant Geico's standardized policy language, present in all Florida policies issued by Defendants and any various subsidiaries doing business under Defendant's name, shows that title and licensing fees -- mandatory local and state fees -- are included in a total loss vehicle coverage, as are state and local regulatory fees.

3. This lawsuit is brought by and on behalf of MICAH BELLAMY, MAURICE JONES, as Personal Representative and on behalf of the Estate of Kailyn Jones, and ANTHONY COOK and on behalf of similarly situated insureds who have suffered damages due to Defendants' policy and practice of refusing to pay the full ACV replacement cost on insured vehicles in cases of total loss, notwithstanding that, as set forth above, the Defendants' standardized policy language provides coverage for the full ACV replacement cost.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (a) the Plaintiffs are members of the putative classes which consist of at least 100 members and Plaintiffs and the Defendants are citizens of different states; (b) the amount-in-controversy exceeds $5 million dollars exclusive of interest and costs; and (c) none of the exceptions under 1332 apply to this claim.

5. Venue is proper in this Court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and the Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

6. At all times material hereto, the Plaintiff, Micah Bellamy, was and is a person domiciled in Seminole County, Florida; Anthony Cook was and is a person domiciled in Seminole County; Kailyn Jones, whose Estate is represented by MAURICE JONES, was a person domiciled in Orange County, Florida.  Mr. Jones is the duly-appointed Personal Representative of the Estate of Kailyn Jones, having been appointed Personal Representative by the Probate Division of the Circuit Court in and for Orange County on May 1, 2017.

7. At all times material hereto, the Defendants are and were foreign corporations authorized to transact insurance in the State of Florida, and one of the largest, if the not largest, motor vehicle insurer in Florida.  Defendant GOVERNMENT EMPLOYEE INSURANCE COMPANY also owns other, subsidiary companies operating under the "Geico" name, and is responsible for the standardized automobile insurance policies issued to Plaintiffs and all of the putative class members.

8. Upon information and belief, Defendant GOVERNMENT EMPLOYEE INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY are both Maryland corporations whose principal place of business is Chevy Chase, Maryland.

## FACTUAL ALLEGATIONS

9. At all times material hereto, Mr. Bellamy insured a vehicle -- a 2009 Toyota Camry Hybrid, under an insurance policy issued by Defendant "Geico".

10. On or about June 22, 2018, Mr. Bellamy was involved in an accident while operating the 2009 Toyota Camry Hybrid.

11. As a result of said accident, Mr. Bellamy filed a claim for property damage with Defendant, claim number 0276293310101041-01.

12. Following the filing of said claim, a third-party valuator CCC One, Inc. ("CCC") determined that the 2009 Toyota Camry was a total loss with an ACV of $8,157.94 and included $508.94 in sales tax, a number derived, importantly, from the vehicle value. According to CCC then, the replacement value was $8,157.94. Defendant then paid Plaintiff said amount, minus a deductible of $1,000.00, for a total of $7,157.94.

13. In paying the aforementioned amount, CCC indicated that the amount listed above -- $7,157.94 -- may not reflect the settlement amount because "other factors (e.g. license and fees) may need to be taken into account."

14. Notwithstanding the caveat, however, the amount listed -- $7,157.94 -- was the exact amount provided by Defendant; thus, Defendant never accounted for such license and title fees or the full total of state and local fees and sales taxes.

15. Ms. Kailyn Jones insured a vehicle -- a 2008 Honda Civic -- under an insurance policy issued by Defendant Geico General (see Ex. B).

16. On June 11, 2016, Ms. Jones was hit by a vehicle being pursued by police in a high-speed chase. Tragically, Ms. Jones died as a result of the motor vehicle accident.

17. On June 24, 2016, Mr. Jones filed a claim for property damage for the total loss vehicle on her behalf, claim No. 0528871480101010-01.

