**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAURICE JONES, ANTHONY C. COOK
and MICAH BELLAMY,

    Plaintiffs,

v.                                                    Case No: 6:17-cv-891-Orl-40LRH

GOVERNMENT EMPLOYEES
INSURANCE COMPANY and GEICO
GENERAL INSURANCE COMPANY,

    Defendants.
_____/

## ORDER

Before the Court are Plaintiffs' Amended Motion for Class Certification (Doc. 119 ("**Motion**")) and responsive filings (Docs. 129, 134, 140). The Court held a hearing on the Motion (Doc. 151); this Order follows.

**I.    BACKGROUND**

In this case, six named Plaintiffs[1] bring suit on behalf of two putative classes against Defendants, Government Employees Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Company (collectively, "**GEICO**" or "**Defendants**"). (Doc. 71). Plaintiffs, who were insureds of GEICO, claim that GEICO failed to pay mandatory title transfer fees and license plate transfer fees ("**title and tag transfer fees**") on first-party total loss auto insurance claims. (*Id.* ¶¶ 1–5). Plaintiffs

---

[1]    Elizabeth Sullivan, Anthony Cook, Wilson Santos, Maurice Jones, Anthony Lorenti, and Ashley Barrett (collectively, "**Plaintiffs**"). (Doc. 71, p. 1).

maintain that GEICO's failure to pay these fees constitutes a breach of contract and violates state law. (*Id.*).

The GEICO insurance policies covering the putative class members' total loss claims (the "**Policies**") had identical essential terms. (Doc. 71, ¶¶ 14–20). Critically, the Policies define actual cash value ("**ACV**") as "the replacement cost of the auto or property less depreciation or betterment." (Doc. 71-1, p. 13; Doc. 119-3, p. 12; Doc. 114-4, p. 13). Because title and tag transfer fees are mandatory costs associated with the purchase or lease of a replacement vehicle after a total loss, these fees are included in "replacement cost" and must be paid under the Policies. (Doc. 119, p. 2; Doc. 119-1). Despite being contractually obligated to pay them, it is GEICO's practice to not pay title and tag transfer fees on total loss claims. (Doc. 119-7, pp. 5–6).

Accordingly, Plaintiffs seek to certify Florida and multi-state classes of similarly-situated individuals to recover unpaid title and tag transfer fees after total loss events. (Doc. 119, p. 1). GEICO opposes, advancing numerous arguments as to why Plaintiffs' Motion should be denied in its entirety.

## II. STANDARD OF REVIEW

"Questions concerning class certification are left to the sound discretion of the district court." *Griffin v. Carlin*, 755 F.2d 1516, 1531 (11th Cir. 1985). To certify a class action, the moving party must satisfy a number of prerequisites. First, the movant must demonstrate the named plaintiffs have standing and the class is clearly ascertainable. *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009). Second, the putative class must meet all four requirements enumerated in Federal Rule of Civil Procedure 23(a). *Id.* Those four

requirements are "numerosity, commonality, typicality, and adequacy of representation." *Id.* (quoting *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003)). Third, the putative class must fit into at least one of the three class types defined by Rule 23(b). *Id.* Relevant to this case, Rule 23(b)(3) permits certification of a class where (1) common questions of law or fact predominate over questions affecting class members individually, and (2) a class action is the superior method for resolving these common questions. *Id.* A party moving for certification of a Rule 23(b)(3) class in this Court also faces the added hurdle of proposing a cost-effective means of providing notice to putative class members. M.D. Fla. R. 4.04(b).

Certifying a class involves "rigorous analysis of the [R]ule 23 prerequisites." *Vega*, 564 F.3d at 1266 (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)). This inquiry is not a merits determination, though the Court "can and should consider the merits of the case [only] to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Id.* (quoting *Valley Drug*, 350 F.3d at 1188 n.15).

### III. DISCUSSION

#### A. The Proposed Florida Class

Plaintiffs seek to certify the following Florida Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All Florida residents insured for PPA [private passenger auto] physical damage coverage by [GEICO] who suffered a first-party loss of a covered owned (i.e., not leased) vehicle at any time during the five (5) years prior to the filing of this lawsuit through the date of class certification, whose claims were adjusted by a Defendant as a total loss claim, whose claims resulted in payment by a Defendant of a covered claim, and who were not paid title fees and/or license plate transfer fees.

