EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY COOK, MICAH BELLAMY, and          CASE NO.: 6:17-cv-891-ORL- 40KRS
MAURICE JONES, As Personal Representative
and on behalf of the Estate of Kailyn Jones,
each individually and on behalf of all others
similarly situated,

     Plaintiffs,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY and GEICO
GENERAL INSURANCE COMPANY,

     Defendant.

_____/


ANTHONY LORENTI and ASHLEY BARRETT,    CASE NO.: 6:17-cv-1755-PGB- 40DCI
Individually and on behalf of all others similarly
situated,

     Plaintiffs,

v.

GEICO INDEMNITY COMPANY,

     Defendant.

_____/


**CLASS ACTION SETTLEMENT AGREEMENT**

# TABLE OF CONTENTS

**Page**

EXHIBITS.................................................................................................................3

RECITALS ...............................................................................................................4

I.       DEFINITIONS ...........................................................................................8

II.      PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS ............................14

III.     DATA PRODUCTION RELATING TO EXPANDED CLASS ......................................18

IV.      CLASS NOTICE .......................................................................................18

V.       SETTLEMENT ADMINISTRATOR .................................................................21

VI.      CLASS ACTION FAIRNESS ACT NOTICE .......................................................22

VII.     CLAIMS PAYMENTS.................................................................................22

VIII.    CLAIM SUBMISSIONS...............................................................................23

IX.      CLAIMS ADMINISTRATION .......................................................................23

X.       ATTORNEYS' FEES AND COSTS AWARD AND SERVICE AWARDS......................25

XI.      FINAL APPROVAL OF THE PROPOSED SETTLEMENT ......................................26

XII.     REQUESTS FOR EXCLUSION AND OBJECTIONS .............................................28

XIII.    DENIAL OF LIABILITY .............................................................................30

XIV.     DISMISSAL OF ACTION AND RELEASE OF CLAIMS .......................................30

XV.      RETENTION OF RECORDS .........................................................................31

XVI.     VACATUR OF SUMMARY JUDGMENT ORDER ...............................................31

XVII.    MISCELLANEOUS PROVISIONS .................................................................31

**<u>EXHIBITS</u>**

1.  Proposed Preliminary Approval Order

2.  Mailed Notice (i.e., Postcard Notice, including detachable Claim Form)

3.  E-mail Notice Forms Nos. 1, 2, and 3

4.  Claim Form

5.  Electronic Claim Form

6.  Longform Notice Form

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is made by and between (1) Anthony Cook, Maurice Jones, Micah Bellamy, Anthony Lorenti, and Ashley Barrett, (together, the "Plaintiffs"), on behalf of themselves and as representatives of the Settlement Class defined below, and (2) Government Employees Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Company (together, "GEICO" or "Defendants").  Plaintiffs and Defendants are referred to collectively as "the Parties."

This Agreement effects a full and final settlement and dismissal with prejudice of all of the Released Claims against all Released Persons relating to the above-captioned lawsuits (together, the "Action") on the terms and to the full extent set forth below, subject to the approval of the Court.

## RECITALS

WHEREAS, on May 17, 2017, Elizabeth Sullivan (on behalf of the Estate of Robert Sullivan) originally filed a Class Action Complaint against Defendant Government Employees Insurance Company in the United States District Court for the Middle District of Florida, Case No. 6:17-cv-891-ORL-40KRS; and

WHEREAS, on June 2, 2017, Elizabeth Sullivan and Maurice Jones (on behalf of the Estate of Kailyn Jones) filed an Amended Complaint (Doc. 8) to correct the case style and address deficiencies noted by the Court in its Show Cause Order (Doc. 5) and to add Mr. Jones as a plaintiff; and

WHEREAS, on August 29, 2017, Plaintiff Sullivan and Plaintiff Jones subsequently filed a Second Amended Complaint (Doc. 10) to add Wilson Santos and Anthony Cook as plaintiffs and to add GEICO General Insurance Company as a defendant; and

WHEREAS, on October 17, 2017, Anthony Lorenti originally filed a Class Action Complaint against Defendant GEICO Indemnity Company in the United States District Court for the Middle District of Florida, Case No. 6:17-cv-1755-ORL-40DCI; and

WHEREAS, on December 5, 2017, the Court ordered the two cases to be consolidated, with the first-filed Sullivan complaint designated as the lead action (Doc. 36); and

WHEREAS, on December 18, 2017, Defendants filed multiple motions to dismiss and/or strike various claims and/or allegations in the Complaints (Docs. 40-43); and

WHEREAS, on January 8, 2018, Plaintiff Lorenti and Plaintiff Ashley Barrett filed an Amended Complaint to add Ms. Barrett as a plaintiff (Doc. 47); and

WHEREAS, following the Court's Order deeming their originally filed Motion to Strike and Motion to Dismiss the Lorenti/Barrett Complaint moot, GEICO filed a Motion to Dismiss the Lorenti/Barrett Amended Complaint and a Consolidated Motion to Strike all nationwide allegations (Docs. 53 and 59); and

WHEREAS, Plaintiffs filed consolidated responses in opposition to GEICO's motions (Docs. 64-65); and

WHEREAS, on April 6, 2018, Magistrate Judge Spaulding recommended that GEICO's Motions be denied (except as to Count II of the Lorenti/Barrett complaint, to which Plaintiffs had stipulated) (Doc. 69), to which GEICO objected (Doc. 72) and Plaintiffs responded (Doc. 75)); and

WHEREAS, on April 10, 2018, Plaintiff Lorenti and Plaintiff Barrett filed a Second Amended Complaint (an operative complaint) solely to add allegations concerning a second total-loss accident suffered by Plaintiff Barrett (Doc. 71); and

WHEREAS, on August 1, 2018, the Court issued an Order adopting the Report & Recommendation issued by Judge Spaulding (Doc. 79); and

WHEREAS, on September 10, 2018, the Court issued an Order permitting Wilson Santos to withdraw from this Action (Doc. 83); and

WHEREAS, on November 1, 2018, Plaintiffs moved to certify a Florida class of GEICO

insureds and a multistate class of GEICO insureds (Doc. 99); and

WHEREAS, on November 2, 2018, Plaintiff Micah Bellamy moved to intervene and be added as class representative, and on November 6, 2018, Plaintiffs moved to substitute Mr. Bellamy for Ms. Sullivan as a named plaintiff and class representative (Docs. 100, 102); and

WHEREAS, on November 30, 2018, the Court granted Plaintiffs' Motion to Substitute Mr. Bellamy for Ms. Sullivan as a named plaintiff and class representative (Doc. 114), and Plaintiffs Bellamy, Cook, and Jones filed a Third Amended Complaint (an operative complaint) in accordance with such Order (Doc. 118), and Plaintiffs filed an Amended Motion for Class Certification solely to reflect that Mr. Bellamy (and not Ms. Sullivan) sought to represent the Class (Doc. 119); and

WHEREAS, on December 17, 2018, the Parties engaged in arm's length settlement negotiations at mediation before mediator Richard Reinhart; and

WHEREAS, GEICO filed an opposition to Plaintiffs' Amended Motion for Class Certification on December 19, 2018 (Doc. 129), Plaintiffs filed a reply in support of class certification on January 2, 2019 (Doc. 134), and GEICO filed a sur-reply on February 14, 2019 (Doc. 140); and

WHEREAS, on April 2, 2019, the Court conducted a Hearing on the issue of whether the Class should be certified; and

WHEREAS, on April 4, 2019, the Court issued an Order certifying a Florida class and denied Plaintiffs' request to certify a multistate class of GEICO insureds (Doc. 152); and

WHEREAS, on April 15, 2019, the Parties filed a Joint Notice of Filing Proposed Notice to Class Members (Doc. 161); and

WHEREAS, on June 7, 2019, the Court entered an order approving the Parties' joint proposed notice plan (Doc. 175); and

WHEREAS, in May-June 2019, the Parties filed cross-motions for summary judgment (including briefs in support, opposition, and reply) concerning Plaintiffs' operative Complaints (Docs. 164, 165, 171, 178, 179, 180); and

WHEREAS, on July 19, 2019, the Court entered an Order granting Plaintiffs' Motion for Summary Judgment in favor of Plaintiffs and the Florida class, and denying GEICO's Motion for Summary Judgment, holding that GEICO's failure to include title and registration transfer fees in first-party owned vehicle total loss settlement payments constituted a material breach of contract, and granting relief in the amount of $79.35 for each of the Plaintiffs and Florida class members (Doc. 185); and

WHEREAS, on July 24, 2019, Plaintiffs filed an Unopposed Motion for Approval of Revised Notice to Class Members to reflect the Court's Order on summary judgment (Doc. 188), and on July 25, 2019, the Court granted the motion and approved the proposed modified notice to class members (Doc. 190); and

WHEREAS, on August 6, 2019 and following the Court's Order Granting Summary Judgment to Plaintiffs, Plaintiffs mailed, through the claims' administrator, postcard notice reflecting the Court's Order on summary judgment to the members of the certified class; and

WHEREAS, on September 13, 2019, the Parties engaged in arm's length settlement negotiations at mediation before mediator Rodney Max;

WHEREAS, GEICO denied and continues to deny all material allegations of the Action, maintains it acted in accordance with the insurance policies and all applicable laws and regulations and abided by all its contractual and statutory obligations, and would appeal this Action should it continue and should final judgment be entered; and

WHEREAS, the Plaintiffs and Class Counsel, while believing that the claims asserted in the Action are meritorious have considered the risks associated with the continued prosecution of this

complex and time-consuming litigation, the risk associated with currently-pending appeals on the

same or similar issues in other cases (including an appeal before the Eleventh Circuit), the relief

secured in this Agreement, as well as the likelihood of success on the appeal of this Action, and

believe that, in consideration of all the circumstances, the Proposed Settlement embodied in this

Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members;

and

WHEREAS, GEICO, while denying wrongdoing of any kind and without admitting

liability, nevertheless agrees to enter into this Agreement to avoid further burden, expense and risk

of protracted litigation and to effect a full and final settlement of the claims asserted in this Action

on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY AGREED by and among the Parties, through their

respective counsel, that the Action be settled and compromised by the Plaintiffs, the Settlement

Class, and GEICO on the following terms and conditions, subject to the approval of the Court

after hearing:

## I.    DEFINITIONS

For purposes of this Settlement Agreement, the following terms shall be defined as set

forth below:

    a.    "Attorneys' Fee Award" means the Court-determined award of attorneys' fees, costs, and expenses to Class Counsel.

    b.    "Automobile Insurance Policy" means a Florida policy of insurance issued by GEICO in effect during the Class Period and providing first-party private-passenger automobile physical damage coverage.

    c.    "Blank Claim Form" shall mean a claim form that is not pre-filled with the Settlement Class Member name, date of loss, or Claim ID.

    d.    "Confidential Information" means the names, addresses, policy numbers and any and all data provided by GEICO relating to potential Settlement Class Members, including Extended Class Members, and any other proprietary business

information of GEICO.

e.  "Claim Form" means the Court-approved paper (not electronic) claim form, without material alteration from Exhibit 4, that a Settlement Class Member may submit to be considered for payment under the Final Settlement.

f.  "Claim Payment" means the payment issued by GEICO to Settlement Class Members who submit valid and timely claims, as set forth in Paragraphs 31-42.

g.  "Claims Submission Deadline" means the date by which Claim Forms must be postmarked or Electronic Claim Forms must be electronically submitted to be considered timely. The Claims Submission Deadline shall be no more than 90 days from the Mail Notice Date.

h.  "Class Counsel" means the attorneys approved and appointed by the Court to represent the Settlement Class Members.

i.  "Class Period" means for Settlement Class Member total loss claims insured by Government Employees Insurance Company or GEICO General Insurance Company, the period from May 17, 2012, through the date the Court enters the Preliminary Approval Order; and for Settlement Class Member total loss claims insured by GEICO Indemnity Company the period from October 10, 2012, through the date the Court enters the Preliminary Approval Order.

j.  "Court" means the United States District Court for the Middle District of Florida.

k.  "Covered Total Loss Claim" means any first-party private passenger auto property damage claim determined to constitute a Total Loss to an insured automobile that (a) occurred within the Class Period, (b) relates to an owned (i.e. not leased) vehicle, (c) was determined by GEICO or by a court or arbitrator of competent jurisdiction to be covered by an Automobile Insurance Policy issued by GEICO, and (d) resulted in a Total Loss Claim Payment.

l.  "E-mail Notice Dates" means the three dates on which the E-Mail notice is e-mailed to potential Settlement Class Members, as provided in Paragraphs 9-26.

m.  "E-mail Notices" means the Court-approved notice forms for Emails Nos. 1, 2, and 3, without material alteration from Exhibit 3, e-mailed to potential Settlement Class Members, as provided in Paragraphs 9-26.

n.  "Effective Date" means the date that is five (5) days after the following conditions have been met:

    (1) This Agreement has been fully executed by the Parties and/or their counsel;
    (2) No Party has terminated the Agreement;
    (3) Orders have been entered by the Court certifying a Settlement Class, granting preliminary approval of this Agreement, and approving a form of

notice and claim forms as provided in this Agreement;

(4) The Court has entered the Final Order and Judgment approving this Agreement and releasing all Released Persons from all Released Claims, and dismissing the Action with prejudice and without leave to amend, as provided in this Agreement;

(5) The Court has fully resolved any application made by Class Counsel for an Attorneys' Fee Award and Service Award; <u>and</u>

(6) The Final Order and Judgment has become Final as defined in Paragraph (v) below.

o. "Electronic Blank Claim Form" means an electronic claim form that is not pre-filled with the Settlement Class Member's name, claim date of loss, or Claimant ID. An Electronic Claim Form may be submitted and signed electronically by a Settlement Class Member.

p. "Electronic Claim Form" means the Court-approved electronic (not paper) claim form, without material alteration from Exhibit 5 except those alterations necessary to convert to electronic format with the functionality described in Paragraphs 36-37, that a Settlement Class Member may submit electronically to be considered for payment under the Final Settlement.

q. "Eligible Class Member" means a Settlement Class Member who timely submits a Claim Form or Electronic Claim Form in accordance with Paragraphs 31-42, and satisfies the eligibility criteria stated in Paragraph 31-42 and (qq) below.

r. "Expanded Class Data" means the policy and claims data for all Florida first-party total loss claims during the Expanded Class Period that is the same data and format as contained in SLGEICO031356, SLGEICO031414, SLGEICO03895-1, SLGEICO03896-2, SLGEICO03897-1, SLGEICO05723, SLGEICO05724, SLGEICO05725, SLGEICO05726, SLGEICO05727, SLGEICO05757, and SLGEICO31414 (as updated or supplemented by GEICO during the lawsuit).

s. "Expanded Class Member" means Florida policyholders who were insured for private-passenger auto physical damage coverage by GEICO who suffered a first-party loss of a covered owned (i.e., not leased) vehicle during the period April 5, 2019 through the date the Court enters the Preliminary Approval Order, whose claims were adjusted by a Defendant as a total-loss claim and resulted in a Total Loss Claim Payment before the date of Preliminary Approval Order, that did not include full Title, Tag and Branch Transfer Fees. All Expanded Class Members are members of the Settlement Class.

t. "Expanded Class Period" means the period April 5, 2019 through the date the Court enters an order of Preliminary Approval of the Settlement and Settlement Class.

u. "Fairness Hearing" means the fairness hearing conducted by the Court to consider final approval of this Agreement, as set forth in Paragraph 3(l).

v.     "Final" means that (a) the Final Order and Judgment is a final, appealable judgment and (b) either (i) no appeal has been taken from the Final Order and Judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the Final Order and Judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or reargument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been fully and finally resolved in such manner that affirms the Final Order and Judgment.

w.     "Final Approval Hearing" means the hearing before the Court at or after which the Court will make a final decision whether to approve the proposed settlement set forth herein as fair, reasonable and adequate.

x.     "Final Order and Judgment" means an order from the Court approving the Settlement Agreement, disposing of all claims asserted in the Action, and settling and releasing all claims consistent with the terms of this Agreement.

y.     "Final Settlement" means the settlement approved by the Court in the Final Order and Judgment as fair, reasonable, and adequate.

z.     "Service Award" means the potential award to each of the Plaintiffs, if any, as determined by the Court.

aa.    "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Settlement Class Member's estate; a guardian, conservator, or next friend of an incapacitated Settlement Class Member; or any other legally appointed Person or entity responsible for handling the affairs of a Settlement Class Member. For purposes of completing a claim form, a surviving spouse of a deceased class member will be considered a legally authorized representative for purposes of this agreement if no Estate has been opened, and no other person has legal authority for handling the affairs of the deceased Settlement Class Member.

bb.    "Longform Notice" means Notice without material change from Exhibit 6.

cc.    "Mail Notice" means the Court-approved short form notice (i.e., postcard notice), without material alteration from Exhibit 2, mailed via first-class mail to potential Settlement Class Members, as provided in Paragraphs 9-26.

dd.    "Mail Notice Date" means the date that the initial mailing of the Mailed Notice to potential Settlement Class Members as set forth in Paragraph 11 is completed.

ee.    "Neutral Evaluator" means a neutral third party agreed to by the parties as provided in Paragraph 42, whose duties are limited to those set forth in Paragraphs 42.

ff.     "Opt-Out List" means the list of valid and timely requests for exclusion from the Settlement Class compiled by the Settlement Administrator, as set forth in Paragraph 50.

gg.     "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

hh.     "Policyholder" means any "person" who was an insured under a GEICO Florida policy.

ii.     "Preliminary Approval Hearing" means any hearing at or after which the Court makes a preliminary decision whether to approve the settlement set forth in this Settlement Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval.

jj.     "Proposed Preliminary Approval Order" means the proposed order attached hereto as Exhibit 1.

kk.     "Proposed Settlement" means the settlement described in this Agreement, before final approval by the Court.

ll.     "Release" shall have the meaning given such term in Paragraphs 62-63.

mm.     "Released Claims" means and includes any and all known and unknown claims, rights, actions, suits or causes of action of whatever kind or nature, whether *ex contractu* or *ex delicto*, statutory, common law or equitable, including but not limited to breach of contract, bad faith or extracontractual claims, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to GEICO's failure to pay sufficient title transfer fees and/or tag transfer fees and/or branch fees to Plaintiffs and all Settlement Class Members with respect to any Covered Total Loss Claim during the Class Period under an Automobile Insurance Policy. Released Claims do not include any claim for enforcement of the contemplated Settlement Agreement and/or Final Order and Judgment. Released Claims do not include any claims, actions, or causes of action alleging that GEICO failed to properly calculate the value of total loss vehicles except to the extent that such claims, actions, or causes of action relate to failure to pay sufficient title transfer fees and/or tag transfer fees and/or branch fees. Released Claims do not include any claims, actions, cause of actions, or suits for failure to pay dealer fees, document fees, ready-to-go fees, dealer prep fees, or stamp fees by any other term or category except to the extent that they seek recovery for title transfer fees and/or tag transfer fees and/or branch fees. Released Claims do not include any claims, actions, cause of actions, or suits of any kind or nature relating to leased vehicle total losses.

nn.     "Releasing Persons" means: (a) Plaintiffs; and (b) Settlement Class Members who do not otherwise timely opt-out of the Settlement Class (whether or not such

members submit claims) and their respective present, former or subsequent assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, agents, employees and anyone working on their behalf.

oo.    "Released Persons" means (a) GEICO; (b) all divisions, parent entities, affiliates, and subsidiaries of GEICO; (c) all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, insurers and reinsurers; and (d) all of the heirs, estates, successors, assigns, and legal representatives of any of the entities or Persons listed in this Paragraph.

pp.    "Settlement Administrator" means KCC Class Action Services, LLC ("KCC").

qq.    "Settlement Class" is defined as

> All Florida policyholders who were insured for private-passenger auto physical damage coverage by Government Employees Insurance Company or GEICO General Insurance Company who suffered a first-party loss of a covered owned (i.e., not leased) vehicle at any time from May 17, 2012, through the date the Court enters the Preliminary Approval Order, whose claims were adjusted by a Defendant as a total-loss claim and resulted in payment by a Defendant of a covered claim, and who were not paid full Title, Tag and Branch Transfer Fees; and all Florida policyholders who were insured for private-passenger auto physical damage coverage by GEICO Indemnity Company who suffered a first-party loss of a covered owned (i.e., not leased) vehicle at any time from October 10, 2012, through the date the Court enters the Preliminary Approval Order, whose claims were adjusted by a Defendant as a total-loss claim and resulted in payment by a Defendant of a covered claim, and who were not paid full Title, Tag and Branch Transfer Fees.

> Excluded from the Class are:

> (1) GEICO, all present or former officers and/or directors of GEICO, the Neutral Evaluator, Class Counsel, and a Judge of this Court;
> (2) Claims for which GEICO received a valid and executed release;
> (3) Claims relating to leased vehicles;
> (4) Individuals who requested exclusion from the original Class;
> (5) Claims where GEICO paid full Title, Tag and Branch Transfer Fees; and
> (6) Individual claims for first-party property damage for which the individual process of appraisal or arbitration has been completed or initiated at the time this Settlement Agreement is filed.

rr.    "Settlement Class Member" means any Person encompassed by the definition of the Settlement Class and not excluded from the class as set forth above.

ss.    "Title, Tag and Branch Transfer Fees" means $75.25 for title transfer fees, $4.10 for registration transfer fees, and $0.50 for branch fees.

tt.   "Total Loss" means an insured vehicle that sustained damage, was the subject of a covered first-party property damage claim submitted to GEICO, and for which GEICO issued a Total Loss Claim Payment.

uu.   "Total Loss Claim Payment" means a first-party property damage claim payment made by GEICO under Section III of the GEICO's Automobile Insurance Policy for a vehicle determined to be a total loss.

## II.   PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS

1.   Solely for the purpose of implementing this Agreement and effectuating the Proposed Settlement, GEICO stipulates to entry of a Preliminary Approval Order (in the form of the proposed Order attached as Exhibit 1 or including the substance of the proposed Order attached as Exhibit 1), preliminarily certifying the Settlement Class, appointing the Plaintiffs as representatives of the Settlement Class, and appointing the following as Class Counsel for the Settlement Class:

>       Edmund Normand.
>       Jacob Phillips
>       Normand PLLC
>       3165 McCrory Place, Suite 175
>       Orlando, FL 32803
>       Telephone: (407) 603-6031
>       Facsimile: (888) 974-2175
>       Ed@ednormand.com
>       Jacob.phillips@normandpllc.com
>
>       Christopher J. Lynch
>       Christopher J. Lynch, P.A.
>       6915 Red Road, Suite 208
>       Coral Gables, Florida 33143
>       Telephone: (305) 443-6200
>       Facsimile: (305) 443-6204
>       clynch@hunterlynchlaw.com
>
>       Christopher B. Hall
>       Andrew Lampros
>       Hall & Lampros, LLP
>       400 Galleria Parkway, Suite 1150
>       Atlanta, Georgia 30339
>       Phone:  (404) 876-8100
>       Facsimile:  (404) 876-3477
>       chall@hallandlampros.com
>
>       Tracy L. Markham

Southern Atlantic Law Group, PLLC
2800 N. 5th Street, Suite 302
St. Augustine, Florida 32084
Phone:  (904) 794-7005
Facsimile: (904) 794-7007
tlm@southernatlanticlawgroup.com

Bradley W. Pratt
Pratt Clay, LLC
4401 Northside Parkway, Suite 520
Atlanta, Georgia 30327
Telephone:  (404) 949-8118
Facsimile:  (404) 949-8159
bradley@prattclay.com

2.    Solely for the purposes of implementing this Agreement and effectuating the Proposed Settlement, the Parties stipulate that KCC Class Action Services, LLC ("KCC") shall be the Settlement Administrator.

3.    Promptly after execution of this Agreement, the Plaintiffs shall submit this fully executed Agreement to the Court, and request entry of the Proposed Preliminary Approval Order, without material alteration from Exhibit 1, that specifically:

(a)    preliminarily approves this Agreement;

(b)    finds that the Court possesses jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiffs and all Settlement Class Members;

(c)    preliminarily certifies the Settlement Class, approves the Plaintiffs as class representatives of the Settlement Class, and appoints Class Counsel as counsel for the Settlement Class;

(d)    finds that the Proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing Notice to the Settlement Class;

(e)    finds that the Class Action Fairness Act Notice to be made by the Settlement Administrator on behalf of GEICO as set forth in Paragraph 30 is in full compliance with 28 U.S.C. § 1715(b);

(f)    approves the Notice Plan;

(g)    approves the Claim Form and Electronic Claim Form to be distributed to and/or used by Settlement Class Members, and sets a Mail Notice Date and a Claims Submission Deadline, which shall be no more than ninety (90) days from the Mail Notice Date, by which the Claim Forms

15

and Electronic Claim Forms must be submitted in order to be deemed timely;

(h)    approves the settlement website as described in Paragraphs 9-26, which may be amended during the course of the settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 180 days after the Claims Submission Deadline;

(i)    appoints KCC as the Settlement Administrator;

(j)    directs the Settlement Administrator to maintain a toll-free IVR telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to punch through to a live operator;

(k)    determines that the Notice provided to potential Settlement Class Members (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to or exclude themselves from the Proposed Settlement; and (iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice;

(l)    schedules the Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement and whether it should be finally approved by the Court on a date not sooner than 160 days after entry of the Preliminary Approval Order;

(m)    requires the Settlement Administrator to file proof of completion of Notice at least ten (10) days prior to the Fairness Hearing, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit attesting to the accuracy of the Opt-Out List;

(n)    requires each Settlement Class Member who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than thirty (30) days after the Mail Notice Date and which complies with the requirements in Paragraphs 48-58;

(o)    orders that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member never received actual notice of the Action or this Proposed Settlement;

(p)    requires each Settlement Class Member who does not submit a timely

request for exclusion from the Settlement Class and wishes to object to the fairness, reasonableness, or adequacy of this Agreement or any term of the Proposed Settlement or to intervene in the Action, to follow the procedures set forth in Paragraphs 48-58 of this Agreement, including those requirements applicable to any attorney representing the Settlement Class Member;

(q)     directs the Settlement Administrator to rent a post office box to which requests for exclusion, objections, notices of intention to appear, and any other settlement-related communication may be sent, and provides that only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in this Agreement;

(r)     directs the Settlement Administrator to promptly provide copies of all objections, requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession to Class Counsel and GEICO's counsel;

(s)     stays all proceedings in the Action until further order of the Court, except that the Parties may conduct proceedings necessary to implement the Proposed Settlement or effectuate the terms of this Agreement;

(t)     finds that, because the previous Summary Judgment Order addressed issues of Florida state law (and are therefore non-binding in cases pending in Florida state court) and given the Settlement was achieved pursuant to Court-ordered mediation, the benefits of settlement likely outweigh the harm to the public in the form of lost precedent if the Court's previous summary judgment Order (Docket Entry 185) is vacated; and

(u)     implements or orders any other provisions or directives or procedures not contemplated by the Parties, if necessary to comply with governing law and/or binding precedent and if such provisions do not materially alter the substantive terms of this Agreement.

4.      In the event that the Proposed Settlement is not consummated for any reason (including but not limited to reversal on appeal), (a) the Parties and their attorneys shall proceed as though the Agreement had never been entered and the Parties and their Counsel shall not cite nor reference this Agreement (or negotiations relating to this Agreement), (b) nothing in this Agreement and/or the fact that it was entered into and/or negotiations relating to this Agreement shall be offered, received or construed as an admission or as evidence for any purpose in any proceeding, including certification of a class,  (c) the Parties agree to jointly file a motion with the Court to vacate all orders entered pursuant to this Agreement, including jointly withdrawing the Parties' motion to vacate the Court's summary judgment Order, and (d) to restore each of the Parties respective position existing

17

immediately before October 28, 2019 (which is the date on which the Parties filed the Notice of Settlement).

## III.   DATA PRODUCTION RELATING TO EXPANDED CLASS

5.   Within 21 days of the Court's entry of a Preliminary Approval Order, GEICO shall produce all Expanded Class Data to Class Counsel.

6.   Within 21 days of receipt of the Expanded Class Data, Plaintiffs shall identify potential Expanded Class Members pursuant to the same methods utilized to identify Settlement Class Members who are not Expanded Class Members.

7.   Within 21 days of GEICO's receipt of Plaintiffs' list of potential Expanded Class Members, GEICO will identify any objections to Plaintiffs' list of potential Expanded Class Members.  The Parties agree to cooperate to reasonably and promptly resolve any disputes as to the list of Expanded Class Members.

8.   Within 10 days of agreement between the parties of a list of Expanded Class Members, GEICO shall produce:

(a)   the same mailing address data that was produced to Plaintiffs for the Settlement Class Members who are not Expanded Class Members;

(b)   the email address and corresponding insured name, policy number, and claim number for all Settlement Class Members.

## IV.   CLASS NOTICE

9.   GEICO will pay all costs of effectuating and implementing the Class Notice set forth herein.

10.   GEICO represents that it will timely produce to effectuate the deadlines herein, email addresses in its possession for the Settlement Class Members.

11.   Sixty (60) days before the Fairness Hearing, KCC shall initiate mailing of the Mail Notice and Claim Form for each Covered Total Loss Claim (if a Settlement Class Member has more than one claim, the Settlement Class Member will receive a Claim Form for each claim showing the date of loss) by first-class mail to each potential Settlement Class Member. The Claim Form will be detachable, return-addressed, and shall be affixed with prepaid postage sufficient to mail back to the Settlement Administrator.

12.   The Mail Notice and Claim Form shall be in the same form as Exhibit 2. Claim Forms provided with the mailed Notice will be pre-filled with a unique Claimant ID, the Settlement Class Member Name, and the claim Date of Loss as set forth in Exhibits 2 and 3. GEICO or Class Counsel will provide data to the Settlement Administrator to be used to enable Claim Forms and Electronic Claim Forms to be pre-filled with the Class Member Name and DOL.

13.     Prior to Mail Notice, the Settlement Administrator shall run physical mailing addresses through the National Change of Address Database ("NCOA") for any addresses that GEICO does not have or are incomplete and/or for any addresses to which KCC knows to be invalid based on subsequent notice mailings that took place in this Action.

14.     For each Settlement Class Member for whom GEICO provides an associated e-mail address, the Settlement Administrator shall send E-Mail Notice with a hyperlink to the website, which provides access to a "Make A Claim" button permitting a Class Member to access a pre-filled Electronic Claim Form.  The first E-Mail Notice shall occur on or about thirteen (13) days after the Mail Notice and shall be in substantially the same form as Email Notice Form No. 1 at Exhibit 3.

15.     The Settlement Administrator shall send a second E-Mail with a hyperlink to the website, which provides access to a "Make A Claim" button permitting a Class Member to access a pre-filled Electronic Claim Form for whom the Settlement Administrator has not received a claim form, objection, or opt-out.  The second E-Mail shall be sent on or about twenty-two (22) days after the Mail Notice and shall be in substantially the same form as the Email Notice Form No. 2 at Exhibit 3.

16.     The Settlement Administrator shall send a third E-Mail with a hyperlink to the website, which provides access to a "Make A Claim" button permitting a Class Member to access a pre-filled Electronic Claim Form for whom the Settlement Administrator had not received a claim form, objection, or opt-out. The third E-Mail shall be sent on or about 35 days after the date of Final Approval and shall be in substantially the same form as the Email Notice Form No. 3 at Exhibit 3.

17.     The Settlement Administrator shall send the three separate e-mails even if none of the e-mails is rejected or returned as undelivered or otherwise fail to transmit. If any e-mail is rejected, returned as undelivered, or the Settlement Administrator otherwise receives notice of a failure to transmit, the Settlement Administrator will apply its discretion to adjust wherever possible the settings or functionality, so as to increase the likelihood that a subsequent e-mail will successfully transmit.

18.     The Settlement Administrator shall utilize best practices designed to avoid spam filters, blockers, or any tool designed to prevent receipt of e-mails, and to otherwise design and implement the sending of the e-mail to increase the chance that the E-Mail Notice will be successfully received into the inbox of Settlement Class Members.  All E-Mail Notices must include the capability to click-through to the website to make a claim.

19.     The Settlement Administrator shall continue to maintain the website BellamyTotalLossClassAction.com and post the Settlement Agreement, Notice, Longform Notice, Claim Form, Electronic Claim Form, Preliminary Approval

Order, and frequently asked questions. The website may be amended from time to time as agreed to by the Parties. The website shall also contain Spanish translations of the Mail Notice, Longform Notice, and Claim Form. The Settlement Administrator shall maintain the website for at least 180 days after expiration of the Claims Submission Deadline.

20.    The home page of the website shall reflect the case settlement and shall have a "Make A Claim" button permitting a Class Member to access a pre-filled Electronic Claim Form by providing Claimant ID, with a method to submit the Electronic Claim Form with an electronic signature, and a method to request that another copy of the paper Claim Form be mailed or emailed to the Settlement Class Member.

21.    The website shall provide that a Settlement Class Member may submit a Claim Form without a Claimant ID by completing an Electronic Blank Claim Form by entering the Settlement Class Member name, policy number or claim number, and address, and by signing and submitting the Electronic Blank Claim Form electronically.

22.    If any Notice and/or Claim Form mailed to any potential Settlement Class Member is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will promptly log each Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to GEICO and Class Counsel upon request. If the mailing is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the mailing to that address. For the remaining returned mailings, the Settlement Administrator will use reasonable efforts, including potentially an Experian search or skip tracing, to attempt to obtain a new address and those mailings shall be forwarded to any new address obtained through such a search. If any Notice is returned as undeliverable a second time, no further mailing shall be required. It is agreed by the Parties that the procedures set forth in the preceding Paragraph and this Paragraph constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses for Settlement Class Members such that no additional efforts to do so shall be required.

23.    The Parties agree that the Longform Notice, without material alteration from Exhibit 6, shall be posted to the website as set forth below, and will be available upon request to Settlement Class Members.

24.    The Notice and Claim Form will also be made available to all potential Settlement Class Members by request to the Settlement Administrator, who shall send via first-class U.S. mail any of these documents as requested by any potential Settlement Class Member. If a Claim ID is not available to the Settlement Administrator for the potential Settlement Class Member, the Settlement Administrator shall provide a Blank Claim Form to the requester with instruction that the Blank Claim Form must be mailed to the Settlement Administrator

postmarked by the Claims Submission Deadline with the Settlement Class Member name, policy number or claim number, address, and signature.

25. The Settlement Administrator shall maintain a toll-free IVR telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to punch through to a live operator.  The recorded answers to frequently asked questions are to be agreed to by the Parties.  In the event a Settlement Class Member has a question that is not addressed by the Parties in the frequently asked questions, the Settlement Administrator is to contact counsel for both Parties and a response will be agreed to by the Parties.

26. The Settlement Administrator shall rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications. Only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in this Agreement.

## V. SETTLEMENT ADMINISTRATOR

27. The Parties agree to the appointment of KCC as Settlement Administrator to perform the services described herein. GEICO shall be solely responsible for the payment of the Settlement Administrator's fees and costs relating to the effectuation of the Class Notice as described herein.  Settlement administration fees and costs are separate from, and are not included as, part of the lawsuit expenses and costs that GEICO separately agrees to pay in an amount up to $225,000 as set forth in Paragraphs 44-45 below if approved by the Court.

28. The Settlement Administrator shall assist with the various administrative tasks set forth herein and any others necessary to implement the terms of this Agreement and the Proposed Settlement as preliminarily approved, including (i) mailing and e-mailing or arranging for the mailing and e-mailing, respectively, of the Mail and E-Mail Notice described above and submitting to the Parties and Court an affidavit offering proof thereof; (ii) handling mail returned as not delivered and making additional mailings required under the terms of the Agreement; (iii) responding, as necessary, to inquiries from Settlement Class Members; (iv) providing to the Parties, within five (5) business days of receipt, copies of all objections, motions to intervene, notices of intention to appear, and requests for exclusion from the Settlement Class; (v) preparing a list of all Persons who timely requested exclusion from the Settlement Class and submitting to the Court the Opt-Out List and supporting affidavit ten (10) days before the Fairness Hearing scheduled by the Court; (vi) preparing a list of all Persons who submitted objections to the settlement and submitting an affidavit testifying to the accuracy of that list; (vii) preparing a list of all Persons who make a timely claim; (viii) implementing procedures for processing and handling Claims submissions; and (viv) promptly responding to requests for information and documents from Class Counsel, GEICO, and/or GEICO's Counsel.

29.     As set forth herein, the Settlement Administrator shall set up, coordinate, maintain and/or implement (a) the post office box described in Paragraph 26; (b) the website described in Paragraph 19-21; and (c) the toll-free IVR number described in Paragraph 25.

## VI.     CLASS ACTION FAIRNESS ACT NOTICE

30.     Pursuant to 28 U.S.C. § 1715(b), within 10 days after this Agreement is filed with the Court, the Settlement Administrator, on behalf of GEICO, will give notice to the Attorney General of the United States, Federal Reserve Board, the Chief Financial Officer of the State of Florida, the Florida Insurance Commissioner, and the primary insurance regulatory or supervisory official of each state and territory of the United States, serving on them the documents described in 28 U.S.C. § 1715(b)(1) through (8), as applicable.

## VII.    CLAIMS PAYMENTS

31.     This settlement shall be a claims-made settlement.  To be eligible for a Claim Payment under this settlement, a Settlement Class Member or his or her Legally Authorized Representative must timely submit a Claim Form or Electronic Claim Form and must not have submitted a request for exclusion. GEICO shall not be obligated to make any Claim Payments until after the Effective Date.

32.     The Claim Payment paid to eligible class members who submit timely and valid claims will be for up to $79.85 (depending on the amount, if any, of Title, Tag and Branch Fees paid relating to the Covered Total Loss Claim), plus prejudgment interest. This amount includes up to $75.25 for title transfer fees, $4.10 for registration transfer fees, and $0.50 for branch fees. Eligible class members are Settlement Class Members that submit timely and valid claims relating to a Covered Total Loss Claim that are not excluded from the Settlement Class and that were not paid the full amount of Title, Tag and Branch Fees.

33.     Prejudgment interest will be calculated by the applicable rate set by the State of Florida from the salvage close date or, if there is no salvage close date, 30 days after the date of loss associated with the claim including any changes in the rate during the time period since the that date until entry of the Preliminary Approval Order.

34.     The Settlement Administrator shall establish procedures for receiving and processing Claim Forms and Electronic Claim Forms.

35.     The Claim Payment described herein is the only payment to which Settlement Class Members, other than Plaintiffs, are entitled under this Agreement.  The payments are deemed to be inclusive of any claims for any potentially applicable penalties and/or interest and/or fees.  The payments shall be in full and final

disposition of the Action, and in consideration for the release of any and all Released Claims as against any and all Released Persons.

## VIII.   CLAIM SUBMISSIONS

36.   The Claim Form shall be without material alteration from Exhibit 4, and the Electronic Claim Form shall be without material alteration from Exhibit 5 except for changes necessary for conversion to electronic format.

37.   Each Settlement Class Member will be provided an opportunity to submit, at his or her option, either a Claim Form or an Electronic Claim Form requesting a payment calculated in accordance with Paragraphs 32 and 33.

38.   A Claim Form submitted for a Settlement Class Member who has more than one claim shall constitute a Claim Form for all covered claims of the Settlement Class Member.

39.   To be considered for payment, a Claim Form must be postmarked no later than the Claims Submission Deadline or must be submitted electronically no later than the Claims Submission Deadline, at which point the Settlement Administrator shall deactivate the Electronic Claim Form.

40.   If not pre-populated as set forth above, a Settlement Class Member must include in a Blank Claim Form (i) the name and current address of the Settlement Class Member and (ii) the claim number associated with the Covered Total Loss Claim or the Settlement Class Member's policy number at the time of the Covered Total Loss Claim.

41.   The Claim Form, Blank Claim Form and Electronic Claim Form must contain a signature, or in the case of an Electronic Claim Form, an electronic signature, certifying the claim under penalty of perjury.

## IX.   CLAIMS ADMINISTRATION

42.   Claim Forms that are timely mailed to the correct address shall be processed as follows:

(a)   If a Claim Form is unsigned, illegible, or does not include the Claim Number or policy number involved in the claim, the Settlement Administrator shall send the claimant a letter, with a copy to GEICO and Class Counsel, informing him or her of the defect and providing the claimant with thirty (30) days in which to cure the defect. If the claimant does not subsequently provide a Claim Form curing the defect and postmarked within thirty (30) days of the date of the Settlement Administrator's letter, that Claim Form shall be deemed defective and not

eligible for payment, and the claimant shall not have an additional opportunity to cure the defect.

(b)     Within sixty (60) days after the later of the Claims Submission Deadline or the Final Order and Judgment, GEICO shall:

   (1)   inform Class Counsel and the Settlement Administrator of any claims (other than claims determined by the Settlement Administrator to be untimely) it believes are invalid, including, but not limited to, claims it believes involve leased vehicles, and, as to each such claim, include the Settlement Class Member name, claim number, and a brief description as to why GEICO believes the claim to be invalid; and

   (2)   For those claims that GEICO does not challenge as invalid, GEICO shall provide the Settlement Administrator and Class Counsel the amount of payment, including interest, for each claim. Class Counsel will have ten days from the provision of the Claim Payment amount to dispute the amount of Claim Payment. GEICO and Class Counsel shall cooperate to resolve any dispute as to Claim Payment within ten days.

(c)     Within the later of one hundred (100) days after the Claims Submission Deadline or thirty (30) days after the Effective Date, GEICO shall make Claim Payments by mailing a check for the full amount of Claim Payment or, if authorized to do so, make an electronic transfer of funds for the full amount of Claim Payment to all Settlement Class Members whose submitted claims were not challenged as invalid, and for which Class Counsel did not dispute the amount of Claim Payment. The check shall be valid for 180 days after the date of the check. The Claim Payment envelope and check shall be of the same form that GEICO uses in the normal course of its business to mail checks on first-party claims.

(d)     If any Claim Payment mailed to any potential Settlement Class Member is returned to GEICO as undeliverable, GEICO will promptly log each Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to the Settlement Administrator. The Settlement Administrator will run the address through the NCOA and provide GEICO with any updated address. If there is an updated address, GEICO shall resend the Claim Payment to that address. If the Claim Payment mailing is returned to GEICO with a forwarding address, GEICO shall forward the Claim Payment mailing to that address.

(e)     Within thirty (30) days after resolution of Class Counsel's disputes of the amount of Claim Payments as provided in Paragraph 41(b)(2), GEICO shall make the Claim Payment as identified in the previous three subparagraphs for the resolved full amount of Claim Payment to all

Settlement Class Members on whose claims Class Counsel disputed the amount of Claim Payment.

(f)     Within thirty (30) days of receiving GEICO's determinations in Paragraph 41(b)(1), the Settlement Administrator shall mail an Explanation Letter to all Settlement Class Members who submitted claims challenged by GEICO as invalid an explanation of why GEICO deemed the claim to be invalid. The explanation will include the process by which the defect may be cured and inform the Settlement Class Member that it may re-submit a Claim Form to correct the deficiency, or, if GEICO determined in its opinion that the defect is not curable, will inform the Settlement Class Member that they may contest the determination by mailing a written explanation as to why GEICO's determination was incorrect.   The mailing contesting GEICO's determination must be postmarked no later than thirty (30) days after the Explanation Letter to be deemed timely.

(g)     Within thirty (30) days of receiving any re-submissions or contestations from Settlement Class Members as set forth in Subparagraph (f), the claim will be submitted to a Neutral Evaluator agreed to by the Parties. The decision by the Neutral Evaluator shall be binding on GEICO and any Settlement Class Member. The Neutral Evaluator shall provide an explanation of any decision to GEICO and Class Counsel. Within ten (10) days of the Neutral Evaluator's determination, GEICO will mail a payment to any Settlement Class Members determined by the Neutral Evaluator to have submitted or re-submitted a valid claim, and the Settlement Administrator shall mail an explanation to any Settlement Class Member the Neutral Evaluator determined submitted an invalid claim.

(h)     The Neutral Evaluator shall be a licensed attorney in the State of Florida. All costs for the expense of the Neutral Evaluator shall be borne exclusively by GEICO.  If the Parties cannot agree upon the Neutral Evaluator, such person shall be appointed by the Court.

(i)     Claim Forms that are not timely postmarked, as determined by the Settlement Administrator, will not be considered for payment, and the Settlement Class Members whose Claim Forms are deemed untimely will be provided written notice thereof.

## X.     ATTORNEYS' FEES AND COSTS AWARD AND SERVICE AWARDS

43.     Class Counsel's entitlement, if any, to an Attorneys' Fee Award and the Plaintiffs' entitlement, if any, to a Service Award, will be determined by the Court. The terms of any such awards, fees, costs, or expenses were not negotiated until after all material elements of the Proposed Settlement were resolved and the terms of this Proposed Settlement are not conditioned upon any maximum or minimum

Attorneys' Fee Award or Service Award, except as explicitly stated herein.

44.     Class Counsel will file a motion with the Court prior to the Fairness Hearing requesting an award of attorneys' fees payable to Class Counsel in a total amount that shall not exceed $5,600,000.00 ("Maximum Attorneys' Fees Award") and costs and expenses not to exceed $225,000 (the "Maximum Costs Award"), and incentive awards to each Named Plaintiff not to exceed $10,000 ("Maximum Service Award"). Payment of any attorneys' fees and costs award and/or service awards, and of the costs of the administration of this settlement (which includes any costs of the Neutral Evaluator), are separate from and in addition to the payments available to Settlement Class Members. The amount owed and/or paid to Settlement Class Members will not be adjusted or reduced at all as a result of any payments made for attorneys' fees, costs, Service Awards, or the costs of administration and notice.   The lawsuit costs and expenses not to exceed $225,000 are separate from and in addition to the settlement administration costs and expenses that GEICO shall pay pursuant to Paragraph 27.

45.     GEICO will not oppose or object to a motion requesting an award of attorneys' fees, costs, and expenses to be paid to Class Counsel in an amount not exceeding the Maximum Attorneys' Fees Award and Maximum Costs Award. GEICO will not oppose or object to a motion requesting Service Awards to the Plaintiffs in an amount not exceeding the Maximum Service Award. GEICO agrees to pay the Attorneys' Fee Award and Service Awards or any lesser amount the Court may award. Plaintiffs and Class Counsel will not seek to enforce or recover any Attorneys' Fee Award in excess of the Maximum Attorneys' Fee Award and/or Maximum Costs Award, or any Service Award in excess of the Maximum Service Award.

46.     Any Attorneys' Fees Award and Service Award made by the Court must be paid by GEICO to Class Counsel (on the terms set forth above) no later than fourteen (14) days after the later of the Effective Date or, if issued in a separate order, a final Order approving or awarding the Attorneys' Fee Award and Service Award meaning the Order is a final, appealable judgment and either (i) no appeal has been taken as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the Order having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or reargument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been fully and finally resolved in such manner that affirms the Order.

## XI.    FINAL APPROVAL OF THE PROPOSED SETTLEMENT

47.     Within fifteen (15) days after the deadline for seeking exclusion from the Settlement Class and/or for filing objections to the Proposed Settlement, Class Counsel will file a motion seeking the Court's final approval of the Proposed

Settlement at the Fairness Hearing to be held at a time, date, and location as set by the Court and that will be stated in the Notice. The Motion shall request, at minimum, the Court to enter a Final Order and Judgment that:

(a)    certifies the Settlement Class for settlement purposes only;

(b)    finds the Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Agreement and all Exhibits thereto;

(c)    gives final approval to the Proposed Settlement and directs the Parties and counsel to comply with and consummate the terms of the Agreement;

(d)    finds that Class Counsel and the Plaintiffs adequately represented the Settlement Class;

(e)    finds that the terms of this Agreement are fair, reasonable, and adequate to the Settlement Class Members;

(f)    finds that the Notice set forth in this Agreement (i) constituted the best practicable notice under the circumstances; (ii) was reasonably calculated to apprise potential Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the Proposed Settlement, and to appear at the Fairness Hearing; and (iii) constituted due, adequate, and sufficient process and notice to all Persons entitled to receive notice;

(g)    finds that the Class Action Fairness Act Notice provided by the Settlement Administrator on behalf of GEICO complied with 28 U.S.C. § 1715(b);

(h)    finds that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, neither share in nor are bound by the Final Order and Judgment;

(i)    provides that the Plaintiffs, all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt- Out List, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form or Electronic Claim Form, and regardless of whether they have received actual notice of the Proposed Settlement, have conclusively compromised, settled, discharged, and released all Released Claims against Defendants and the Released Persons, and are bound by the

provisions of this Agreement;

(j)    dismisses all claims in the Action on the merits and with prejudice, and without fees or costs except as provided herein, and entering final judgment thereon;

(k)    determines the amount of the Attorneys' Fees Award to Class Counsel, and the Service Award to the Plaintiffs; and

(l)    appoints KCC as the Settlement Administrator.

## XII.   REQUESTS FOR EXCLUSION AND OBJECTIONS

48.    Settlement Class Members who wish to exclude themselves from the Settlement Class must submit timely and written requests for exclusion. To be effective, such a request must include the Settlement Class Member's name and address, an unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class, and the signature of the Settlement Class Member or the Legally Authorized Representative of the Settlement Class Member. The request must be mailed to the Settlement Administrator at the address provided in the Notice postmarked no later than thirty (30) days after the Mail Notice Date. Requests for exclusion must be exercised individually by the Settlement Class Member and is only effective as to the individual Settlement Class Member requesting exclusion.

49.    The Plaintiffs shall not elect or seek to opt out or exclude themselves from the Settlement Class, and any such attempt will be deemed a breach of this Agreement and sufficient to permit GEICO to terminate the Agreement.

50.    The Settlement Administrator shall promptly log and prepare a list of all Persons who properly requested exclusion from the Settlement Class and shall submit an affidavit to the Court which includes and attests to the accuracy of the Opt-Out List no later than ten (10) days prior to the Fairness Hearing set by the Court.

51.    All Settlement Class Members who do not timely and properly exclude themselves from the Settlement Class shall be bound by this Agreement, and this action shall be dismissed with prejudice and all of the Settlement Class Members Released Claims shall be released as provided for herein.

52.    Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Settlement Class Members who choose to object to the Proposed Settlement must file written notices of intent to object. Any Settlement Class Member who timely files an objection in compliance with this paragraph may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent and only if permitted by the Court.

53.    To be timely, the objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than thirty (30) days after the Mail Notice Date.

54.    The right to object to the Proposed Settlement or to intervene in the Action must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Settlement Class Member's Legally Authorized Representative.

55.    To be effective, a notice of intent to object to the Proposed Settlement must:

   (a)    Include the name of the case and case number;

   (b)    Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

   (c)    Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

   (d)    Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if any, and any such attorney must comply with all applicable rules of the Court; and

   (e)    State whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel.

56.    In addition, a notice of intent to object must contain the following information, if the Settlement Class Member or his or her attorney requests permission to speak at the Fairness Hearing:

   (a)    A detailed statement of the legal and factual basis for each objection;

   (b)    A list of any and all witnesses the Settlement Class Member may seek to call at the Fairness Hearing (subject to applicable rules of procedure and evidence and at the discretion of the Court), with the address of each witness and a summary of his or her proposed testimony;

   (c)    A list of any legal authority the Settlement Class Member will present at the Fairness Hearing; and

   (d)    Documentary proof of membership in the Settlement Class.

57.    Any Settlement Class Member who does not file a timely notice of intent to object waives the right to object or to be heard at the Fairness Hearing and be barred from making any objection to the Proposed Settlement. Settlement Class

Members have the right to exclude themselves from the Proposed Settlement and pursue a separate and independent remedy against GEICO by complying with the exclusion provisions set forth herein. Settlement Class Members who object to the Proposed Settlement shall remain Settlement Class Members and waive their right to pursue an independent remedy against Defendants.  To the extent any Settlement Class Member objects to the Proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Order and  Judgment of the Court. Settlement Class Members can avoid being bound by any judgment of the Court by complying with the exclusion provisions set forth herein.

58.     The Settlement Administrator shall provide GEICO and Class Counsel a copy of each notice of intent to object received by the Settlement Administrator.

## XIII.   DENIAL OF LIABILITY

59.     GEICO maintains it acted in accordance with the governing laws and regulations of the State of Florida and abided by the terms of the applicable insurance policies. GEICO nonetheless has concluded that it is in its best interests that the Action be settled on the terms and conditions set forth in this Agreement. GEICO reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, and the expense that would be necessary to defend the Action through judgment, appeal, and any subsequent proceedings that may occur.

60.     GEICO believes that it stands a reasonable chance of success in any appeal as to the merits of this case and as to the certification of the Class. GEICO maintains that its defenses to summary judgment and to class certification are meritorious. Because of the costs, resources, and time that would be incurred, GEICO asserts that it would not have settled this Action except on a claims-made basis.

61.     As a result of the foregoing, GEICO enters into this Agreement without admitting, conceding, or acknowledging any fault, liability, or wrongdoing of any kind. This Agreement shall not be construed as an admission or concession of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind. The terms of this Agreement, including the claims-made nature of the Agreement, are material to GEICO's decision to settle this Action notwithstanding its belief that its defenses are meritorious and its chances of success on appeal are significant.

## XIV.   DISMISSAL OF ACTION AND RELEASE OF CLAIMS

62.     Upon the Effective Date, the Plaintiffs, all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries,

representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form or Electronic Claim Form, will be bound by the Final Order and Judgment and conclusively deemed to have fully released, acquitted, and forever discharged all Released Persons from all Released Claims.

63.    Upon entry of the Final Order and Judgment, the Action will be dismissed with prejudice as to GEICO, the Plaintiffs, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, and will release all Released Persons from Released Claims.  It is the intent of the Parties to this Settlement Agreement that dismissal of the claims with prejudice and release of the claims shall have the *res judicata* effect of dismissal and release of only those claims expressly identified herein as Released Claims.  It is the intent of the parties that this Settlement Agreement and lawsuit dismissal will not operate as a bar to any Class Member from pursuing any claim that is not a Released Claim.

## XV.    RETENTION OF RECORDS

64.    The Settlement Administrator, Class Counsel, and GEICO shall retain copies or images of all returned Notices, Claim Forms, Electronic Claim Forms (and/or data resulting therefrom) and correspondence relating thereto, for a period of up to two (2) years after the Effective Date. After this time, Class Counsel shall destroy any documentary records in their possession.

## XVI.   VACATUR OF SUMMARY JUDGMENT ORDER

65.    Within one business day of the filing of the Motion for Preliminary Approval, the parties will jointly file an agreed motion requesting that the Court, upon entering Final Approval of the Proposed Settlement, enter an Order vacating and/or setting aside its previous Order granting Summary Judgment in favor of the Plaintiffs and the previously-certified Class.  The parties jointly moving to vacate the settlement agreement is a material term to this Agreement.  In the event the Court does not grant Final Approval of the Proposed Settlement, GEICO agrees to jointly move with Plaintiffs to withdraw any request to vacate or set/aside the Summary Judgment Order and/or reinstate the Summary Judgment Order and the Parties' respective positions prior to the filing of the Motion for Preliminary Approval Order.

## XVII.  MISCELLANEOUS PROVISIONS

66.    GEICO will pay all costs incurred by the Settlement Administrator to implement and effectuate this Settlement, including, but not limited to, administrative costs, notice costs, claims handling cost, postage, website maintenance, costs to email,

and all other costs necessary to comport with this Agreement. These costs are separate from, and not included within, the lawsuit costs and expenses GEICO has agreed to pay, if Ordered by the Court, as part of Plaintiffs' Attorneys' Fee Award.

67.     After entry of a Preliminary Approval Order, GEICO agrees to include title transfer fees of (at minimum) $75.25, and registration transfer fees/branch fees of (at minimum) $4.60, in Total Loss Claim Payment(s) relating to owned vehicles under Florida private passenger auto insurance policies, unless and until: (1) GEICO implements a change in their Florida private passenger auto insurance policies to exclude from actual cash value or otherwise title, tag and branch transfer fees; (2) a Florida District Court of Appeal, the Florida Supreme Court, or the U.S. Court of Appeals for the Eleventh Circuit issues a decision after the execution of this Agreement on a contested issue holding that such fees for non-leased vehicles are not covered by Policies utilizing language substantially similar to GEICO's Policy language; or (3) Florida Statutes are amended to clarify that title transfer fees and/or registration transfer fees are not owed to total-loss insureds. No change in policy language, ruling from any Court identified in this paragraph, nor amendment to Florida statutes shall abrogate the duties of GEICO to pay the amounts due under this Settlement Agreement, and otherwise comply with the Settlement Agreement with the sole exception being the payment of future claims as set forth in this paragraph.

68.     Each Party to this Agreement warrants that he, she, or it is fully authorized to enter into this Agreement, and is acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

69.     The Parties and undersigned counsel agree to undertake best efforts to effectuate this Agreement and the terms of the Proposed Settlement, including taking all steps and efforts contemplated by this Agreement, and any other reasonable steps and efforts which may become necessary by order of the Court or otherwise.

70.     The headings and captions contained in this Agreement are for reference purposes only and in no way define, extend, limit, describe, or affect the scope, intent, meaning, or interpretation of this Agreement.

71.     Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days. In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

72.     Except as otherwise provided in a written amendment executed by the Parties or their counsel, this Agreement contains the entire agreement of the Parties hereto

and supersedes any prior agreements or understandings between them. The Parties further agree that this Agreement contains the entire understanding between the parties with respect to the transaction contemplated herein, that there is no representation, agreement or obligation regarding the settlement which is not expressly set forth in this Agreement, and that no representation, inducement, promise, or agreement not expressly set forth in the text of this Agreement shall be of any force or effect.  All terms of this Agreement shall be construed as if drafted by all parties hereto. The terms of this Agreement are and shall be binding upon each of the Parties and their agents, attorneys, employees, successors, and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the parties hereto, including any Settlement Class Member.

73.     This Agreement may be amended or modified only by a written instrument signed by all Parties.

74.     This Agreement shall be subject to, governed by, construed, and enforced pursuant to the laws of the State of Florida, without regard to principles of conflicts of law.

75.     The exhibits to this Agreement are integral parts of the settlement and are hereby incorporated and made parts of this Agreement.

76.     To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of this Agreement.

77.     This Agreement shall be deemed to have been executed upon the last date of execution by all the undersigned Parties and/or counsel.

78.     Class Counsel agree that representations, encouragements, solicitations or other assistance to any Person seeking exclusion from the Settlement Class or any other Person seeking to litigate with Released Persons over any of the Released Claims in this matter could place Class Counsel in a conflict of interest with the Settlement Class.  Accordingly, Class Counsel and their respective firms agree not to represent, encourage, solicit, or assist any Person in requesting exclusion from the Settlement Class.  Nothing in this paragraph shall preclude or prevent Class Counsel from answering inquiries from any potential Settlement Class Member.  Class counsel agrees to utilize the recorded answers to frequently asked questions as agreed to by the Parties to respond to inquiries from potential Settlement Class Members.  In the event a potential Settlement Class Member has a question that is not addressed by the Parties in the frequently asked questions, Class Counsel will contact GEICO's counsel and a response will be agreed to by the Parties.

79.     The confidentiality of all Confidential Information shall be protected from disclosure by Class Counsel and the Plaintiffs to any Persons other than the

Settlement Administrator, the Neutral Evaluator and any Person the Court orders be allowed to access Confidential Information.

80.     The Parties agree that Class Counsel or anyone associated with Class Counsel's firms shall not use of any of the Confidential Information in any other litigation, whether pending or future, unless independently obtained through discovery or other procedures in that litigation.

81.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied herein.

82.     This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

83.     The Parties may terminate this Agreement within twenty (20) days after notice of an occurrence as set forth below, by providing written notice of termination where (a) the Court or any appellate court(s) rejects, modifies or denies approval of any material portion of this Settlement except that rejection, modification or disapproval of the Attorneys' Fee Award and/or Service Award does not allow Plaintiffs the right to terminate this Agreement, (b) any financial obligation is imposed on GEICO in addition to and/or greater than those accepted by GEICO in this Agreement or (c) if the Court allows a certified class of Persons who are members of the Settlement Class to opt out of the Proposed Settlement.

84.     This Agreement may be amended or modified only by a written instrument signed by all Parties.  Amendments and modifications may be made without additional notice to the potential Settlement Class Members unless such notice is required by the Court.  The terms of this Agreement, including the claims-made structure, are material terms. GEICO represents that settlement is contingent on the claims—made structure as set forth herein.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY COOK, MICAH BELLAMY, and     CASE NO.: 6:17-cv-891-ORL- 40KRS
MAURICE JONES, As Personal Representative
and on behalf of the Estate of Kailyn Jones,
each individually and on behalf of all others
similarly situated,

      Plaintiffs,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY and GEICO
GENERAL INSURANCE COMPANY,

      Defendant.

_____/


ANTHONY LORENTI and ASHLEY BARRETT,     CASE NO.: 6:17-cv-1755-PGB- 40DCI
Individually and on behalf of all others similarly
situated,

      Plaintiffs,

v.

GEICO INDEMNITY COMPANY,

      Defendant.

_____/


## PROPOSED ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

WHEREAS Plaintiffs Anthony Cook, Micah Bellamy, Maurice Jones, Anthony

Lorenti, and Ashley Barrett (the "Named Plaintiffs"), individually and as Class Representatives

on behalf of a proposed Settlement Class (collectively, "Plaintiffs"), and Defendants

Government Employees Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Company (collectively, "GEICO"), acting by and through their respective counsel, have agreed, subject to Court approval, to settle this Action upon the terms and conditions stated in the Class Action Settlement Agreement filed with the Court on December 18, 2019 (the "Agreement");

NOW, THEREFORE, based upon the Agreement, all of the files, records, and proceedings herein, statements of counsel, and it appearing to the Court that a hearing should be held to determine whether the Proposed Settlement described in the Agreement should be finally approved as fair, reasonable, and adequate;

IT IS HEREBY ORDERED THAT:

1. The Agreement (including Exhibits) is hereby incorporated by reference in this Order, and all terms defined in the Agreement will have the same meanings in this Order.

2. This Court possesses jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiffs and all Settlement Class Members.

3. The Court finds that the negotiations leading to the Agreement occurred at arm's length, there was sufficient discovery in this case prior to settlement, and the proponents of the settlement are experienced in similar litigation. The Court preliminarily approves the Agreement (including Exhibits), finding that the Proposed Settlement is fair, reasonable, and adequate to warrant providing notice to the Settlement Class.  Such finding is not to be deemed an admission of liability or fault by GEICO or a finding of the validity of any claims asserted in the Action or of any

2

wrongdoing by GEICO.  Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Released Persons of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of the Released Persons.

4. This Court previously certified a class in this action.  *See* Doc. 152.  The Parties propose a Settlement Class defined, with some immaterial alterations, essentially the same as the Class previously certified by this Court, except that the Settlement Class includes additional insureds who suffered a total loss to their insured vehicle after the date of this Court's Order Granting Class Certification (Doc. 152) and through the date of the entry of this Order of Preliminary Approval.  For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable and adequate, the following Settlement Class is preliminarily certified for settlement purposes only (and GEICO retains all rights to assert, if this settlement is not consummated, that this Court's previous Class Certification Order was incorrectly decided):

> All Florida policyholders who were insured for private-passenger auto physical damage coverage by Government Employees Insurance Company or GEICO General Insurance Company who suffered a first-party loss of a covered owned (i.e., not leased) vehicle at any time from May 17, 2012, through the date the Court enters the Preliminary Approval Order, whose claims were adjusted by a Defendant as a total-loss claim and resulted in payment by a Defendant of a covered claim, and who were not paid full Title, Tag and Branch Transfer Fees; and all Florida policyholders who were insured for private-passenger auto physical damage coverage by GEICO Indemnity Company

who suffered a first-party loss of a covered owned (i.e., not leased) vehicle at any time from October 10, 2012, through the date the Court enters the Preliminary Approval Order, whose claims were adjusted by a Defendant as a total-loss claim and resulted in payment by a Defendant of a covered claim, and who were not paid full Title, Tag and Branch Transfer Fees.

5.  Those excluded from the class are set forth in paragraph I. qq. in the Agreement.

6.  Anthony Cook, Micah Bellamy, Maurice Jones, Anthony Lorenti, and Ashley Barrett are preliminarily appointed representatives of the Settlement Class ("Class Representatives"), and the following attorneys are preliminarily appointed as counsel for the Settlement Class ("Class Counsel"):

Edmund Normand, Esq.
Normand PLLC
3165 McCrory Place, Suite 175
Orlando, FL 32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
Ed@ednormand.com

Jacob Phillips, Esq.
Normand PLLC
3165 McCrory Place, Suite 175
Orlando, FL, 32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
Jacob.phillips@normandpllc.com

Christopher J. Lynch
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
clynch@hunterlynchlaw.com

Christopher B. Hall
Hall & Lampros, LLP

400 Galleria Parkway, Suite 1150
Atlanta, Georgia 30339
Phone:  (404) 876-8100
Facsimile:  (404) 876-3477
chall@hallandlampros.com

Andrew Lampros
Hall & Lampros, LLP
400 Galleria Parkway, Suite 1150
Atlanta, Georgia 30339
Phone:  (404) 876-8100
Facsimile:  (404) 876-3477
alampros@hallandlampros.com

Tracy L. Markham
Southern Atlantic Law Group, PLLC
2800 N. 5th Street, Suite 302
St. Augustine, Florida 32084
Phone:  (904) 794-7005
Facsimile: (904) 794-7007
tlm@southernatlanticlawgroup.com

Bradley W. Pratt
Pratt Clay, LLC
4401 Northside Parkway, Suite 520
Atlanta, Georgia 30327
Telephone:  (404) 949-8118
Facsimile:  (404) 949-8159
bradley@prattclay.com

7. Courts should make a preliminary inquiry into the Rule 23 requirements prior to preliminarily approving a proposed Settlement Class.  *See, e.g.*, *Legg v. E-Z Rent a Car, Inc.*, 2015 U.S. Dist. LEXIS 178022, at *3-4 (M.D. Fla. May 28, 2015) (Byron, J.) (addressing Rule 23 factors in preliminary approval Order).  The Court briefly addresses each factor and, for purposes of settlement, finds that the Proposed Settlement Class is suitable for class treatment.

8.  For purposes of Settlement, the Named Plaintiffs possess Article III standing and the proposed Settlement Class is adequately defined and ascertainable.  The Settlement Class is adequately defined because the class definition is clear and precise, is based on objective criteria, and, because it only includes insureds who also suffered redressable harm, it is not overbroad.  *See Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003) (class definition should not be overly broad, amorphous, or vague).  The Class is ascertainable because the Parties agree to identify the members of the Settlement Class based on objective criteria from Defendants' records and objective title information.  *See Alderman v. GC Servs. L.P.*, 2018 U.S. Dist. LEXIS 10205, at *10 (S.D. Fla. Jan. 19, 2018) (class was clearly ascertainable because members had already been identified).  Thus, for purposes of settlement, the threshold requirements for class certification – standing, adequate definition, and ascertainability – are satisfied.

9.  For purposes of settlement, the Class is sufficiently numerous (comprised of over 200,000 members), there are questions of law and fact common to the Settlement Class (including whether the insurance policies were breached by failure to pay title and registration transfer fees) and Plaintiffs' claims are typical of the Settlement Class (all of whom claim breach by GEICO's failure to pay title and registration transfer fees). In addition, both Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.  Thus, the requirements to certify a class prescribed by Rule 23(a) are satisfied as to the Settlement Class for purposes of settlement.  *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187-88 (11th Cir. 2003) (to certify a class, Rule

23(a) requirements of numerosity, commonality, typicality, and adequacy must be satisfied).

10. For purposes of settlement, the Settlement Class is certifiable under Rule 23(b)(3) because, for purposes of preliminarily approving the Settlement Class, common issues predominate over individual issues and class treatment is superior to other alternatives for adjudicating the claims at issue. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (predominance and superiority requirements must be met to certify a class under Rule 23(b)(3)).

11. GEICO maintains all defenses to certification and this Order shall not be used as evidence or be interpreted in any way to be relevant to whether a litigation class should have been certified for class treatment.

12. The Parties have prepared the Mail Notice Form, E-Mail Notice Forms, Longform Notice, Claim Form, and Electronic Claim Form (including blank forms of both), which have been submitted to the Court as Exhibits 2 through 6 to the Agreement. The Court carefully reviewed and hereby approves the Mail Notice Form, E-Mail Notice Forms, Longform Notice, Claim Forms and Electronic Claim Forms without material alteration from those attached to the Agreement as Exhibits 2 through 6 including, with respect to the functionality of the Electronic Claim Form, as further described the Agreement, unless otherwise modified by agreement of the Parties and approved by the Court.

13. The Court directs that the Notices and Claim Forms be sent to the Persons described, and in the manner set forth, in the Agreement, including the procedures set forth for Notices that are returned as undelivered or due to an incorrect current address.

14. To be timely, Claim Forms must be postmarked on or before the Claims Submission Deadline, which is [date] (ninety (90) days after the Mail Notice Date). Any Claim Form postmarked after the Claims Submission Deadline shall be deemed untimely. The Electronic Claim Form must be submitted electronically on or before 11:59 p.m. on the date of the Claims Submission Deadline, after which the Settlement Administrator shall deactivate the Electronic Claim Form.

15. KCC Class Action Services, LLC ("KCC") is preliminarily appointed as the third-party Settlement Administrator.

16. In addition to mailing the Notice as set forth above, the Settlement Administrator shall establish a website as described in the Agreement and upload to the Website the Agreement, Longform Notice, Mail Notice, Claim Form, Electronic Claim Form (with the functionality provided for in the Agreement), Preliminary Approval Order, frequently asked questions, and other information agreed to by the Parties; the website shall be maintained for at least 180 days after the Claims Submission Deadline.  The website shall also contain Spanish translations of the Notice and Claim Form. Furthermore, the Settlement Administrator shall maintain a toll-free IVR telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to access a live person.

17. The Class Action Fairness Act Notice to be made by the Settlement Administrator on behalf of GEICO as set forth in Paragraph 30 is in full compliance with 28 U.S.C. § 1715(b).

18. The costs of providing the dissemination of notice for administration of the Settlement, including the costs of KCC, the Settlement Administrator, shall be borne by GEICO.

19. The Court preliminarily finds that the notice provided to potential Settlement Class Members (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated to apprise Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the Proposed Settlement; and (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice. *See* Fed. R. Civ. P. 23(c)(2).

20. Preliminary approval of a class action settlement "is not binding, and it is granted unless a proposed settlement is obviously deficient." *Smith v. Wm. Wrigley Jr. Co.*, 2010 U.S. Dist. LEXIS 67832, *6 (S.D. Fla. June 15, 2010). However, courts must make an initial analysis and ensure that, as a preliminary matter, the terms of the settlement are not clearly deficient based on, *inter alia*, the factors prescribed by the Eleventh Circuit Court of Appeals. *See Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 n. 6 (11th Cir. 1994) (outlining six factors). These factors, however, are "neither determinative nor exhaustive, and the court may consider other relevant factors based on the particular nuances of the case and the settlement proposed." *Palmer v. Dynamic Recovery Solutions, LLC*, 2016 U.S. Dist. LEXIS 59229 (M.D. Fla. May 4, 2016) (citations omitted).

21. Based upon a preliminary analysis, and without foreshadowing final analysis after implementation of the Notice and review of any objections, this Court finds that the terms of the Proposed Settlement appear fair, reasonable, and adequate to the Settlement Class, and are not obviously deficient, for the reasons, among others, that follow.

22. First, the likelihood of Settlement Class Members' ultimately achieving success after all potential appeals of judgment and class certification is uncertain.  While the Court previously granted Plaintiffs' motion for class certification, and granted Plaintiffs' motion for summary judgment and denied GEICO's motion for summary judgment, this Court recognizes that other courts can and have disagreed (including one Florida circuit court), that a similar case is currently pending on appeal before the Eleventh Circuit, that GEICO maintains that it possesses meritorious defenses concerning both summary judgment and class certification, and that appellate review of the Court's Summary Judgment Order would be *de novo*.  *See Curves, LLC v. Spalding County*, 685 F.3d 1284, 1288 (11th Cir. 2012).

23. Every case includes a risk that the appellate court will disagree with the trial court, particularly where, as here, there is no appellate opinion directly on point, and no direct guidance from the Florida Supreme Court nor any Florida appellate court.

24. Having found that the chances of ultimate success on appeal are uncertain, the Court now turns to the value secured through the Settlement Agreement.  *See Palmer*, 2016 U.S. Dist. LEXIS 59229 (comparing likelihood of success to value secured for the Class).  The Court preliminarily finds that value of the Settlement is significant.  First,

the Settlement secures the full relief sought in the Complaint.  The Settlement provides for the amount awarded by the Court in its prior Summary Judgment Order, plus an additional $0.50.  *See Saccoccio v. JP Morgan Chase Bank*, N.A., 297 F.R.D. 683, 693 (S.D. Fla. 2014) (finding significant that settlement afforded more relief than likely would have been secured at trial).  Second, the Notice plan as ordered by this Court is robust and the claims' submission process is extremely simple, both of which are relevant to the fairness of the Agreement.  *See Braynen v. Nationstar Mortg., LLC*, 2015 U.S. Dist. LEXIS 151744, at *56 (S.D. Fla. Nov. 9, 2015) (robust notice plan is evidence terms of settlement are fair and reasonable); *Wilson v. EverBank*, 2016 U.S. Dist. LEXIS 15751, at *32-33 (finding significant that class members need not submit any additional evidence or documentation beyond merely "checking a box" which "should take no more than a few minutes for the average claimant to complete").  Third, the Settlement provides for prospective relief with a change in GEICO's practices. Fourth, the Settlement provides an expanded class period.

25. The Court has considered that the Settlement is structured as a claims made settlement, and this structure does not undermine this Court's preliminary finding that the terms of the Proposed Settlement are fair, reasonable and adequate.  *See Hamilton v. SunTrust Mortg. Inc.*, 2014 U.S. Dist. LEXIS 154762, at *18 (S.D. Fla. Oct. 24, 2014) (whether settlement is a claims-made structure or a direct-pay structure does not impact "fairness, reasonableness, or adequacy of proposed settlement."); *Casey v. Citibank, N.A.*, 2014 U.S. Dist. LEXIS 156553, at *6 (N.D. N.Y. Aug. 21, 2014) ("The Court does not have the authority to impose a preferred payment structure upon the settling

parties"). While a "claims-made" structure may result in less individual class members receiving payment, it also results in each individual class member who submits a claim receiving a greater payment. *See Lee v. Ocwen Loan Servicing*, LLC, 2015 U.S. Dist. LEXIS 121998, at \*57 (S.D. Fla. Sep. 14, 2015). This Court sees no reason why the recovery of Class Members who take the step for their own benefit of submitting a claim should be sacrificed for the benefit of Class Members who, even with robust Notice and a simple claims process for which postage is pre-paid and forms are predominantly pre-filled, decline to submit a claim. *Id.* ("[n]egotiating for a smaller amount to go to Class Members would, in effect, unfairly reward some Class Members for their own indifference at the expense of those who would take the minimal step of returning the simple Claim Form to receive the larger amount.").

26. Defendants made clear they would not have settled the case on a direct-pay model, and would have appealed this matter to the Eleventh Circuit Court of Appeals. This further convinces the Court that a claims made structure does not undermine the fairness, reasonableness, or adequacy of the Settlement. *See Montoya v. PNC Bank, N.A.*, 2016 U.S. Dist. LEXIS 50315, at \*49 (S.D. Fla. Apr. 13, 2016) (claims-made settlement offered the best and "only real relief" possible in settlement because defendants "would not have agreed" to direct-pay structure). In sum, given the damages secured, the fact that Defendants agree under the Proposed Settlement to change its business practices, the robust Notice plan, and the simple claims' submission process, this Court preliminarily finds that the terms of the Proposed Settlement appear sufficiently fair, reasonable, and adequate to provide Notice, provide Class Members the opportunity to

request exclusion or object to the terms, and schedule a Fairness Hearing to fully analyze the Proposed Settlement and determine whether to grant final approval.

27. The Parties also jointly moved to vacate this Court's previous summary judgment Order (Docket Entry 185), contingent on this Court granting final approval of the Settlement Agreement after the Notice period and after the period during which Class Members may object or request exclusion. Vacatur requires this Court to "determine the propriety of granting vacatur by weighing the benefits of settlement to the parties and to the judicial system (and thus to the public as well) against the harm to the public in the form of lost precedent." *See Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1336 (11th Cir. 2016). As a preliminary matter, the Court finds that, because the previous Summary Judgment Order addressed issues relating to the application of Florida state law to the GEICO-specific insurance policies (and are therefore non-binding in cases pending in Florida state court) and given the Settlement was achieved pursuant to Court-ordered mediation, the benefits of settlement likely outweigh the harm to the public in the form of lost precedent if the Court's previous summary judgment Order (Docket Entry 185) is vacated. However, because vacatur is contingent on final approval of the settlement – and because the necessary benefit-weighing analysis necessarily assumes effectuation of the settlement – the Court will postpone a final decision concerning its vacatur of the Summary Judgment Order until such time that the Court has ruled on the a Motion for Final Approval of the Settlement Agreement.

28. Potential Settlement Class Members who wish to exclude themselves from the Settlement Class must submit timely, written requests for exclusion as set forth in the Agreement and Notice.  The request must be postmarked no later than 30 days after the Mail Notice Date. *See Greco v. Ginn Dev. Co., LLC*, 635 Fed. Appx. 628, 634 (11th Cir. 2015) (*citing* 2 *McLaughlin on Class Actions* § 6:18 (11th ed.) ("Courts have consistently held that 30 to 60 days between the mailing (or other dissemination) of class notice and the last date to object or opt out, coupled with a few more weeks between the close of objections and the settlement hearing, affords class members an adequate opportunity to evaluate and, if desired, take action concerning a proposed settlement.")). Requests for exclusion must be exercised individually by the Settlement Class Member or his or her Legally Authorized Representative, and not as or on behalf of a group, class, or subclass.  *See Whitehead v. Advance Stores Co.*, 2017 U.S. Dist. LEXIS 2673, at *9 (M.D. Fla. Jan. 9, 2017) (Dalton, J.) (directing that opt-outs must be individually signed and include pertinent identifying information).

29. No later than 10 days before the Fairness Hearing, the Settlement Administrator shall file proof of mailing of the Notice, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit or declaration attesting to the accuracy of the Opt-Out List.

30. Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Notice and Agreement shall be excluded from the Settlement Class. Such Persons shall have no rights under the Proposed Settlement, shall not share in any distribution of funds under the Proposed Settlement, and shall not be bound by

the Proposed Settlement or by any Final Order and Judgment approving the Proposed Settlement. *See In re Managed Care Litig.*, 2008 U.S. Dist. LEXIS 44261, at *32 (S.D. Fla. Jun. 4, 2008) (class members who opt-out of class are not bound by any decisions or rulings concerning the class).  All Settlement Class Members who do not submit a timely, written request for exclusion in the manner set forth in the Notice and Agreement are bound by any Final Order and Judgment entered, even if such Settlement Class Members never received actual notice of this Action or this Proposed Settlement, or never submitted a claim pursuant to the Proposed Settlement. *See Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012) (due process does not require actual notice, but rather good-faith effort to provide actual notice).  If a Final Order and Judgment is entered approving the Proposed Settlement, all Settlement Class Members who have not made timely, written requests for exclusion shall be conclusively deemed to have fully and finally released all Released Persons, as defined in the Agreement, from any and all Released Claims, as defined in the Agreement.

31. Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Settlement Class Members who choose to object to the Proposed Settlement must file written notices of intent to object or intervene, as described in the Agreement and below.  Any Settlement Class Member who has timely filed an objection in compliance with the Agreement and this Order may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent allowed by the Court. The right to object to the Proposed Settlement must be exercised individually by an individual Settlement Class Member or his or her attorney or his or

her Legally Authorized Representative, and not as a member of a group, class, or subclass.

32. To be timely, any objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than thirty (30) days after the Mail Notice Date.

33. A notice of intent to object to the Proposed Settlement must also:

    a.  Contain a heading which includes the name of the case and case number;

    b.  Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

    c.  Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

    d.  Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney. If the Settlement Class Member is represented by an attorney, he or she must comply with all applicable rules of the Court; and

    e.  State whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel.

34. A lack of substantial compliance with these requirements may result in the objection not being considered by the Court. *See, e.g.*, *Sanchez-Knutson v. Ford Motor Co.*, 2017 U.S. Dist. LEXIS 96560, at *12-13 (S.D. Fla. Jun. 20, 2017) (objectors must comply with requirements imposed by courts, including requirement to list proposed settlements to which they or their counsel have previously objected).

35. In addition, a notice of intent to object should contain the following additional information, if the Settlement Class Member or his/her or its attorney requests permission to speak at the Fairness Hearing:

    a.   A detailed statement of the specific legal and factual basis for each objection;

    b.   A list of any and all witnesses whom the Settlement Class Member may seek to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony;

    c.   A list of any legal authority the Settlement Class Member will present at the Fairness Hearing; and

    d.   Documentary proof of membership in the Settlement Class.

36. A lack of substantial compliance with these requirements may result in the Court declining the Settlement Class Member or his/her or its attorney permission to speak or present evidence or testimony at the Fairness Hearing. *Id.*

37. The Court directs the Settlement Administrator to rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and provides that only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in the Agreement or by further order of the Court. The Court also directs the Settlement Administrator promptly to furnish Class Counsel and Counsel for GEICO copies of any and all objections, written requests for exclusion, motions to intervene, notices of intention to

appear, or other communications that come into its possession, as set forth in the Agreement.

38. The Parties are directed to exchange data and provide data to the Settlement Administrator consistent with the methods and timing set forth in the Agreement to facilitate the sending of Notice within the deadlines set forth in the Schedule below.

39. The Court will hold a Fairness Hearing on [date] at [time] at the [location]. During the Fairness Hearing, the Court will consider whether the proposed settlement described in the Agreement should be approved as fair, reasonable, and adequate, and whether the Court should enter the proposed Final Order and Judgment approving the Proposed Settlement and dismissing this Action on the merits, with prejudice.  The Court will also consider the amount of any Attorneys' Fee Award and whether to make and the amount of any Service Awards to the Named Plaintiff.  Class Counsel is directed to file any application for attorneys' fees, costs, and incentive awards within fifteen (15) days after the deadline to request exclusion or file a Notice of Intent to object to settlement agreement.  The Settlement Administrator is directed to post any such application to the Settlement Website.

40. The Fairness Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to Settlement Class Members other than on the settlement website and the Court's publicly-available docket.  The Court further reserves the right to enter a Final Judgment and Order dismissing the Action with prejudice as to GEICO and against the Named Plaintiffs and the Settlement Class Members at or after the Final Approval Hearing and without further notice to the Settlement Class Members.

41. Based upon the terms of the Agreement, and based upon today's date of [date], on which this Preliminary Approval Order is being entered, the Court imposes the following schedule for implementation of the Notice plan and further proceedings to determine whether the Proposed Settlement should be fully and finally approved:

| # | Action | Deadline |
|---|--------|----------|
| 1 | Website Notice Posted by Settlement Administrator | [date] (60 days before the Fairness Hearing, but no less than one hundred (100) days from today's date) |
| 2 | Deadline for Settlement Administrator to mail out direct mail notice ("Mail Notice Date") | [date] (60 days before the Fairness Hearing, but no less than one hundred (100) days from today's date) |
| 3 | Deadline for Settlement Class Members to opt-out of the Agreement | Thirty (30) days after the Mail Notice Date set forth above |
| 4 | Deadline for submission of Notice of Intent to object to agreement | Thirty (30) days after the Mail Notice Date set forth above |
| 5 | Deadline for Settlement Class Members to file claims. | [date] (ninety (90) days after the Mail Notice Date set forth above) |
| 6 | Deadline for Class Counsel to file their Motion for Final Approval of the Settlement, application for attorneys' fees, costs and expenses, and for a service award for each Plaintiff | Fifteen (15) days after the deadline to request exclusion or file Notice of Intent to object to agreement |
| 7 | Deadline for Settlement Administrator to file proof of completion of Notice, along with complete and accurate Opt-Out list | [date] (which is ten (10) days before the Fairness Hearing) |
| 8 | Fairness Hearing | Month, Date, Year at Time (which is approximately 30 days after the deadline to |

| | | request exclusion or file a Notice of Intent to object and approximately 160 days after entry of this Preliminary Approval Order) |
|---|---|---|

42. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

43. The Court stays all proceedings in this Action until further Order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement or effectuate the Agreement.

IT IS SO ORDERED.

Dated:_____

_____
 Paul J. Byron
United States District Judge

EXHIBIT 2

You may have previously received a Notice informing you that you might be a class member in a class action against Government Employees Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Company (together "GEICO"). The Parties in the case have agreed to settle the case.

**Why am I getting this Notice?** You have been identified as a "Settlement Class Member" from GEICO's claims data, because either (1) you were a Florida policyholder and insured by Government Employees Insurance Company or GEICO General Insurance Company and submitted a physical damage claim with respect to a covered owned (i.e., not leased) vehicle during the period May 17, 2012 through _____, 2019 that resulted in a total loss claim payment; or (2) you were a Florida policyholder and insured by GEICO Indemnity Company and submitted a physical damage claim with respect to a covered owned (i.e., not leased) vehicle during the period October 10, 2012 through _____, 2019 that resulted in a total loss claim payment.

**What is this lawsuit about?** The Settlement resolves a lawsuit claiming that GEICO breached its auto insurance policies by failing to pay title transfer fees and license plate registration transfer fees (together "title and registration transfer fees") to customers who submitted Florida first-party total loss auto claims for non-leased vehicles.

**Settlement Terms.** GEICO will pay up to $79.85 in title and registration fees (plus prejudgment interest) to eligible Settlement Class Members who submit a claim. The payment is the full amount sought in the case and totals over $27 million. In addition, GEICO will change their practice and begin paying title and registration fees on all private passenger auto first-party total loss claims on non-leased vehicles, and pay attorneys' fees of up to $5.6 million, costs and expenses of up to $225,000, and $10,000 as a service award to the Class Representative. These payments will not reduce the amount of money available to Settlement Class Members.

**How do I Receive Payment?** To receive a payment, you must complete and mail the attached Claim Form or submit a Claim Form online at www.___. Claim Forms must be postmarked or submitted online by ___.

**Do I have any other options?** Unless you file a Claim Form, you will not be eligible to get a Settlement payment and your rights will be affected. If you don't want to be legally bound by the settlement, you must exclude yourself from it by **[MONTH], [DAY], [YEAR]**. Unless you exclude yourself, you won't be able to sue or continue to sue GEICO for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your own lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections and requests to appear are due by **[MONTH], [DAY], [YEAR]**. More details and the full terms of the Proposed Settlement is available at www._____.com.

---

COURT ORDERED LEGAL NOTICE

# If you suffered a total-loss while insured by GEICO from 2014-2019, you may be entitled to a cash payment of $79.85 plus pre-judgment interest.

Jones v. GEICO Class
Action Settlement
PO BOX 0000
City, State, Zip Code

**Class Member John Doe
123 ABC Street
Miami, FL 12345**

## Complete and return the enclosed form by
_____
**to receive a cash payment.**

1

**CLAIM FORM**

Name & Address: [PREFILL]                    CLAIM ID:_____

Date of Loss: [PREFILL]

**1. ADDRESS (if different from above)**

Primary Address

| | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Primary Address continued

| | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

City:                                        State:        Zip Code:

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**2.  AFFIRMATION (required):** By signing below, I certify under penalty of perjury that I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian or trustee of the person who made the insurance claim identified above, that, to the best of my knowledge, the information on this Claim Form is true and correct and, to the best of my knowledge, I believe I was not paid full for title and registration transfer fees.

Signature:_____ Dated_____

Name (please print): _____

2

_____

_____

_____

postage
prepaid
mark

Jones v. GEICO Settlement
Claims Administrator
P.O. Box ____
Louisville, KY 40233-4047

EXHIBIT 3

FIRST EMAIL

To:
From:
Subject: GEICO Settlement-File a Claim

**GEICO's records show you suffered a total-loss while insured with them and you may be entitled to $79.85 plus pre-judgment interest from this class action settlement.**

**Claim your cash payment from the settlement by [Date].**

Go to [insert link to www.[website].com] and enter your Claim ID [insert ClaimID]

You have been identified as a potential settlement class member from GEICO's claims data, because either (1) you were a Florida policyholder and insured by Government Employees Insurance Company or GEICO General Insurance Company and submitted a physical damage claim with respect to a covered owned (i.e., not leased) vehicle during the period May 17, 2012 through _____, 2019 that resulted in a total loss claim payment; or (2) you were a Florida policyholder and insured by GEICO Indemnity Company and submitted a physical damage claim with respect to a covered owned (i.e., not leased) vehicle during the period October 10, 2012 through _____, 2019 that resulted in a total loss claim payment.

You may have previously received a Notice informing you that you might be a class member in a class action against Government Employees Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Company (together "GEICO"). The Parties in the case have agreed to settle the case.

The Settlement resolves a lawsuit claiming that GEICO breached its auto insurance policies by failing to pay title transfer fees and license plate registration transfer fees (together "title and registration transfer fees") to customers who submitted Florida first-party total loss auto claims for non-leased vehicles.

GEICO will pay $79.85 in title and registration transfer fees (plus prejudgment interest) to settlement class members who submit a valid claim. The payment is the full amount sought in the case and totals over $27 million. In addition, GEICO will change their practice and begin paying title and registration transfer fees on all first-party total loss claims on non-leased vehicles, and pay attorneys' fees of up to $5.6 million, costs and expenses of up to $225,000, and $10,000___ as a service award to the Class Representative. These payments will not reduce the amount of money available to Settlement Class Members.

To be eligible for payment, you must complete and mail the Claim Form attached to the postcard you received in the mail or submit a Claim Form online at www.___ by using the above link and ClaimID information. Claim Forms must be postmarked or submitted online by ___.

Unless you timely file a Claim Form, you will not get a Settlement payment and your rights will be affected. If you don't want to be legally bound by the settlement, you must exclude yourself from it by **[MONTH], [DAY], [YEAR]**. Unless you exclude yourself, you won't be able to sue or continue to sue GEICO for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your own lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections and requests to appear are due by **[MONTH], [DAY], [YEAR]**.

More details and the full terms of the Proposed Settlement is available at www._____.com. You may also contact class counsel at www.hallandlampros.com or (404) 876-8100.

*Jones v. Government Employees Ins. Co.,* Case No: 6:17-cv-891-Orl-40LRH (M.D. Fla.).

SECOND EMAIL

To:
From:
Subject: GEICO Settlement Potential Claim

**Claim your cash payment from the settlement by [Date].**

Go to [insert link to www.[website].com] and enter your Claim ID [insert ClaimID]

**GEICO's records show you suffered a total-loss while insured with them and you may be entitled to up to $79.85 plus pre-judgment interest from this class action settlement.**

The Settlement Administrator's records show that you have not yet filed your Claim Form to receive $79.85 plus prejudgment interest from the class action settlement with GEICO.

GEICO's claims data indicates you may be part of the settlement, because either (1) you were a Florida policyholder and insured by Government Employees Insurance Company or GEICO General Insurance Company and submitted a physical damage claim with respect to a covered owned (i.e., not leased) vehicle during the period May 17, 2012 through _____, 2019 that resulted in a total loss claim payment; or (2) you were a Florida policyholder and insured by GEICO Indemnity Company and submitted a physical damage claim with respect to a covered owned (i.e., not leased) vehicle during the period October 10, 2012 through _____, 2019 that resulted in a total loss claim payment.

The Settlement resolves a lawsuit claiming that GEICO breached its auto insurance policies by failing to pay title transfer fees and license plate registration transfer fees  to customers who submitted Florida first-party total loss auto claims for non-leased vehicles.

To be eligible for payment, you must complete and submit a Claim Form online by using the link and ClaimID information above by [date].

More details and the full terms of the Proposed Settlement is available at www._____.com. You may also contact class counsel at www.hallandlampros.com or (404) 876-8100.

*Jones v. Government Employees Ins. Co.,* Case No: 6:17-cv-891-Orl-40LRH (M.D. Fla.)

THIRD EMAIL

To:
From:
Subject: GEICO Settlement Final Notice to Make a Claim

**Time is running out to claim your cash payment from the settlement. File your Claim Form by [Date] to be eligible to receive up to $79.85 plus pre-judgment interest from this class action settlement.**

Go to [insert link to www.[website].com] and enter your Claim ID [insert ClaimID]

You have not yet filed your Claim Form for a potential payment from the total loss you suffered while you were insured with GEICO.

Complete and submit a Claim Form online by using the link and ClaimID information above by [date].

More details and the full terms of the Proposed Settlement is available at www._____.com. You may also contact class counsel at www.hallandlampros.com or (404) 876-8100.

*Jones v. Government Employees Ins. Co.,* Case No: 6:17-cv-891-Orl-40LRH (M.D. Fla.)

# EXHIBIT 4

**CLAIM FORM**

Name & Address: [PREFILL]                    CLAIM ID:_____

Date of Loss: [PREFILL]

**1. ADDRESS (if different from above)**

Primary Address

| | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Primary Address continued

| | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

City:                                          State:      Zip Code:

| | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

**2.  AFFIRMATION (required):** By signing below, I certify under penalty of perjury that I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian or trustee of the person who made the insurance claim identified above, that, to the best of my knowledge, the information on this Claim Form is true and correct and, to the best of my knowledge, I believe I was not paid full for title and registration transfer fees.

Signature:_____ Dated_____

Name (please print): _____

# EXHIBIT 5

ELECTRONIC CLAIM FORM

**CLAIM FORM**

**To be considered, this Claim Form must be submitted on or before _____.**

Name & Address: [PREFILL]                    CLAIM ID:_____ [PREFILL]

Date of Loss: [PREFILL]

**1. ADDRESS (if different from above)**

Primary Address

| | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Primary Address continued

| | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

City:                                    State:        Zip Code:

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**2.  AFFIRMATION (required):** By signing below, I certify under penalty of perjury that I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian or trustee of the person who made the insurance claim identified above, that, to the best of my knowledge, the information on this Claim Form is true and correct and, to the best of my knowledge, I believe I was not paid full title and registration transfer fees.

Electronic Signature:_____ Dated:_____

EXHIBIT 6

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Jones, et al. v. Government Employees Insurance Company et al.,
Case No. 6:17-CV-891-PGB-LRH

## IMPORTANT NOTICE OF CLASS ACTION SETTLEMENT

**A court authorized this Notice.**
**This is not a solicitation from a lawyer.**
**You are not being sued.**

## PLEASE READ THIS NOTICE CAREFULLY

A settlement has been reached in the case *Jones, et al. v. Government Employees Insurance Company, et al.*, Case No. 6:17-cv-891-PGB-LRH, entitling Class Members to payment of up to $79.85, plus prejudgment interest. This Notice explains: 1) the terms of the Settlement; 2) who is a member of the Class; 3) how to submit a claim for payment; 4) how to request exclusion from the Settlement; 5) how to object to the Settlement; 6) how to get more information about the Settlement.

IF YOU ARE A CLASS MEMBER, THIS LEGAL PROCEEDING MAY AFFECT YOUR RIGHTS.

HELP IS AVAILABLE TO ASSIST YOUR UNDERSTANDING OF THIS NOTICE.
Call **1-###-###-####** toll free for more information.

## What is a Class Action?

A class action is a lawsuit in which one or more individuals bring claims on behalf of other persons or entities. These persons or entities are referred to as a "Class" or "Class Members." In a certified class action, the Court resolves certain issues, legal claims, and/or defenses for all Class Members in a single action, except for those persons or entities who ask in writing to be excluded from the Class.

## What is this Class Action About?

Plaintiffs alleged that the GEICO Defendants (defined below) breached their contracts (insurance policies) by failing to pay Plaintiffs and other Florida insureds who submitted physical damage claims for their owned (i.e., not leased) vehicles during the class period, and which resulted in a total loss claim payment, the "actual cash value" of their total-loss vehicles. Specifically, Plaintiffs alleged that GEICO owed $79.85 in title and registration transfer fees to members of the Class. The GEICO Defendants maintain that they complied with the terms of the insurance policies and

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www.BellamyAutoFeesClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.BellamyAutoFeesClassAction.com.

applicable law and deny that they acted wrongfully or unlawfully and continue to deny all material allegations.

This case was previously certified as a Class Action on April 4, 2019. You may have received Notice of the class certification. You are receiving this Notice because a Settlement of the case has been reached between the Plaintiffs, acting on behalf of the Settlement Class, and GEICO.

The district court is conducting a FAIRNESS HEARING on _____, to decide whether to grant final approval of the Proposed Settlement.

## Settlement Terms

As a part of the settlement, Government Employees Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Company (together "GEICO" or "GEICO Defendants"), have agreed to:

1. pay eligible members of the Class up to $79.85 in title and registration transfer fees, plus prejudgment interest, the full amount Plaintiffs alleged they and Class Members are owed;
2. begin including at least $79.85 in total-loss payments to private passenger auto insureds who suffer a total-loss to an owned vehicle in the future unless and until certain conditions are met as set forth in the Settlement Agreement;
3. separately pay attorneys' fees, costs, and incentive awards to the Plaintiffs, which will not come from nor reduce any payment made to members of the Class.

In exchange, the Plaintiffs and the members of the Class who do not exclude themselves from the Settlement agree to give up any claim they have for payment of title and registration transfer fees. If you are a member of the Class, you can submit a claim to be eligible to be paid $79.85 in title and registration transfer fees, plus prejudgment interest. Alternatively, you may, if you wish, request to be excluded from the Settlement, which means you are not eligible for payment, and you maintain your right to sue GEICO individually and separately for payment of title and registration transfer fees. You may also object to the terms of the Settlement, if you comply with the requirements set forth below.

## How Do I Know if I'm a Member of the Class?

You may be a member of the class action (a "Class Member") against Government Employees Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Company (together "GEICO" or "GEICO Defendants") if: (1) you were a Florida policyholder and insured by Government Employees Insurance Company or GEICO General Insurance Company and submitted a physical damage claim with respect to a covered owned (i.e., not leased) vehicle during the period May 17, 2012 through _____ that resulted in a total loss claim payment; or (2) you were a Florida policyholder and insured by GEICO Indemnity Company and submitted a physical damage claim with respect to a covered owned (i.e., not leased) vehicle during the period October 10, 2012 through _____ that resulted in a total loss claim payment. If your total loss vehicle was a leased vehicle, however, you are not part of the Class. If your total loss claim payment

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www.BellamyAutoFeesClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.BellamyAutoFeesClassAction.com.

included title transfer and registration transfer fees, you may not be part of the class. You received this Notice because the GEICO Defendants' records indicate you may be a member of the Class.

### If I Am a Class Member, What Are My Options?

If you are a Class Member, you have four options.

**Option 1**: **Submit a Claim Form for Payment.**

You may submit a Claim Form for payment of up to $79.85, plus prejudgment interest. The payment is the full amount sought in the case and, for all Class Members, totals over $27 million. If you received a Notice in the mail, the Notice included a pre-filled Claim Form. You can submit a claim by signing the Claim Form, carefully tearing at the perforation, and putting the Claim Form in the mail (the Claim Form is addressed and has necessary postage prepaid). You can call NUMBER or visit www.BellamyAutoFeesClassAction.com and request that the Settlement Administrator send you a Claim Form as described above (or a blank form that you will need to fill out).

You can also submit an Electronic Claim Form by visiting www.BellamyAutoFeesClassAction.com, clicking the MAKE A CLAIM button, and following the steps outlined for you. You will need a Claim ID (which was included in the Mailed Notice) or your last name and Policy number or claim number. If you do not know your Claim ID, you can call NUMBER and provide your last name and seek assistance in determining your Claim ID. You can also fill out the information in an electronic blank form.

If you submit a Claim Form in the mail, it must be postmarked no later than _____. If you submit an Electronic Claim, you must do so by 11:59 p.m. on _____.

**Option 2**. **Exclude yourself from the Case.**

You have the right to not be part of the Settlement by excluding yourself or "opting out" of the Class. If you wish to exclude yourself, you must do so on or before __ as described below. You do not need to hire your own lawyer to request exclusion from the Class. If you exclude yourself from the Class, you give up your right to receive $79.85, plus prejudgment interest, or any other benefits as part of this settlement, and you will not be bound by any judgments or orders of the District Court, whether favorable or unfavorable. However, you will keep your right to sue any of the GEICO Defendants separately in another lawsuit if you choose to pursue one.

To exclude yourself from this lawsuit and/or preserve your right to bring a separate case, you must make a request to be excluded in writing and, with sufficient postage, mail the request to:

Jones v. GEICO General Insurance Company, et al.
c/o NAME

3

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www.BellamyAutoFeesClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.BellamyAutoFeesClassAction.com.

ADDRESS
ADDRESS

A request for exclusion must be postmarked on or before __.

Your request for exclusion must contain the following:
1. The name of the lawsuit:
2. Your full name;
3. Your current address;
4. A clear statement that you wish to be excluded from the Class, such as: "I request exclusion from the Class"; and
5. Your signature.

The Settlement Administrator will file your request for exclusion with the District Court. If you are signing on behalf of a Class Member as a legal representative (such as an estate, trust or incompetent person), please include your full name, contact information, and the basis for your authority. A request for exclusion must be exercised individually and not on behalf of a group.

IF YOU DO NOT EXCLUDE YOURSELF FROM THE CLASS BY THE POSTMARK DEADLINE OF __, YOU WILL REMAIN PART OF THE CLASS AND WILL BE BOUND BY THE ORDERS OF THE DISTRICT COURT IN THIS LAWSUIT AND BY THE TERMS OF THE SETTLEMENT IF IT IS APPROVED BY THE COURT, EVEN IF YOU DO NOT SUBMIT A CLAIM FOR PAYMENT.  IF YOU DO NOT WISH TO BE BOUND BY THE DECISIONS OR SETTLEMENT IN THIS CASE, YOU MUST REQUEST EXCLUSION FROM THE CLASS ACTION.

**<u>Option 3</u>: Object to the Terms of the Settlement.**

The full terms of the Settlement can be found at www.BellamyAutoFeesClassAction.com. If you think the terms of the Settlement are not fair, reasonable, or adequate to the Class Members, you can file a Notice of Intent to object to the terms of the Settlement. If you object to the terms of the Settlement, you cannot request exclusion from the Settlement. If you object to the terms of the Settlement and your objection is overruled, you will be bound by the terms of the Settlement and all rulings and orders from the Court.

To properly object to the terms of the Settlement, you must send, with sufficient postage, a Notice of Intent to object to the terms of the settlement and to appear at the Fairness Hearing (described below) to the following:

Jones v. GEICO General Insurance Company, et al.
c/o NAME
ADDRESS
ADDRESS

The Notice of Intent must include the following:

4

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www.BellamyAutoFeesClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.BellamyAutoFeesClassAction.com.

1. The name of the case and case number;

2. Your name, address, telephone number, and signature;

3. The specific reasons why you object to the terms of the Proposed Settlement;

4. The name, address, bar number, and telephone number of any attorney who represents you related to your intention to object to the terms of the Settlement;

5. State whether you and/or your attorney intend to appear at the Fairness Hearing and whether you and/or your attorney will request permission to address the Court at the Fairness Hearing.

If you and/or your attorney intend to request permission to address the Court at the Fairness Hearing, your Notice of Intent must also include the following:

1. A detailed statement of the legal and factual basis for each of your objections;

2. A list of any witness you may seek to call at the Fairness Hearing (subject to applicable rules of procedure and evidence and at the discretion of the Court), with the address of each witness and a summary of his or her proposed testimony;

3. A list of any legal authority you may present at the Fairness Hearing; and

4. Documentary proof of membership in the Settlement Class.

Notices of Intent to object must be postmarked by _____. Any Notice of Intent that is not postmarked by the deadline set forth above or which does not comport with the requirements listed above may waive the right to be heard at the Fairness Hearing. If you file a Notice of Intent, you waive the right to request exclusion from the Class and will be bound by any decisions and orders from the Court and by the terms of the Settlement if it is approved by the Court. If you do not want to be bound by the decisions and rulings by the Court and the terms of the settlement, you must file a request for exclusion and not a Notice of Intent.

**Option 4. Do Nothing Now. Stay in the Case.**

You have the right to do nothing. If you do nothing, you will be bound by the terms of the Settlement and will release any claim against GEICO for title and registration transfer fees, even if you do not submit a Claim for payment.

**Who Is Representing the Class?**

The District Court has preliminarily appointed Micah Bellamy, Anthony Cook, Maurice Jones, Anthony Lorenti, and Ashley Barrett (the "Named Plaintiffs") to be the representatives of the

5
QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www.BellamyAutoFeesClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.BellamyAutoFeesClassAction.com.

Class. The District Court has also preliminarily appointed the following lawyers as Class Counsel for those Class Members:

| | |
|---|---|
| Edmund Normand, Esq.<br>Jacob Phillips, Esq.<br>Normand PLLC<br>3165 McCrory Place, Suite 175<br>Orlando, FL 32803<br>Telephone: (407) 603-6031<br>Facsimile: (888) 974-2175<br>NormandPLLC.com<br><br>Christopher J. Lynch<br>Christopher J. Lynch, P.A.<br>6915 Red Road, Suite 208<br>Coral Gables, Florida 33143<br>Telephone: (305) 443-6200<br>Facsimile: (305) 443-6204<br>HunterLynchlaw.com | Bradley W. Pratt, Esq.<br>Pratt Clay, LLC<br>4401 Northside Parkway, Suite 520<br>Atlanta, Georgia 30327<br>Telephone: (404) 949-8118<br>Facsimile: (404) 949-8159<br>PrattClay.com<br><br>Christopher B. Hall<br>Hall & Lampros, LLP<br>400 Galleria Parkway, Suite 1150<br>Atlanta, Georgia 30339<br>Telephone:  (404) 876-8100<br>Facsimile:  (404) 876-3477<br>HallandLampros.com<br><br>Tracy L. Markham<br>Southern Atlantic Law Group, PLLC<br>2800 N 5th Street, Suite 302<br>St. Augustine, Florida 32084<br>Phone: (904) 794 7005<br>Facsimile: (904) 794 7007<br>southernatlanticlaw.com |

These lawyers are experienced in handling class action lawsuits, including actions on behalf of insured policyholders. More information about Class Counsel is available on their websites above.

Class Counsel will file an application for attorneys' fees and costs of no more than $5.6 million dollars (plus no more than $225,000 in costs), subject to approval by the Court. GEICO has agreed to pay Class Counsel that amount if approved by the Court. Payment of attorneys' fees and costs has no impact and does not affect in any way, and will not reduce, the amount of money that will be paid to Class Members. If the District Court grants Class Counsel's request, and in whatever amount the District Court approves Class Counsel's Request, the attorneys' fees and costs will be paid separately by the GEICO. If you submit a valid claim for payment, you will receive up to $79.85, plus prejudgment interest, and that amount will not be reduced to pay class counsel fees and/or costs.  You will not be personally responsible for any fees, costs or expenses incurred by Class Counsel relating to the prosecution of this case.

Class Counsel will also seek an Incentive Award to the Plaintiffs in the amount of $10,000 per plaintiff, subject to court approval. The Incentive Award is designed to reward the Plaintiffs for securing the recovery awarded to members of the Class, which is the full amount of damages

Plaintiffs alleged is owed to Class members, and to acknowledge the time spent by the Plaintiffs in sitting for deposition, providing discovery, participating in the case and mediation, and prosecuting the claim for the benefit of the Class. GEICO has agreed to pay the Incentive Award to the Plaintiffs up to the amount of $10,000 per plaintiff. Payment of the Incentive Award(s) has no impact and does not affect in any way the amount of money that will be paid to Settlement Class Members. If the District Court grants the request for an Incentive Award(s), and in whatever amount the District Court approves the request, the Incentive Award(s) will be paid separately by GEICO, and will not affect in any way, and will not reduce, the amount of money paid to Class Members. If you submit a valid claim for payment, you will receive up to $79.85, plus prejudgment interest, and that amount will not be reduced to pay the Incentive Award(s).

### What Claim(s) Against GEICO Are Class Members Releasing?

As a part of the Settlement, Class Members agree not to sue GEICO by asserting any claim for payment of title and registration transfer fees. Unless you request exclusion from the Class, you give up the right to individually sue GEICO and claim you are owed title and registration transfer fees as part of your total-loss payment, even if you do not submit a Claim for payment as part of this Settlement. You are not releasing any other claim against GEICO. Full terms of the Released Claims and Released Parties can be found in the Proposed Settlement at www.BellamyAutoFeesClassAction.com.

### How Do I Find Out More About This Lawsuit?

If you have any questions about the lawsuit or any matter raised in this notice, please call toll-free at 1-###-###-#### or go to www.BellamyAutoFeesClassAction.com.

This www.BellamyAutoFeesClassAction.com website provides:
1. An Electronic Claim Form and directions for how to submit;
2. The process for requesting a paper (non-electronic) pre-filled Claim Form;
3. A form that you may use (but are not required to use) to exclude yourself from the class action;
4. The full terms of the Settlement;
5. Information and requirements for submitting a claim, requesting exclusion, or filing a Notice of Intent to object to the terms of the Settlement
6. A copy of the complaints filed by Plaintiffs and other important rulings and orders from the District Court during the case prior to Settlement; and
7. Other general information about the class action.

You also may contact class counsel, whose contact information and websites are provided above.

Complete copies of the documents filed in this lawsuit that are not under seal may be examined and copied at any time at the United States District Court, Middle District of Florida, 401 West Central Boulevard, Orland, FL 32801.

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www.BellamyAutoFeesClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.BellamyAutoFeesClassAction.com.

PLEASE DO NOT TELEPHONE OR CONTACT THE DISTRICT COURT OR THE CLERK OF THE DISTRICT COURT REGARDING THIS NOTICE.

IT IS SO ORDERED, HON. PAUL G. BYRON, U.S. DISTRICT COURT JUDGE
DATED: _____ ##, 2019

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www.BellamyAutoFeesClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.BellamyAutoFeesClassAction.com.