**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| MAURICE JONES, ANTHONY C. COOK and MICAH BELLAMY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, and GEICO GENERAL INSURANCE COMPANY,<br><br>    Defendants. | Case No.: 6:17-cv-00891-PGB-KRS |
| ANTHONY LORENTI and ASHLEY BARRETT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GEICO INDEMNITY COMPANY,<br><br>    Defendant. | Case No.: 6:17-cv-01755-PGB-KRS |

**JOINT MOTION TO VACATE
<u>SUMMARY JUDGMENT ORDER</u>**

As set out in Plaintiffs' motion for a preliminary approval (Dkt. No. 197), the parties have reached a proposed settlement of these actions, a material term of which is this joint motion and the entry of an order vacating the July 19, 2019, summary judgment order (Dkt. No. 185). The parties therefore move the Court and request, only upon final approval of the proposed settlement, that the Court vacate the summary judgment order to effectuate this settlement.

**RELEVANT BACKGROUND**

On December 17, 2018, the parties engaged in a Court-ordered mediation with Mediator Richard Reinhardt of Upchurch Watson White & Max.  *See* Case Management & Scheduling Order, Dkt. No. 48; Mediation Report, Dkt. No. 125.  The parties reached an impasse (Dkt. No. 125), and these consolidated cases proceeded, resulting in a number of rulings from the Court, including an order entered on July 19, 2019, denying Defendants' motion for summary judgment and granting summary judgment to Plaintiffs.  Summ. J. Order (July 19, 2019), Dkt. No. 185.  Among other things, the Court ordered the parties to file a proposed final judgment within sixty days from the expiration of class opt-out deadline.  *Id*. at 8.

On September 13, 2019, before any proposed final judgment was due, the parties engaged in a further mediation session with Upchurch Watson White & Max, this time before Mediator Rodney Max.  This mediation session resulted in a tentative agreement to settle these cases.  As part of the settlement, Defendants would pay each eligible class member who submits a timely and valid claim a total of $79.85, plus prejudgment interest, which includes the full amount awarded in the Court's summary judgement order plus an additional $.50 per class member.  Settlement Agreement ¶ 32, Dkt. No. 197-1. The settlement also provides relief for an expanded class period beyond the class certified by the Court.  Defendants also have agreed as part of the settlement to include these amounts in future payments made under their Florida automobile insurance policies.  *Id*. ¶ 67.  The settlement agreement clarifies the limited res judicata effect of this case only to the fees at issue in this lawsuit and the Released Claims as defined in the settlement agreement.  The settlement agreement also includes a provision that the parties will jointly move for an order vacating the July 19 summary judgment order.  *Id*. ¶ 65.  The parties would not have been able to reach a settlement without inclusion of this term.

Plaintiffs have filed a motion to approve the proposed settlement (Dkt. No. 197), and the parties now jointly move the Court to vacate the July 19 summary judgment order (Dkt. No. 185) upon final approval of the proposed settlement.

## ARGUMENT AND CITATION OF AUTHORITY

The Court has broad discretion to revisit its orders prior to final judgement. Under Rule 54(b) of the Federal Rule of Civil Procedure, "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). Moreover, even after final judgment, Rule 60(b)(6) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Where a party moves to vacate an order upon settlement, the Eleventh Circuit has set out an "equitable" approach under which "courts determine the propriety of granting vacatur by weighing the benefits of settlement to the parties and to the judicial system (and thus to the public as well) against the harm to the public in the form of lost precedent." *Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1336 (11th Cir. 2016). In *Hartford*, the court concluded that the district court had abused its discretion in denying a motion to vacate an order granting summary judgment (and related cost orders) even after the judgment was final and pending on appeal, because the necessity of the vacatur for settlement presented "exceptional circumstances" warranting this relief. *Id*. In such a case, the benefits of settlement heavily outweigh any possible harm of lost precedent. *Id*.

Specifically, as to the benefits of settlement, the court pointed to the fact that the parties' negotiations had been prompted by court-ordered mediation and that "both parties to the settlement desire vacatur because settlement would otherwise be impossible." *Id*. "Taken together, these

considerations weigh heavily in favor of vacating the District Court's orders." *Id*. Overall, "[t]he parties' interests are best served through the voluntary disposition of this case, and further proceedings are curtailed, conserving judicial resources." *Id*.

The Court weighed those benefits against the "public interest in preserving a district court ruling on questions of state contract law that has been appealed to this Court." *Id*. Preservation of such precedent would have only "slight value" to the public generally but is heavily "outweighed by the direct and substantial benefit of settling this case to" the parties "and to the judicial system (and thus to the public as well)." *Id*.

Applying *Hartford*, district courts in the Eleventh Circuit frequently grant motions to vacate prior orders to effectuate settlement, particularly where the prior order dealt with state-law issues or otherwise is of limited precedential value. *E.g.*, *Regions Bank v. David*, No. 2:18-CV-00716-KOB, 2019 WL 848734, at *1 (N.D. Ala. Jan. 30, 2019); *Automated Sys. Am., Inc. v. Worldpay US, Inc.*, No. 1:17-cv-0361-AT, 2018 WL 6929258, at *1 (N.D. Ga. Dec. 18, 2018); *Ctr. for Biological Diversity v. Zinke*, No. 1:17-cv-24444-UU, 2018 WL 6807397, at *1 (S.D. Fla. Sept. 20, 2018); *Heartland Catfish Co. v. Navigators Specialty Ins. Co.*, No. 15-368-CG-M, 2018 WL 1913549, at *2 (S.D. Ala. Mar. 6, 2018); *Cent. Miss. Credit Corp. v. Vaughn*, No. 3:15-cv-00932-JAR, 2016 WL 7107769, at *1 (M.D. Ala. Dec. 6, 2016); *Russell-Brown v. Univ. of Fla.*, No. 1:09cv257-RH/GRJ, 2016 WL 9455126, at *1 (N.D. Fla. Oct. 21, 2016). Overall, "courts routinely grant parties' stipulations to vacate or revise non-final orders as part of the settlement approval process, including in class actions." *O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2016 WL 6997166, at *2 (N.D. Cal. May 2, 2016)

Here, the same circumstances present in *Hartford* warrant vacatur of the summary judgment order. First, the class settlement, which could not have been achieved without the parties

4

agreement to move for vacatur of the summary judgment order, provides benefits to the parties, the class, the Court, and the public as a whole, weighing heavily in favor of vacatur. Second, the non-final summary judgment order deals with state-law issues that relate to coverage issues applicable to insurance policy language specific to one insurer: GEICO, and is therefore of limited precedential value.

### A.     Vacating the Order Will Benefit the Parties, the Class, and the Public.

The vacatur of the summary judgment order is a material term of the parties' agreement to settle this matter. This is not a situation where the parties effectuate a settlement then one party seeks vacatur only after the settlement is final and the case dismissed. As in *Hartford*, the settlement here was negotiated after court-ordered mediation, and part of what allowed a settlement to be reached was the agreement to ask for an order vacating the prior summary judgment order. *Hartford*, 828 F.3d at 1336. Courts routinely grant vacatur in these circumstances. *See Regions Bank*, 2019 WL 848734, at *2 (granting vacatur); *Automated Sys.*, 2018 WL 6929258, at *1 (same); *Ctr. for Biological Diversity*, 2018 WL 6807397, at *1 (same); *Heartland*, 2018 WL 1913549, at *2 (same); *Cent. Miss. Credit Corp.*, 2016 WL 7107769, at *2 (vacating non-final order); *Russell-Brown*, 2016 WL 9455126, at *1 (same).

Moreover, the class settlement here provides additional benefits to the public beyond the preservation of judicial resources. As detailed in the motion for preliminary approval, the settlement would provide eligible class members with *full payment* of the amounts awarded in the summary judgment order *plus* an additional payment for branch fees, plus prejudgment interest.[1] Settlement Agreement ¶ 32, Dkt. No. 197-1. The settlement also provides relief for an expanded

---

[1] By filing this Motion, GEICO is not admitting that branch fees (or any other fee) are owed in settlement of a first-party auto total loss claim or waiving any argument that these fees are not owed.

5

class period beyond the class certified by the Court. And the settlement also provides for ongoing, prospective relief: Defendants have agreed to change their claims-handling practices to include payment of these amounts in settling future claims. *Id*. ¶ 67. The settlement agreement also clarifies that the limiting effect the *res judicata* of this case only to the fees at issue in this lawsuit. Because this settlement includes relief to the class beyond that awarded in the summary judgment order, it is beneficial to all parties to vacate the order and settle this matter.

**B.     There Is Minimal Potential Harm to the Public in the Form of Lost Precedent.**

As the Eleventh Circuit explained in *Hartford*, the public interest is not only or necessarily served by the preservation of precedent. *Hartford*, 828 F.3d at 1337. "Rather, the public interest is also served by settlements when previously committed judicial resources are made available to deal with other matters, advancing the efficiency of the federal courts." *Id.* As the court explained, a federal district court opinion on state contract law is of only "slight" precedential value, particularly where the legal issues are the subject of appeal. *Id*. at 1336. Accordingly, district courts continue to vacate such orders to effectuate settlement. *E.g.*, *Henns v. Mony Life Ins. Co. of Am.*, No. 5:11-cv-55-J-37TBS, 2012 WL 13059258, at *1 (M.D. Fla. June 13, 2012) ("The public interest served by a federal district court's resolution of a matter of Florida insurance law is outweighed by the beneficial effect of settlement of the dispute between these parties."); *Regions Bank*, 2019 WL 848734, at *1 (order dealt with state law and was of limited precedential value); *Heartland*, 2018 WL 1913549, at *2 (same).

Here, as in *Hartford*, *Henns*, *Regions Bank*, and *Heartland*, the order at issue deals with questions of state law as applied to the insurance contract specific to GEICO, and therefore has limited precedential value. Moreover, similar cases presently are pending in federal and state courts throughout Florida (and other states), including in the Eleventh Circuit that involve similar coverage issues. *See Roth v. GEICO Gen. Ins. Co.*, No. 19-11652-HH (11th Cir. appeal docketed

Apr. 25, 2019). The impending ruling from the Eleventh Circuit and the likelihood of future rulings from the Florida appellate courts on similar coverage issues weighs even stronger in favor of vacatur, particularly given the significant benefits of settlement to the class and the public.

## CONCLUSION

For these reasons, the parties' joint motion should be granted and the July 19, 2019, summary judgment order (Dkt. No. 185) should be vacated upon final approval of the proposed settlement.

Dated: December 19, 2019

    Respectfully submitted,

s/ Christopher J. Lynch
Christopher J. Lynch
**Christopher J. Lynch, P.A.**
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
clynch@hunterlynchlaw.com
lmartinez@hunterlynchaw.com

Tracy L. Markham
**Southern Atlantic Law Group, PLLC**
2800 N. 5th Street, Suite 302
St. Augustine, FL 32084
Telephone: (904) 794-7005
Facsimile: (904) 794-7007
tlm@southernatlanticlawgroup.com
pleadingsonly@southernatlanticlaw.com

Andrew Lampros
Christopher B. Hall
**Hall & Lampros, LLP**
400 Galleria Parkway, Suite 1150
Atlanta, GA 30339
Telephone: (404) 876-8100
Facsimile: (404) 876-3477
alampros@hallandlampros.com
chall@hallandlampros.com

s/ Kymberly Kochis
Kymberly Kochis (*pro hac vice*)
Alexander P. Fuchs (*pro hac vice*)
**Eversheds Sutherland (US) LLP**
1114 Avenue of Americas, 40th Floor
New York, New York 10036
Telephone: (212) 389-5068
Facsimile: (212) 389-5099
kymkochis@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com

Susan B. Harwood
Attorney at law
Florida Bar No.: 375667
**Kaplan Zeena LLP**
2 South Biscayne Blvd.
One Biscayne Tower, Suite 3050
Miami, FL 33131
Telephone: (305) 530-0800
Facsimile: (305) 530-0801
susan.harwood@kaplanzenna.com

*Attorneys for Defendants*
*GOVERNMENT EMPLOYEES*
*INSURANCE COMPANY, GEICO*
*GENERAL INSURANCE COMPANY, and*
*GEICO INDEMNITY COMPANY*

Edmund A. Normand
Jacob L. Phillips
**Normand Law PLLC**
62 W. Colonial Drive, Suite 209
Orlando, FL 32801
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
ed@ednormand.com
jacob@ednormand.com

Bradley W. Pratt
**Pratt Clay, LLC**
4401 Northside Parkway, Suite 520
Atlanta, GA 30327
Telephone: (404) 949-8118
Facsimile: (404) 949-8159
bradley@prattclay.com

*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **Joint Motion to Vacate Summary Judgment Order** was served via the Court's CM/ECF system on December 19, 2019, on all counsel or parties of record.

s/ Kymberly Kochis