IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ANTHONY COOK, MICAH BELLAMY, and MAURICE JONES, As Personal Representative and on behalf of the Estate of Kailyn Jones, each individually and on behalf of all others similarly situated, | CASE NO.: 6:17-cv-891-ORL- 40KRS |
| Plaintiffs, | |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY, | |
| Defendant. _____/ | |
| ANTHONY LORENTI and ASHLEY BARRETT, Individually and on behalf of all others similarly situated, | CASE NO.: 6:17-cv-1755-PGB- 40DCI |
| Plaintiffs, | |
| v. | |
| GEICO INDEMNITY COMPANY, | |
| Defendant. _____/ | |

**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT**

WHEREAS Plaintiffs Anthony Cook, Micah Bellamy, Maurice Jones, Anthony Lorenti, and Ashley Barrett (the "Named Plaintiffs"), individually and as Class Representatives on behalf of a proposed Settlement Class (collectively, "Plaintiffs"), and Defendants Government Employees Insurance Company, GEICO General Insurance Company, and

GEICO Indemnity Company (collectively, "GEICO"), acting by and through their respective counsel, have agreed, subject to Court approval, to settle this Action upon the terms and conditions stated in the Class Action Settlement Agreement filed with the Court on December 18, 2019 (the "Agreement");

NOW, THEREFORE, based upon the Agreement, all the files, records, and proceedings herein, statements of counsel, and it appearing to the Court that a hearing should be held to determine whether the Proposed Settlement described in the Agreement should be finally approved as fair, reasonable, and adequate;

IT IS HEREBY ORDERED THAT:

1. The Agreement (including Exhibits) is hereby incorporated by reference in this Order, and all terms defined in the Agreement will have the same meanings in this Order.

2. This Court possesses jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiffs and all Settlement Class Members.

3. The Court finds that the negotiations leading to the Agreement occurred at arm's length, there was sufficient discovery in this case prior to settlement, and the proponents of the settlement are experienced in similar litigation. The Court preliminarily approves the Agreement (including Exhibits), finding that the Proposed Settlement is fair, reasonable, and adequate to warrant providing notice to the Settlement Class. Such finding is not to be deemed an admission of liability or fault by GEICO or a finding of the validity of any claims asserted in the Action or of any wrongdoing by GEICO. Neither the Agreement, nor any of its terms or provisions, nor

any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Released Persons of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of the Released Persons.

4. This Court previously certified a class in this action. *See* Doc. 152. The Parties propose a Settlement Class defined, with some immaterial alterations, essentially the same as the Class previously certified by this Court, except that the Settlement Class includes additional insureds who suffered a total loss to their insured vehicle after the date of this Court's Order Granting Class Certification (Doc. 152) and through the date of the entry of this Order of Preliminary Approval. For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable and adequate, the following Settlement Class is preliminarily certified for settlement purposes only (and GEICO retains all rights to assert, if this settlement is not consummated, that this Court's previous Class Certification Order was incorrectly decided):

> All Florida policyholders who were insured for private-passenger auto physical damage coverage by Government Employees Insurance Company or GEICO General Insurance Company who suffered a first-party loss of a covered owned (i.e., not leased) vehicle at any time from May 17, 2012, through the date the Court enters the Preliminary Approval Order, whose claims were adjusted by a Defendant as a total-loss claim and resulted in payment by a Defendant of a covered claim, and who were not paid full Title, Tag and Branch Transfer Fees; and all Florida policyholders who were insured for private-passenger auto physical damage coverage by GEICO Indemnity Company who suffered a first-party loss of a covered owned (i.e., not leased) vehicle at any time from October 10, 2012, through the

      date the Court enters the Preliminary Approval Order, whose claims were adjusted by a Defendant as a total-loss claim and resulted in payment by a Defendant of a covered claim, and who were not paid full Title, Tag and Branch Transfer Fees.

5. Those excluded from the class are set forth in paragraph I. qq. in the Agreement.

6. Anthony Cook, Micah Bellamy, Maurice Jones, Anthony Lorenti, and Ashley Barrett are preliminarily appointed representatives of the Settlement Class ("Class Representatives"), and the following attorneys are preliminarily appointed as counsel for the Settlement Class ("Class Counsel"):

Edmund Normand, Esq.
Normand PLLC
3165 McCrory Place, Suite 175
Orlando, FL 32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
Ed@ednormand.com

Jacob Phillips, Esq.
Normand PLLC
3165 McCrory Place, Suite 175
Orlando, FL, 32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
Jacob.phillips@normandpllc.com

Christopher J. Lynch
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
clynch@hunterlynchlaw.com

Christopher B. Hall
Hall & Lampros, LLP
400 Galleria Parkway, Suite 1150
Atlanta, Georgia 30339

Phone:  (404) 876-8100
Facsimile:  (404) 876-3477
chall@hallandlampros.com

Andrew Lampros
Hall & Lampros, LLP
400 Galleria Parkway, Suite 1150
Atlanta, Georgia 30339
Phone:  (404) 876-8100
Facsimile:  (404) 876-3477
alampros@hallandlampros.com

Tracy L. Markham
Southern Atlantic Law Group, PLLC
2800 N. 5th Street, Suite 302
St. Augustine, Florida 32084
Phone:  (904) 794-7005
Facsimile: (904) 794-7007
tlm@southernatlanticlawgroup.com

Bradley W. Pratt
Pratt Clay, LLC
4401 Northside Parkway, Suite 520
Atlanta, Georgia 30327
Telephone:  (404) 949-8118
Facsimile:  (404) 949-8159
bradley@prattclay.com

7. Courts should make a preliminary inquiry into the Rule 23 requirements prior to preliminarily approving a proposed Settlement Class.  *See, e.g.*, *Legg v. E-Z Rent a Car, Inc.*, 2015 U.S. Dist. LEXIS 178022, at *3-4 (M.D. Fla. May 28, 2015) (Byron, J.) (addressing Rule 23 factors in preliminary approval Order).  The Court briefly addresses each factor and, for purposes of settlement, finds that the Proposed Settlement Class is suitable for class treatment.

8. For purposes of Settlement, the Named Plaintiffs possess Article III standing and the proposed Settlement Class is adequately defined and ascertainable.  The Settlement

5

Class is adequately defined because the class definition is clear and precise, is based on objective criteria, and, because it only includes insureds who also suffered redressable harm, it is not overbroad. *See Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003) (class definition should not be overly broad, amorphous, or vague). The Class is ascertainable because the Parties agree to identify the members of the Settlement Class based on objective criteria from Defendants' records and objective title information. *See Alderman v. GC Servs. L.P.*, 2018 U.S. Dist. LEXIS 10205, at *10 (S.D. Fla. Jan. 19, 2018) (class was clearly ascertainable because members had already been identified). Thus, for purposes of settlement, the threshold requirements for class certification – standing, adequate definition, and ascertainability – are satisfied.

9. For purposes of settlement, the Class is sufficiently numerous (comprised of over 200,000 members), there are questions of law and fact common to the Settlement Class (including whether the insurance policies were breached by failure to pay title and registration transfer fees) and Plaintiffs' claims are typical of the Settlement Class (all of whom claim breach by GEICO's failure to pay title and registration transfer fees). In addition, both Plaintiffs and Class Counsel are adequate representatives of the Settlement Class. Thus, the requirements to certify a class prescribed by Rule 23(a) are satisfied as to the Settlement Class for purposes of settlement. *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187-88 (11th Cir. 2003) (to certify a class, Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy must be satisfied).

10. For purposes of settlement, the Settlement Class is certifiable under Rule 23(b)(3) because, for purposes of preliminarily approving the Settlement Class, common issues predominate over individual issues and class treatment is superior to other alternatives for adjudicating the claims at issue. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (predominance and superiority requirements must be met to certify a class under Rule 23(b)(3)).

11. GEICO maintains all defenses to certification and this Order shall not be used as evidence or be interpreted in any way to be relevant to whether a litigation class should have been certified for class treatment.

12. The Parties have prepared the Mail Notice Form, E-Mail Notice Forms, Longform Notice, Claim Form, and Electronic Claim Form (including blank forms of both), which have been submitted to the Court as Exhibits 2 through 6 to the Agreement. The Court carefully reviewed and hereby approves the Mail Notice Form, E-Mail Notice Forms, Longform Notice, Claim Forms and Electronic Claim Forms without material alteration from those attached to the Agreement as Exhibits 2 through 6 including, with respect to the functionality of the Electronic Claim Form, as further described the Agreement, unless otherwise modified by agreement of the Parties and approved by the Court.

13. The Court directs that the Notices and Claim Forms be sent to the Persons described, and in the manner set forth, in the Agreement, including the procedures set forth for Notices that are returned as undelivered or due to an incorrect current address.

14. To be timely, Claim Forms must be postmarked on or before the Claims Submission Deadline, which is [date] (ninety (90) days after the Mail Notice Date). Any Claim Form postmarked after the Claims Submission Deadline shall be deemed untimely. The Electronic Claim Form must be submitted electronically on or before 11:59 p.m. on the date of the Claims Submission Deadline, after which the Settlement Administrator shall deactivate the Electronic Claim Form.

15. KCC Class Action Services, LLC ("KCC") is preliminarily appointed as the third-party Settlement Administrator.

16. In addition to mailing the Notice as set forth above, the Settlement Administrator shall establish a website as described in the Agreement and upload to the Website the Agreement, Longform Notice, Mail Notice, Claim Form, Electronic Claim Form (with the functionality provided for in the Agreement), Preliminary Approval Order, frequently asked questions, and other information agreed to by the Parties; the website shall be maintained for at least 180 days after the Claims Submission Deadline. The website shall also contain Spanish translations of the Notice and Claim Form. Furthermore, the Settlement Administrator shall maintain a toll-free IVR telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to access a live person.

17. The Class Action Fairness Act Notice to be made by the Settlement Administrator on behalf of GEICO as set forth in Paragraph 30 is in full compliance with 28 U.S.C. § 1715(b).

18. The costs of providing the dissemination of notice for administration of the Settlement, including the costs of KCC, the Settlement Administrator, shall be borne by GEICO.

19. The Court preliminarily finds that the notice provided to potential Settlement Class Members (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated to apprise Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the Proposed Settlement; and (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice. *See* Fed. R. Civ. P. 23(c)(2).

20. Preliminary approval of a class action settlement "is not binding, and it is granted unless a proposed settlement is obviously deficient." *Smith v. Wm. Wrigley Jr. Co.*, 2010 U.S. Dist. LEXIS 67832, *6 (S.D. Fla. June 15, 2010). However, courts must make an initial analysis and ensure that, as a preliminary matter, the terms of the settlement are not clearly deficient based on, *inter alia*, the factors prescribed by the Eleventh Circuit Court of Appeals. *See Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 n. 6 (11th Cir. 1994) (outlining six factors). These factors, however, are "neither determinative nor exhaustive, and the court may consider other relevant factors based on the particular nuances of the case and the settlement proposed." *Palmer v. Dynamic Recovery Solutions, LLC*, 2016 U.S. Dist. LEXIS 59229 (M.D. Fla. May 4, 2016) (citations omitted).

21. Based upon a preliminary analysis, and without foreshadowing final analysis after implementation of the Notice and review of any objections, this Court finds that the terms of the Proposed Settlement appear fair, reasonable, and adequate to the

Settlement Class, and are not obviously deficient, for the reasons, among others, that follow.

22. First, the likelihood of Settlement Class Members' ultimately achieving success after all potential appeals of judgment and class certification is uncertain. While the Court previously granted Plaintiffs' motion for class certification, and granted Plaintiffs' motion for summary judgment and denied GEICO's motion for summary judgment, this Court recognizes that other courts can and have disagreed (including one Florida circuit court), that a similar case is currently pending on appeal before the Eleventh Circuit, that GEICO maintains that it possesses meritorious defenses concerning both summary judgment and class certification, and that appellate review of the Court's Summary Judgment Order would be *de novo*. *See Curves, LLC v. Spalding County*, 685 F.3d 1284, 1288 (11th Cir. 2012).

23. Every case includes a risk that the appellate court will disagree with the trial court, particularly where, as here, there is no appellate opinion directly on point, and no direct guidance from the Florida Supreme Court nor any Florida appellate court.

24. Having found that the chances of ultimate success on appeal are uncertain, the Court now turns to the value secured through the Settlement Agreement. *See Palmer*, 2016 U.S. Dist. LEXIS 59229 (comparing likelihood of success to value secured for the Class). The Court preliminarily finds that value of the Settlement is significant. First, the Settlement secures the full relief sought in the Complaint. The Settlement provides for the amount awarded by the Court in its prior Summary Judgment Order, plus an additional $0.50. *See Saccoccio v. JP Morgan Chase Bank*, N.A., 297 F.R.D. 683, 693

(S.D. Fla. 2014) (finding significant that settlement afforded more relief than likely would have been secured at trial). Second, the Notice plan as ordered by this Court is robust and the claims' submission process is extremely simple, both of which are relevant to the fairness of the Agreement. *See Braynen v. Nationstar Mortg., LLC*, 2015 U.S. Dist. LEXIS 151744, at *56 (S.D. Fla. Nov. 9, 2015) (robust notice plan is evidence terms of settlement are fair and reasonable); *Wilson v. EverBank*, 2016 U.S. Dist. LEXIS 15751, at *32-33 (finding significant that class members need not submit any additional evidence or documentation beyond merely "checking a box" which "should take no more than a few minutes for the average claimant to complete"). Third, the Settlement provides for prospective relief with a change in GEICO's practices. Fourth, the Settlement provides an expanded class period.

25. The Court has considered that the Settlement is structured as a claims made settlement, and this structure does not undermine this Court's preliminary finding that the terms of the Proposed Settlement are fair, reasonable and adequate. *See Hamilton v. SunTrust Mortg. Inc.*, 2014 U.S. Dist. LEXIS 154762, at *18 (S.D. Fla. Oct. 24, 2014) (whether settlement is a claims-made structure or a direct-pay structure does not impact "fairness, reasonableness, or adequacy of proposed settlement."); *Casey v. Citibank, N.A.*, 2014 U.S. Dist. LEXIS 156553, at *6 (N.D. N.Y. Aug. 21, 2014) ("The Court does not have the authority to impose a preferred payment structure upon the settling parties"). While a "claims-made" structure may result in less individual class members receiving payment, it also results in each individual class member who submits a claim receiving a greater payment. *See Lee v. Ocwen Loan Servicing*, LLC, 2015 U.S. Dist.

LEXIS 121998, at *57 (S.D. Fla. Sep. 14, 2015).  This Court sees no reason why the recovery of Class Members who take the step for their own benefit of submitting a claim should be sacrificed for the benefit of Class Members who, even with robust Notice and a simple claims process for which postage is pre-paid and forms are predominantly pre-filled, decline to submit a claim.  *Id*. ("[n]egotiating for a smaller amount to go to Class Members would, in effect, unfairly reward some Class Members for their own indifference at the expense of those who would take the minimal step of returning the simple Claim Form to receive the larger amount.").

26. Defendants made clear they would not have settled the case on a direct-pay model, and would have appealed this matter to the Eleventh Circuit Court of Appeals.  This further convinces the Court that a claims made structure does not undermine the fairness, reasonableness, or adequacy of the Settlement.  *See Montoya v. PNC Bank, N.A.*, 2016 U.S. Dist. LEXIS 50315, at *49 (S.D. Fla. Apr. 13, 2016) (claims-made settlement offered the best and "only real relief" possible in settlement because defendants "would not have agreed" to direct-pay structure). In sum, given the damages secured, the fact that Defendants agree under the Proposed Settlement to change its business practices, the robust Notice plan, and the simple claims' submission process, this Court preliminarily finds that the terms of the Proposed Settlement appear sufficiently fair, reasonable, and adequate to provide Notice, provide Class Members the opportunity to request exclusion or object to the terms, and schedule a Fairness Hearing to fully analyze the Proposed Settlement and determine whether to grant final approval.

27. The Parties also jointly moved to vacate this Court's previous summary judgment Order (Docket Entry 185), contingent on this Court granting final approval of the Settlement Agreement after the Notice period and after the period during which Class Members may object or request exclusion. Vacatur requires this Court to "determine the propriety of granting vacatur by weighing the benefits of settlement to the parties and to the judicial system (and thus to the public as well) against the harm to the public in the form of lost precedent." *See Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1336 (11th Cir. 2016). As a preliminary matter, the Court finds that, because the previous Summary Judgment Order addressed issues relating to the application of Florida state law to the GEICO-specific insurance policies (and are therefore non-binding in cases pending in Florida state court) and given the Settlement was achieved pursuant to Court-ordered mediation, the benefits of settlement likely outweigh the harm to the public in the form of lost precedent if the Court's previous summary judgment Order (Docket Entry 185) is vacated. However, because vacatur is contingent on final approval of the settlement – and because the necessary benefit-weighing analysis necessarily assumes effectuation of the settlement – the Court will postpone a final decision concerning its vacatur of the Summary Judgment Order until such time that the Court has ruled on the Motion for Final Approval of the Settlement Agreement.

28. Potential Settlement Class Members who wish to exclude themselves from the Settlement Class must submit timely, written requests for exclusion as set forth in the Agreement and Notice. The request must be postmarked no later than 30 days after the

Mail Notice Date. *See Greco v. Ginn Dev. Co., LLC*, 635 Fed. Appx. 628, 634 (11th Cir. 2015) (*citing* 2 *McLaughlin on Class Actions* § 6:18 (11th ed.) ("Courts have consistently held that 30 to 60 days between the mailing (or other dissemination) of class notice and the last date to object or opt out, coupled with a few more weeks between the close of objections and the settlement hearing, affords class members an adequate opportunity to evaluate and, if desired, take action concerning a proposed settlement.")). Requests for exclusion must be exercised individually by the Settlement Class Member or his or her Legally Authorized Representative, and not as or on behalf of a group, class, or subclass. *See Whitehead v. Advance Stores Co.*, 2017 U.S. Dist. LEXIS 2673, at *9 (M.D. Fla. Jan. 9, 2017) (Dalton, J.) (directing that opt-outs must be individually signed and include pertinent identifying information).

29. No later than 10 days before the Fairness Hearing, the Settlement Administrator shall file proof of mailing of the Notice, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit or declaration attesting to the accuracy of the Opt-Out List.

30. Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Notice and Agreement shall be excluded from the Settlement Class. Such Persons shall have no rights under the Proposed Settlement, shall not share in any distribution of funds under the Proposed Settlement, and shall not be bound by the Proposed Settlement or by any Final Order and Judgment approving the Proposed Settlement. *See In re Managed Care Litig.*, 2008 U.S. Dist. LEXIS 44261, at *32 (S.D. Fla. Jun. 4, 2008) (class members who opt-out of class are not bound by any decisions

or rulings concerning the class). All Settlement Class Members who do not submit a timely, written request for exclusion in the manner set forth in the Notice and Agreement are bound by any Final Order and Judgment entered, even if such Settlement Class Members never received actual notice of this Action or this Proposed Settlement, or never submitted a claim pursuant to the Proposed Settlement. *See Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012) (due process does not require actual notice, but rather good-faith effort to provide actual notice). If a Final Order and Judgment is entered approving the Proposed Settlement, all Settlement Class Members who have not made timely, written requests for exclusion shall be conclusively deemed to have fully and finally released all Released Persons, as defined in the Agreement, from any and all Released Claims, as defined in the Agreement.

31. Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Settlement Class Members who choose to object to the Proposed Settlement must file written notices of intent to object or intervene, as described in the Agreement and below. Any Settlement Class Member who has timely filed an objection in compliance with the Agreement and this Order may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent allowed by the Court. The right to object to the Proposed Settlement must be exercised individually by an individual Settlement Class Member or his or her attorney or his or her Legally Authorized Representative, and not as a member of a group, class, or subclass.

32. To be timely, any objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than thirty (30) days after the Mail Notice Date.

33. A notice of intent to object to the Proposed Settlement must also:

    a. Contain a heading which includes the name of the case and case number;

    b. Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

    c. Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

    d. Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney. If the Settlement Class Member is represented by an attorney, he or she must comply with all applicable rules of the Court; and

    e. State whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel.

34. A lack of substantial compliance with these requirements may result in the objection not being considered by the Court. *See, e.g.*, *Sanchez-Knutson v. Ford Motor Co.*, 2017 U.S. Dist. LEXIS 96560, at *12-13 (S.D. Fla. Jun. 20, 2017) (objectors must comply with requirements imposed by courts, including requirement to list proposed settlements to which they or their counsel have previously objected).

35. In addition, a notice of intent to object should contain the following additional information, if the Settlement Class Member or his/her or its attorney requests permission to speak at the Fairness Hearing:

    a. A detailed statement of the specific legal and factual basis for each objection;

    b. A list of any and all witnesses whom the Settlement Class Member may seek to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony;

    c. A list of any legal authority the Settlement Class Member will present at the Fairness Hearing; and

    d. Documentary proof of membership in the Settlement Class.

36. A lack of substantial compliance with these requirements may result in the Court declining the Settlement Class Member or his/her or its attorney permission to speak or present evidence or testimony at the Fairness Hearing. *Id.*

37. The Court directs the Settlement Administrator to rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and provides that only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in the Agreement or by further order of the Court. The Court also directs the Settlement Administrator promptly to furnish Class Counsel and Counsel for GEICO copies of any and all objections, written requests for exclusion, motions to intervene, notices of intention to

appear, or other communications that come into its possession, as set forth in the Agreement.

38. The Parties are directed to exchange data and provide data to the Settlement Administrator consistent with the methods and timing set forth in the Agreement to facilitate the sending of Notice within the deadlines set forth in the Schedule below.

39. The Court will hold a Fairness Hearing on [date] at [time] at the [location]. During the Fairness Hearing, the Court will consider whether the proposed settlement described in the Agreement should be approved as fair, reasonable, and adequate, and whether the Court should enter the proposed Final Order and Judgment approving the Proposed Settlement and dismissing this Action on the merits, with prejudice.  The Court will also consider the amount of any Attorneys' Fee Award and whether to make and the amount of any Service Awards to the Named Plaintiff.  Class Counsel is directed to file any application for attorneys' fees, costs, and incentive awards within fifteen (15) days after the deadline to request exclusion or file a Notice of Intent to object to settlement agreement.  The Settlement Administrator is directed to post any such application to the Settlement Website.

40. The Fairness Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to Settlement Class Members other than on the settlement website and the Court's publicly-available docket.  The Court further reserves the right to enter a Final Judgment and Order dismissing the Action with prejudice as to GEICO and against the Named Plaintiffs and the Settlement Class Members at or after the Final Approval Hearing and without further notice to the Settlement Class Members.

41. Based upon the terms of the Agreement, and based upon today's date of [date], on which this Preliminary Approval Order is being entered, the Court imposes the following schedule for implementation of the Notice plan and further proceedings to determine whether the Proposed Settlement should be fully and finally approved:

| # | Action | Deadline |
|---|--------|----------|
| 1 | Website Notice Posted by Settlement Administrator | [date] (60 days before the Fairness Hearing, but no less than one hundred (100) days from today's date) |
| 2 | Deadline for Settlement Administrator to mail out direct mail notice ("Mail Notice Date") | [date] (60 days before the Fairness Hearing, but no less than one hundred (100) days from today's date) |
| 3 | Deadline for Settlement Class Members to opt-out of the Agreement | Thirty (30) days after the Mail Notice Date set forth above |
| 4 | Deadline for submission of Notice of Intent to object to agreement | Thirty (30) days after the Mail Notice Date set forth above |
| 5 | Deadline for Settlement Class Members to file claims. | [date] (ninety (90) days after the Mail Notice Date set forth above) |
| 6 | Deadline for Class Counsel to file their Motion for Final Approval of the Settlement, application for attorneys' fees, costs and expenses, and for a service award for each Plaintiff | Fifteen (15) days after the deadline to request exclusion or file Notice of Intent to object to agreement |
| 7 | Deadline for Settlement Administrator to file proof of completion of Notice, along with complete and accurate Opt-Out list | [date] (which is ten (10) days before the Fairness Hearing) |
| 8 | Fairness Hearing | Month, Date, Year at Time (which is approximately 30 days after the deadline to |

|  |  | request exclusion or file a Notice of Intent to object and approximately 160 days after entry of this Preliminary Approval Order) |
|---|---|---|

42. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

43. The Court stays all proceedings in this Action until further Order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement or effectuate the Agreement.

IT IS SO ORDERED this 6th Day of January 2020.

*[signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE