IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY COOK, MICAH BELLAMY, and MAURICE JONES, As Personal Representative and on behalf of the Estate of Kailyn Jones, each individually and on behalf of all others similarly situated,

  Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY,

  Defendant.
_____/

CASE NO.: 6:17-cv-891-ORL- 40KRS

ANTHONY LORENTI and ASHLEY BARRETT, Individually and on behalf of all others similarly situated,

  Plaintiffs,

v.

GEICO INDEMNITY COMPANY,

  Defendant.
_____/

CASE NO.: 6:17-cv-1755-PGB- 40DCI

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE AND APPROVAL TO PROVIDE SUPPLEMENTAL NOTICE FOR 268 CLAIMS COMPRISING LESS THAN ONE-TENTH OF ONE PERCENT OF THE NOTICED CLASS**

Plaintiffs Anthony Cook, Maurice Jones, Micah Bellamy, Anthony Lorenti, and Ashley Barrett (together "Plaintiffs"), individually and on behalf of the certified class, respectfully request that the Court grant leave to provide, and approve the form of, supplemental notice for 268 claims. These 268 claims were inadvertently omitted from the class list of 287,441 claims for which notice was provided on April 17, 2020, and they are less than one-tenth of one percent (0.1%) of the total class size. The form of the supplemental notice, which is attached as Exhibit A, is substantially the same as the mailed notice previously approved by this Court (except as indicated in this motion). Plaintiffs also would send an email notice in the same form as already approved by the Court within three days of the supplemental mailed notice. This motion is unopposed by Defendants.

Class notice was provided on April 17, 2020 for 287,441 claims. This notice set an opt-out and objection deadline of May 18, 2020, and a claims-filing deadline of June 10, 2020. The fairness hearing is scheduled for June 17, 2020. Plaintiffs request leave to provide supplemental notice for 268 claims ("Supplemental Claims"). Matching the claims-filing deadline in the original notice, this supplemental notice will set June 10, 2020 as the deadline for the claimants to file a claim, opt-out, and object. If notice is approved to be made May 11, 2020, the supplemental notice will provide 30 days to file a claim, opt out, or object. Plaintiffs request that the Claims Administrator be permitted to file a complete and accurate Opt-Out list for the Supplemental Claims two days before the fairness hearing.[1]

---

[1] This request does not change any other deadlines set by the Court or deadlines for responding to the notice sent to the 287,441 previously noticed claims. The Claims Administrator will provide the opt-out list for the 287,441 claims ten days before the hearing as directed by the Court and will provide the Court with any opt outs from the list of 268 Supplemental Claims two days before the hearing.

1

If it pleases the Court to approve this unopposed motion before noon on Monday, May 11, 2020, Plaintiffs will send notice on that same date. Regardless of the date the Court grants this unopposed motion, Plaintiffs are prepared to provide supplemental notice within 24 hours of receiving Court approval. Plaintiffs respectfully request that the Court grant approval for notice to be sent on the earliest available day (depending on date of approval) between May 11 and May 14, 2020.

Courts regularly permit supplemental notice for claims that are inadvertently excluded from an original class list. *See, e.g., Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 248-49 (E.D.N.Y. 2010) (holding supplemental notice proper where, after the fairness hearing, counsel discovered a small percentage of class members who did not receive notice, reasoning that supplemental notice was thereafter properly sent and late opt-outs would be valid and timely for this small percentage of class members).

If Court approval cannot be had to allow the requested May 11, 2020 notice date, supplemental notice sent on any day during the period from May 11 through May 14 will still comply with notice requirements for this very small percentage of the class under applicable case law. For example, notice on May 14 still would provide 27 days within which to submit a claim, objection, or opt out. There is no requirement that a small group of claims identified after initial notice is sent receive the same time periods as the prior group of claims for responding to class notice, and, indeed, many courts have approved supplemental notice schedules similar to the one requested here. *See, e.g., Silber v. Mabon*, 18 F.3d 1449, 1452 (9th Cir. 1994) (holding the time period to respond to notices need not be the same where 5,000 class members, potentially 83%, received their notice after the first wave of mailings,

reasoning that even where some class members were mailed notice 6 days prior to the opt-out deadline and only 20 days prior to the fairness hearing such was the best notice practicable under the circumstances). For example, in *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 946 (10th Cir. 2005), the court held that the time period to respond to notices need not be the same. In *DeJulius*, some class members (potentially 70.7%) received their notice in a second wave of mailings, including some who may have received notice as many as 14 days prior to the objection deadline, and some potentially after the deadline for objections or the settlement hearing. *Id*. The court observed that this did not present a problem because "the initial and secondary rounds of mailings were sufficient to flush out any objections that might arise to the fairness of the settlement" even where some class members did not receive notice in time to object. *Id*. Finally, the court noted that in "*Sibler*, the court found the notice scheme to be sufficient even when it was undisputed that 1,000 of the notices, or approximately seventeen percent, were sent out *after* the deadline." *Id*. at 947 (internal citation omitted). *See also Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (holding the time period to respond to notices need not be the same where some class members, potentially 33%, received notice late because the notice had to be passed onto them, reasoning the notice was adequate even where members had less than 31 days prior to the opt-out deadline and 45 days prior to the fairness hearing to respond) (notably, the mailing of notices to shareholder class members continued even after the deadline to object).

In sum, Plaintiffs' proposal of a 30-day period (or a period between 27 and 30 days, depending on the date of approval) for this very small percentage of claimants to respond to the supplemental notice is well within the time periods permitted by federal courts for such

3

notice. *See Hanley v. Tampa Bay Sports & Entm't LLC*, 2020 WL 357002, at *5 (M.D. Fla. Jan. 7, 2020) (approving an opt-out period of 27 days); *see also Picton v. Greenway Chrysler-Jeep-Dodge, Inc.*, 2019 WL 8014504, at *6 (M.D. Fla. Dec. 27, 2019) (approving an opt-out period of 28 days).

For the foregoing reasons, Plaintiffs respectfully request leave to:

(a) send supplemental postcard notice in the form attached as Exhibit A for the 268 Supplemental Claims, to be followed within three days by an email notice in the same form as already approved by the Court;

(b) set a June 10, 2020 deadline for supplemental class members to file a claim, opt-out, and object relating to the Supplemental Claims only (all other deadlines remain unchanged); and

(c) permit the settlement administrator to submit a list of opt-outs relating only to the Supplemental Claims two days before the fairness hearing.

Dated: May 7, 2020.

Respectfully submitted,

/s/ *Christopher B. Hall*
Christopher B. Hall
Andrew Lampros
Hall & Lampros, LLP
400 Galleria Parkway, Suite 1150
Atlanta, GA 30339
Telephone: (404) 876-8100
Facsimile: (404) 876-3477
alampros@hallandlampros.com
chall@hallandlampros.com

Christopher J. Lynch

4

        5

**Christopher J. Lynch, P.A.**
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
clynch@hunterlynchlaw.com
lmartinez@hunterlynchaw.com

Tracy L. Markham
**Southern Atlantic Law Group, PLLC**
2800 N. 5th Street, Suite 302
St. Augustine, FL 32084
Telephone: (904) 794-7005
Facsimile: (904) 794-7007
tlm@southernatlanticlawgroup.com
pleadingsonly@southernatlanticlaw.com

Edmund A. Normand
Jacob L. Phillips
**Normand Law PLLC**
P.O. Box 140036
Orlando, FL 32814
Telephone: (407) 603-6031
Facsimile: (509) 267-6468
ed@ednormand.com
jacob@ednormand.com

Bradley W. Pratt
**Pratt Clay, LLC**
4401 Northside Parkway, Suite 520
Atlanta, GA 30327
Telephone: (404) 949-8118
Facsimile: (404) 949-8159
bradley@prattclay.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using CM/ECF system this 8th day of May 2020. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in the some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Respectfully submitted,
    */s/ Christopher B. Hall*