18. In response, Defendant Geico General determined her total loss payment, and included a letter explaining the total loss determination (Ex. C). Said letter explicitly demonstrated that Defendant Geico General included nothing for any license and title fees or other mandatory fees.

19. In 2013, Plaintiff Anthony Cook insured a vehicle under a policy issued by Defendant Geico General.

20. On June 20, 2013, Mr. Cook was involved in a motor vehicle accident, after which his insured vehicle was declared a total loss.

21. As a result of said accident, Mr. Cook filed a claim with Defendant Geico General under claim number 0178743840101027-01.

22. On July 10, 2013, Defendant Geico General sent Mr. Cook a letter detailing the total loss determination (see Ex. D). The letter explicitly demonstrates that Defendant Geico General did not pay mandatory title and licensing fees.

## THE GEICO INSURANCE POLICY

23. The four insurance policies for the named plaintiffs are substantially identical in every way cited below.

24. Mr. Bellamy's insurance policy (Exhibit A), under the section entitled PHYSICAL DAMAGE COVERAGES (Ex. A p. 14), which is Form A-30FL, states the following:

"**Collision:**
We will pay for *collision loss* to the *owned auto* for the amount of each *loss* less any applicable deductible…" [emphasis in original]

"**Comprehensive:**
We will pay for each *loss*, less the applicable deductible, caused other than by *collision*."

25. In the same section, under a provision entitled "Limits of Liability" (Ex. A p. 13), states:

"The limit of our liability for *loss*:
   1. Is the *actual cash value* of the property at the time of *loss*."

26. The term "actual cash value" is defined as "the replacement cost of the auto or property less depreciation or betterment." Ex. A p. 12.

27. In order to legally drive a vehicle, Florida law requires the payment of license, title and registration fees, ranging from $46.15 to $72.40 for registration of title fees and $225.00 for license fees, among other mandatory fees.

28. The cost of replacing a vehicle, then, necessarily includes title and licensing and other fees, and Defendants' own policy indicates that "actual cash value" means the cost of replacing the subject auto.

29. The Geico General policy, Form A-70FL uses identical language as that mentioned *supra* ¶ 27-29.

30. Upon information and belief, every Florida policy and form used by both Defendants contain identical or substantially identical relevant language.

31. Certainly, Defendants' policies did not *exclude* title and licensing fees or state and local sales tax -- an industry standard for replacing a total loss vehicle -- from its definition of actual cash value.  Florida law is clear that insurers cannot limit the scope of a term, if it is not defined in the policy, to a narrow definition that benefits the insurer; in fact, if policy language is susceptible to more than one reasonable interpretation, it is construed in the light that would grant coverage, i.e. to the benefit of the insured and against the insurer. *Travelers Indem. Co. v. PCR Inc.,* 889 So. 2d 779 (Fla. 2004).

32. The Middle District has recently held that insurers must pay the actual cost of replacing the vehicle without deferring payment of sales tax until a replacement vehicle is purchased. *Bastian v. United Servs. Auto. Ass'n*, 137 F. Supp. 3d 1272 (M.D. Fla. 2015). There is no logical or statutory reason to treat sales tax -- which is a mandatory expense -- from other government and regulatory fees that are also mandatory expenses when purchasing a vehicle. Both are inherently a part of the replacement cost.

## CLASS ALLEGATIONS

33. The Plaintiffs bring this action seeking representation of a class pursuant to Fed. R. Civ. P. 23.

34. Plaintiffs' claims are typical to those of all class member because members of the class are similarly affected by Defendants' failure to properly pay state and local regulatory fees upon the total loss of insured vehicles. The material and relevant policy terms for each class member are identical to the terms of Plaintiffs' policies.

35. Plaintiffs' interests are coincident with and not antagonistic to those of other class members, nor are the Plaintiffs subject to any unique defenses.

36. The claim of the representative Plaintiffs raises questions of law and fact common to all members of the class, within the meaning of FRCP 23(a)(2), and they predominate over any questions affecting only individual Class Members within the meaning of Rule 23(b)(3). Said common questions include, but are not limited to, the following: (a) whether, under the Defendants' standardized policy language, Plaintiffs and the class members are owed ACV state and regulatory sales tax and state and local regulatory fees upon the total loss of an insured leased vehicle; and (b) whether the Defendants have breached their insurance contracts with the Plaintiffs and the class members by failing to pay state and local regulatory fees upon the total loss of an insured vehicle with comprehensive and collision coverage.

37. Plaintiffs' claims are typical of the claims of all other members of the class because all such claims arise from the allegedly improper failure by Defendants to pay state and local regulatory fees upon the total loss of insured vehicles.

38. Plaintiffs and their counsel will fairly and adequately protect and represent the interests of each member of the class.

39. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in prosecuting and defending class actions.

40. Class action is necessary, pursuant to Fed. R. Civ. P. 23(b)(1)(a), because the prosecution of separate actions by or against individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

41. Class treatment is also necessary, pursuant to Fed. R. Civ. P. 23(b)(1)(b), because the prosecution of separate actions by or against individual Class Members would create a risk of adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

42. Pursuant to Rule 23(b)(3), a class action is superior to the other available methods for a fair and efficient adjudication of the controversy because, among other reasons, it is desirable to concentrate the litigation of the Class Members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Furthermore, as the damages suffered by individual Class Members may be small, their interests in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for them to seek individual redress for the wrongs done to them.  There is no difficulty that would be encountered in the management of this case precluding its maintenance as a class action.

43. Plaintiff Bellamy bring this action as class representative, individually and on behalf of all other persons or entities similarly situated, more specifically defined in the following class and subclass:

### GEICO CLASS

All insureds, under a motor vehicle policy issued by Government Employee Insurance Company with comprehensive and/or collision coverage where said policy defines "actual cash value" as the cost of replacement (or substantially similar policy language), who sustained a total loss to said vehicle within the applicable statute of limitation period till the date of any certification order.

### GEICO FLORIDA SUBCLASS

All insureds, under a motor vehicle policy issued by Government Employee Insurance Company in the State of Florida with comprehensive and/or collision coverage, who sustained a total loss to said vehicle within the five year time period prior to the date on which this lawsuit was filed till the date of any certification order.

44. Mr. Cook and Mr. Jones bring this action as class representatives, individually and on behalf of all other persons or entities similarly situated, more specifically defined in the following class and subclass:

### GEICO GENERAL CLASS

All insureds, under a motor vehicle policy issued by Geico General with comprehensive and/or collision coverage where said policy defines "actual cash value" as the cost of replacement (or substantially similar policy language), who sustained a total loss to said vehicle within the applicable statute of limitation period till the date of any certification order.

### GEICO GENERAL FLORIDA SUBCLASS

All insureds, under a motor vehicle policy issued by Geico General in the State of Florida with comprehensive and/or collision coverage, who sustained a total loss to said vehicle

    within the five year time period prior to the date on which this lawsuit was filed till the date of any certification order.

45. The issues related to Plaintiffs' claims do not vary from the issues relating to the claims of the other members of the class such that a class action provides a more efficient vehicle to resolve this claim than through a myriad of separate lawsuits.

46. Certification of the above classes is also supported by the following considerations:

    a. The relatively small amount of damages that members of the classes have suffered on an individual basis would not justify the prosecution of separate lawsuits;
    b. Counsel in this class action is not aware of any previously filed litigation against the Defendants in which any of the members of the class are a party and which any question of law or fact in the subject action can be adjudicated; and
    c. No difficulties would be encountered in the management of Plaintiff's claim on a class action basis, because the class is readily definable, and the prosecution of this class action would reduce the possibility of repetitious litigation.

47. Finally, although the precise number of class members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery, Plaintiffs believe that because Defendants are one of the largest, if not the largest, motor vehicle insurer in the State of Florida, the class of persons affected by Defendants' unlawful practice consists of thousands of individuals or the class of persons affected are otherwise so numerous that joinder of all class members is impractical. The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendants pursuant to standardized insurance policy language, and results in the retention by Defendants of insurance benefits and monies properly owed to Plaintiff and the class members.

## CLAIM FOR BREACH OF CONTRACT AGAINST ALL DEFENDANTS
### (on behalf of all Classes and Subclasses)

48. The allegations contained in Paragraphs 1 through 50 above are incorporated herein by reference.

49. This claim is brought by all respective Plaintiffs on behalf of all of the respective Classes and Subclasses.

50. Pursuant to the aforementioned uniform contractual provisions, upon the total loss of insured vehicles covered by policies defined herein which include comprehensive and/or collision coverage, the Plaintiffs and the class members were owed the actual cash value of the vehicle, which would include mandatory state and local regulatory fees.

51. Defendants' failure to provide coverage for the aforementioned mandatory state and local regulatory fees constitutes a breach of said contractual provisions.  As a result of said breaches, Plaintiffs and the class members are entitled under Defendants' insurance policies to sums representing the benefits owed for mandatory state and local regulatory fees, as well as costs, prejudgment and postjudgment interest, and other relief as is appropriate.

52. In addition, Plaintiffs and the class members are entitled to an award of attorney's fees pursuant to §627.428 Fla. Stat.

WHEREFORE, the Plaintiffs, individually and on behalf of the Class, seek an award of compensatory damages as outlined above, pre and post judgment interests, costs, attorney's fees and such other relief this Court deems just and proper.  In addition, Plaintiffs seek trial by jury of all issues so triable.

Respectfully submitted this 5th day of December, 2018.

By: */s/ Ed Normand*
Edmund A. Normand
FBN: 865590
Normand, PLLC
3165 McCrory Place
Suite 175
Orlando, Florida 32803
407-603-6031
firm@ednormand.com
ed@ednormand.com

By: */s/ Jake Phillips*
Jacob L. Phillips
FBN: 0120130
Normand, PLLC
3165 McCrory Place
Suite 175
Orlando, Florida 32803
407.603.6031
jacob@ednormand.com

By:   /s/ Christopher J. Lynch
FBN 331041
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
Clynch@hunterlynchlaw.com
Lmartinez@hunterlynchaw.com

Tracy L. Markham
FBN 0040126
Avolio & Hanlon, P.C.
2800 N 5th Street, Suite 302
St. Augustine, Florida 32084
Phone: (904) 794 7005
Facsimile: (904) 794 7007
tlm@avoliohanlonfl.com

Christopher Hall
Andrew Lampros
Hall & Lampros, LLP
Appearing Pro Hac Vice
400 Galleria Parkway
Suite 1150

Atlanta, Georgia 30309
Telephone: (404) 876-8100
chall@hallandlampros.omc

Bradley W. Pratt
Florida Bar No. 0094300
Pratt Clay, LLC
4401 Northside Parkway
Suite 520
Atlanta, GA 30327

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice to electronic filing to all counsel on the Service List.

/s/ Jake Phillips
Jacob L. Phillips

## SERVICE LIST

| | |
|---|---|
| Amelia Toy Rudolph<br>FBN: 57015<br>Eversheds Sutherland (US) LLP<br>999 Peachtree Street, N.E.<br>Suite 2300<br>Atlanta, GA 30309<br>Tel: 404.853.8000<br>Fax: 404.853.8806<br>amelia.rudolph@sutherland.com<br><br>*Attorneys for Defendant* | Kymberly Kochis (pro hac vice)<br>Alexander Fuchs (pro hac vice)<br>Eversheds Sutherland (US) LLP<br>The Grace Building, 40th Floor<br>1114 Avenues of the Americas<br>New York, NY 10036<br>Tel: 212.389.5068<br>Fax: 212.389.5099<br>kymberlykochis@eversheds-sutherland.com<br>alexfuchs@eversheds-sutherland.com |