(Doc. 119, p. 12–13).

### 1. Standing

To proceed with certification of this class, named Plaintiffs must have standing. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1321 (11th Cir. 2008). Prior to summary judgment, these elements are not particularly onerous and will be satisfied by "general factual allegations of injury resulting from the defendant's conduct." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The parties do not dispute this threshold inquiry, and the Court's independent review finds that named Plaintiffs have standing.

### 2. Ascertainability

"Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is adequately defined and clearly ascertainable." *Little*, 691 F.3d at 1304; *see also John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). To prove ascertainability, "the class definition [must] contain[] objective criteria that allow for class members to be identified in an administratively feasible way." *Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 946 (11th Cir. 2015). "Identifying class members is administratively feasible when it is a 'manageable process that does not require much, if any, individual inquiry.'" *Id.* (quoting *Bussey v. Macon Cty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014) (per curiam)).[2] The plaintiff must offer more than general assertions that class members can be identified through the defendant's records; "the plaintiff must also establish that the records are in fact useful for identification purposes, and that identification will be

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

administratively feasible." *Id.* at 948. The Court "need not know the identity of each class member before certification; ascertainability requires only that the [C]ourt be able to identify class members at some stage of the proceeding." *Id.* at 952 (Martin, J., concurring) (quoting Newberg on Class Actions § 3.3 (5th ed.)). In *Roth v. GEICO Gen. Ins. Co.*, the Southern District of Florida found a parallel class of insureds with leased vehicles covered by GEICO policies was ascertainable.[3]

Plaintiffs maintain that the Florida class is ascertainable, and in support submit a declaration from economist Jeffrey O. Martin. (Doc. 119-5 ("**Martin Decl.**")). Mr. Martin sets out a multi-layer, semi-automatic methodology for identifying class members by reference to ten data indicators from GEICO's data and third-party title information. (*Id.*).

Defendants argue that Plaintiffs have not proven ascertainability because they cannot differentiate between owned vehicles (part of the class) and leased vehicles (not part of the class). (Doc. 129, pp. 3–6). GEICO maintains that the Martin declaration is not entitled to consideration because it was untimely filed and, even if it were considered, it does not articulate a sufficiently reliable method for identifying owned vehicles "resulting in a class that is both under and over inclusive."[4] (*Id.*). GEICO also challenges ascertainability on the ground that Plaintiffs have not excluded claims where GEICO paid insureds title and tag transfer fees. (*Id.* at p. 7).

---

[3] No. 16-62942-Civ, Doc. 165, p. 7 n.1 (S.D. Fla. May 3, 2018) ("**Roth**"); *see also Roth*, Doc. 267, p. 3 ("[T]he Court finds that a simple back-and-forth process to vet the final list of class members and their damages amounts is not overly burdensome and will result in a final proposed judgment suitable for entry by the Court. The Court will refer this matter to the magistrate judge to supervise this process.").

[4] Prior to this hearing, the Magistrate Judge denied Defendant's objection to the timeliness of Mr. Martin's disclosure.

In their Reply brief, Plaintiffs maintain that—even before applying Mr. Martin's methodology—the class is 98.17% ascertained, and the remaining 1.83% of claims represent a *de minimis* amount. (Doc. 134, p. 2). And after applying Mr. Martin's methodology, the Florida class can be identified with greater certainty. (*Id.*). GEICO does not dispute this characterization in its Surreply, and instead only challenges ascertainability as to the multi-state proposed class.[5] (Doc. 140).

On this record, it appears that the class is ascertainable. An identification rate exceeding 98% assures the Court that the class is ascertainable, if not already substantially ascertained. Further, Plaintiffs identify a thorough methodology for identifying classmembers through the Martin declaration. In short, Plaintiffs met their burden of showing that the class can be ascertained by objective criteria in an administratively feasible way. *See Karhu*, 621 F. App'x at 946.[6]

### 3. Numerosity

Numerosity requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The general rule is that more than forty members is sufficient to demonstrate that joinder is impracticable. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 595 (3d Cir. 2012). While the party seeking certification need not identify the exact number of members in the proposed class, she cannot rest on "mere allegations

---

[5] However, during the hearing GEICO advanced numerous challenges to Mr. Martin's methodology, which the Court will address in the context of a *Daubert* challenge. In deciding Plaintiff's motion, based upon the record thus far, the Court is satisfied that Mr. Martin has articulated ascertainability via his analysis.

[6] That the class is not perfectly defined at this stage does not preclude certification. *See id.* at 952. To the extent there is slight over- and under-representation of owned vehicle insureds in the class, the Court is confident that the parties can cooperate in a "simple back-and-forth process to vet the final list." *See Roth*, Doc. 267, p. 3.

of numerosity." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983). Rather, the movant must provide the court with sufficient proof to support a reasoned finding that the certified class would meet the numerosity requirement. *Vega*, 564 F.3d at 1267.

Plaintiffs assert that "there are approximately 199,485 class members for the class period up through July 13, 2018," per GEICO's records. (Doc. 119, p. 14 (citing Doc. 119-5, ¶ 8)). Defendants do not challenge numerosity. (Doc. 129). This requirement is easily met. *See Marcus*, 687 F.3d at 595.

### 4. *Commonality*

Commonality requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This prerequisite does not demand that all questions of law or fact be common among the class members, only that all members base their claims on a common contention that is "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). One common question of law or fact is sufficient so long as answering the question is central to determining the validity of all of the class members' claims and will aid in the resolution of the case. *Id.* at 359.

Plaintiffs maintain that all claims share a common question of law: "whether GEICO breached the 'form' insurance Policies by failing to pay title or tag transfer fees on Florida first-party PPA [owned] vehicle total loss claims." (Doc. 119, p. 12). GEICO argues that Plaintiffs' supposed common question can only be answered on a claim-by-claim basis because the value of each claim depends on the insured having a valid Florida license plate at the time of the loss and the insured incurring Florida tag and title fees in the purchase of a replacement vehicle. (Doc. 129, pp. 7–8).

7

The Court finds that Plaintiffs have satisfied commonality. The question of whether GEICO breached its contractual obligations to insureds by not paying title or tag transfer fees is common to all putative classmembers and "capable of classwide resolution." *See Dukes*, 564 U.S. 338, 349–50. Though Defendants protest that some classmembers paid more than $79.85 and some (who did not replace their vehicle) paid nothing does not affect Defendants' responsibility to pay *mandatory* title and tag transfer fees to all insureds that suffered a PPA total loss claim. In any event, Defendants' merits challenge is best addressed at the summary judgment stage or at trial. *See Vega*, 564 F.3d at 1266. Commonality is met.

### 5. Typicality

Typicality demands that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This element of certification "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999) (quoting *Lightbourn v. Cty. of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997)), *cert. denied*, 528 U.S. 1159 (2000). The named plaintiffs' claims do not need to be identical to the claims of the absent class members, but they should "share the same essential characteristics" such that it would make sense for the plaintiffs to act as the class's representatives. *Haggart v. United States*, 89 Fed. Cl. 523, 534 (Fed. Cl. 2009) (quoting *Curry v. United States*, 81 Fed. Cl. 328, 335 (Fed. Cl. 2008)).

In support of the typicality requirement, Plaintiffs contend that the class Plaintiffs' claims were insured by materially identical GEICO policies, the named Plaintiffs suffered

a total PPA loss, and GEICO allegedly breached the Polices in the same way—by failing to pay mandatory title and tag transfer fees. (Doc. 119, p. 17). GEICO disagrees, arguing that each classmember will need to engage in an individual analysis to determine fees owed. (Doc. 129, p. 9).[7]

The named Plaintiffs' claims are typical of the putative class. Like the putative Florida classmembers' claims, named Plaintiffs' claims involve the alleged breach of identical contractual provisions pursuant to GEICO's standard practice. (Doc. 119-3, pp. 12–15; Doc. 119-4, pp. 12–15; Doc. 119-7, pp. 5–6). Because the classmembers' claims are approximately identical and proving the named Plaintiffs' claims would necessarily prove claims classwide, typicality is met. *See Kornberg v. Carnival Cruise Lines*, 741 F.2d 1332, 1337 (11th Cir. 1984) ("[Typicality is met] if the claims or defenses of the class and the class representative[s] arise from the same event or pattern or practice and are based on the same legal theory."); *Haggart*, 89 Fed. Cl. at 534.

### 6. Adequacy of Representation

The final Rule 23(a) element, adequacy of representation, requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation refers both to the named plaintiff who intends

---

[7] GEICO relies on *DWFII Corp. v. State Farm Mut. Auto. Ins. Co.*, 271 F.R.D. 676 (S.D. Fla. 2010), to support its argument that typicality is not met where each "member of the putative class would have to engage in" an individualized analysis involving "different policyholders, different medical services, different billing codes, and different defenses." *Id.* at 688. *DWFII* is inapposite. Although the case at bar involves different policyholders, far fewer individualized inquiries are implicated by this case. Defendants allegedly breached contracts with identical material terms by engaging in a uniform policy to not pay mandatory title and tag transfer fees. This is not a case involving myriad "medical services, different billing codes, and different defenses." *See DWFII*, 271 F.R.D. at 688.

to represent the absent class members and to the lawyers who intend to serve as class counsel. *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003). Regarding the latter, class counsel will adequately represent the class if they are "qualified, experienced, and generally able to conduct the proposed litigation." *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985). This requires the court to evaluate a number of factors, including counsel's knowledge and experience with class action litigation, counsel's knowledge and experience with the substantive law governing the class's claims, the resources available to counsel to pursue the class's claims, the quality of counsel's litigation efforts so far, and any other relevant factor speaking to counsel's ability to represent the class's legal interests. *See* 1 NEWBERG ON CLASS ACTIONS §§ 3:73–3:79 (5th ed. 2011).

As to the adequacy of the proposed class representative, a named plaintiff will be adequate as long as (1) she is qualified, and (2) she has no substantial conflict of interest with the class. *Valley Drug*, 350 F.3d at 1189. A named plaintiff is qualified if she holds a basic understanding of the facts and legal theories underpinning the lawsuit and is willing to shoulder the burden of litigating on the class's behalf. *See New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007). At the certification stage, inquiry into a proposed representative's qualifications is not especially stringent. *See Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 727 (11th Cir. 1987) (stating that certification should only be denied for inadequate representation where the plaintiff's lack of knowledge and involvement with the case essentially amounts to abdication of her role in the case), *cert. denied*, 485 U.S. 959 (1988). A named plaintiff will have a substantial conflict of interest which precludes her from acting as class representative when her

interests are so antagonistic to the interests of the absent class members that she cannot fairly pursue the litigation on their behalf. *See Griffin*, 755 F.2d at 1533; *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 989 (11th Cir. 2016).

Defendants challenge adequacy of representation, principally arguing that named Plaintiffs cannot adequately represent the class because some classmembers may have incurred different fees or no fees at all if they did not replace the lost vehicle. (Doc. 129, p. 9). The Court disagrees. First, GEICO points to scant evidence that the fees paid by named Plaintiffs and putative classmembers differed. Second, GEICO does not address Plaintiffs' rebuttal, that GEICO was obligated to pay title and transfer fees regardless of whether the vehicle was replaced, negating some of the alleged variation in claim value.

The Court finds the named Plaintiffs are adequate class representatives. The Court does not perceive any conflicts of interest between Plaintiff and the putative class. Additionally, Plaintiffs' counsel is qualified under Rule 23(g)(1) to represent the class. Class counsel is experienced in litigating class actions and has recently enjoyed success in class actions nearly identical to this case. (*See* Doc. 119-1).

### 7. Predominance and Superiority

In addition to demonstrating standing and satisfying Rule 23(a)'s four prerequisites, a plaintiff must show that the putative class she wishes to certify falls into at least one of Rule 23(b)'s three class types. Rule 23(b)(3) affords class status where (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

These two elements are referred to as "predominance" and "superiority," respectively, and the Court discusses them in turn.

### a. *Predominance*

Predominance refers to the class's cohesion as a whole and examines whether adjudication of members' individual interests on a classwide basis would be appropriate. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). In determining predominance, the district court assesses the issues of law and fact likely to arise during the litigation and weighs whether issues common to the class predominate over issues which are unique to each individual class member. *Id.* at 622–23 & n.18. Ultimately, predominance revolves around the quality, rather than the quantity, of the class members' shared interests. *Stillmock v. Weis Mkts., Inc.*, 385 F. App'x 267, 272 (4th Cir. 2010). Where the litigation is defined by individualized inquiries regarding the defendant's possible liability to each class member, predominance is lacking and certification should be denied. *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010). However, where the class members seek answers to the same questions and those answers would "have a direct impact on every class member's effort to establish liability," common issues predominate and certification should be granted. *Id.* (quoting *Vega*, 564 F.3d at 1270) (internal quotation marks and emphasis omitted).

Defendants overstate both the number of individual issues and the potential difficulties they may cause. For instance, "thousands of individual file-by-file reviews" (Doc. 129, p. 11) will not be required to address insureds who were paid some amount of title or tag transfer fees. Rather, damage awards to classmembers who received partial

payment (the number of which GEICO fails to mention) can be mechanically set off by the amount paid. *See, e.g., Brown v. Electrolux Home Prod., Inc.*, 817 F.3d 1225, 1239 (11th Cir. 2016) ("[I]ndividual damage calculations generally do not defeat a finding that common issues predominate."). GEICO's challenge to the flat $79.85 Plaintiffs seek for the class is likewise unpersuasive. Plaintiffs maintain that the minimum combined title and tag transfer fees assessed in Florida is $79.85. The Amended Complaint, class definition, and Plaintiffs' briefs are consistent on the point that Plaintiffs only seek to recover this minimum mandatory amount on behalf of the class. That some classmembers may have incurred slightly more fees levied by municipal governments has little bearing on the merits of Plaintiffs' case. Defendants remaining arguments fail to move the needle and are rejected out of hand. Predominance is easily met.

    b.  *Superiority*

Superiority refers to whether the class action mechanism "would be the best or the fairest way" to resolve the parties' dispute when compared to available alternatives. *Ungar v. Dunkin' Donuts of Am., Inc.*, 68 F.R.D. 65, 148 (E.D. Pa. 1975), *rev'd on other grounds*, 531 F.2d 1211 (3d Cir. 1976), *cert. denied*, 429 U.S. 823 (1976). Determining superiority requires the court to evaluate the four factors enumerated by Rule 23(b)(3). *See Vega*, 564 F.3d at 1278. These four factors are: (1) the class members' interests in individually controlling the prosecution of their own claims, (2) the extent and nature of litigation already initiated by individual class members, (3) the desirability of concentrating litigation in a single forum, and (4) whether there will be difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)–(D).

Defendants' superiority argument lacks merit. According to Defendants, the Court will need to hold "[t]housands of mini-trials" to determine (i) who is in the class, (ii) whether title and tag fees are owed, and (iii) if so, in what amount. (Doc. 129, pp. 12–13). Not so. Class membership can be ascertained by reference to GEICO's data and title records. Further, Defendants have not shown that an insured must actually incur title and tag fees to be entitled to the same under the Policies. And as to amount, Plaintiffs proffer that they seek $79.85 per classmember, which represents the minimum title and tag transfer fees in Florida.

Tellingly, Defendants ignore the other three factors identified by Rule 23(b)(3) and indeed the very purpose of class action litigation. "The class[ ]action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). Class actions mitigate against the unlikelihood that individuals will pursue small claims "by aggregating the relatively paltry potential recoveries into something worth someone's . . . labor." *Amchem Prods.*, 521 U.S. at 617 (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (1997)). The case at bar exemplifies the class action purpose. Plaintiffs seek to certify a class to vindicate approximately 200,000 $79 claims. Defendants' assertion that "individual actions" would be the fairest way to resolve the parties' dispute cannot be taken seriously. The implied expectation that droves of individuals within the putative class would, absent class certification, engage lawyers to pursue $79 claims defies logic. *See Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 744 (7th Cir. 2008) ("If every small claim had to be litigated separately, the vindication of small claims would be rare.");

*see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 813 (1985) (noting that class actions often involve "an aggregation of small individual claims, where a large number of claims are required to make it economical to bring suit").

Reference to the Rule 23(b)(3) factors erases all doubt that superiority is met: (1) the class members' interest in controlling the prosecution of these relatively small claims is low; (2) Plaintiffs have invested substantial time and resources into litigating this action, and several other related class actions are ongoing or already completed; (3) combining the large number of small claims by Florida classmembers in this Court is highly desirable; and (4) there will not be substantial difficulties in litigating these claims together. *See* Fed. R. Civ. P. 23(b)(3).

Thus, the class action method provides a superior method for resolving the parties' dispute, as compared to the available alternatives.

### B. The Eight-State Class

Plaintiffs also seek to certify the following eight-state class of individual plaintiffs:

> Residents of the states of Connecticut, Indiana, Maine, New Hampshire, New Jersey, New York, Vermont, and Wyoming insured for PPA physical damage coverage by [Geico] who suffered a first-party loss of a covered vehicle at any time during the applicable statute of limitations in each state through the date of class certification, whose claims were adjusted by a Defendant as a total loss claim, whose claims resulted in payment by a Defendant of a covered claim, and who were not paid title and tag fees mandated on the purchase of a private passenger auto.

(Doc. 134, p. 10). Plaintiffs initially proposed a forty-nine state class (Doc. 119, p. 22), but narrowed the proposition to eight states in their Reply brief. (Doc. 134, p. 10). Plaintiffs purportedly chose these eight states after learning through discovery that Defendants' use substantially similar policy language in these states and "[n]one of these states has

any unique state law statute or regulation requiring or precluding payment of title and tag fees as part of ACV." (Doc. 134, pp. 8–10).

In arguing for certification of the eight-state class, Plaintiffs generically assert that "[n]one of these eight states ha[ve] any unique state law statute or regulation requiring or precluding payment of title and tag fees as part of ACV." (Doc. 134, pp. 9–10). Plaintiffs offer no citations to authority showing that each state charged mandatory tag and title transfer fees—a prerequisite to a claim that Defendants owed putative classmembers such fees.[8] Without this information, the Court cannot find that Plaintiffs established commonality or typicality as to the multi-state class.

Plaintiffs have likewise failed to show that the numerosity requirement is met as to the multi-state class. (Doc. 134). While the Court suspects numerosity would be easily met, it is Plaintiffs' burden to affirmatively establish all Rule 23 prerequisites are satisfied. Plaintiffs' motion to certify a multi-state class is thus due to be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Amended Motion for Class Certification (Doc. 119) is **GRANTED IN PART** and **DENIED IN PART**.

2. The Court hereby certifies a class (the "**Florida Class**") pursuant to Fed. R. Civ. P. 23(b)(3) consisting of the following:

   All Florida residents insured for PPA [private passenger auto] physical damage coverage by [Geico] who suffered a first-party loss of a covered owned (i.e., not leased) vehicle at any time during the

---

[8] Defense counsel raised several additional cogent objections to certification of the multi-state class, including whether the various state law governing the interpretation of contracts favors Plaintiff or Defendant, and whether each state and county charges a tag fee.

five (5) years prior to the filing of this lawsuit through the date of class certification, whose claims were adjusted by a Defendant as a total loss claim, whose claims resulted in payment by a Defendant of a covered claim, and who were not paid title fees and/or license plate transfer fees.

3. Elizabeth Sullivan, Anthony Cook, Wilson Santos, Maurice Jones, Anthony Lorenti, and Ashley Barrett are hereby certified as representatives of the Florida Class.

4. Bradley W. Pratt, Esq., Pratt Clay, LLC, Tracy L. Markham, Esq., Avolio & Hanlon, P.C., Andrew Lampros, Esq., Hall & Lampros, LLP, Christopher Lynch, Esq., Christopher J. Lynch, P.A., Christopher Hall, Esq., Hall & Lampros, LLP, Edmund A. Normand, Esq., and Normand Law PLLC are hereby certified as Class Counsel pursuant to Rule 23(g)(1).

5. On or before April 15, 2019, the parties shall jointly file for approval by the Court a proposed notice to Florida Class members; alternatively, if the parties cannot agree on a proposed notice, Plaintiffs shall file a proposed notice on or before [same day], and Defendants shall file any objections within three (3) days of the filing of Plaintiffs' proposed notice.

**DONE AND ORDERED** in Orlando, Florida on April 4, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties